## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| UNIVERSAL BUILDING PRODUCTS, INC., | Case No. 10-12453 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| ACCUBRACE, INC., | Case No. 10-12454 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| DON DE CRISTO CONCRETE ACCESSORIES, INC., | Case No. 10-12455 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| FORM-CO, INC., | Case No. 10-12456 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| UNIVERSAL FORM CLAMP, INC., | Case No. 10-12457 (___) |
| Debtor. | Joint Administration Requested |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES PURSUANT TO FED. R BANKR. P. 1015(B) AND LOCAL RULE 1015-1

The above-captioned debtors and debtors in possession (collectively, the "*Debtors*")

hereby move this Court (the "*Motion*"), by and through their proposed undersigned counsel, for

entry of an order granting joint administration of their respective chapter 11 cases pursuant to Rule 1015(B) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"). In support of this Motion, the Debtors respectfully state as follows:[1]

## Jurisdiction

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 1015(b) of the Bankruptcy Rules, and Rule 1015-1 of the Local Rules.

## Background

3.      On the date hereof (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Cases*"). The Debtors are functioning as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      Collectively, the Debtors operated one of the largest privately-owned concrete form and accessory manufacturing businesses in North America, manufacturing and delivering a complete assortment of premium concrete accessories to residential and commercial construction projects. As further discussed in the First Day Declaration, the Debtors' business has significantly diminished since 2007 in light of the downturn in the construction industry. As a

---

[1]      The facts and circumstances supporting this Motion are set forth in the *Declaration of Gregory D. Waller, Chief Financial Officer of Universal Building Products, Inc., in Support of First Day Motions (the "First Day Declaration"*), filed contemporaneously herewith.

2

result of severe contractions in their liquidity position, the Debtors have determined that a chapter 11 bankruptcy presents the most efficient strategy for resolving the Debtors' financial affairs. As of the close of business on August 3, 2010, only Debtors Accubrace, Inc. and Form-Co., Inc. continue to conduct business, and will continue to do so in the Chapter 11 Cases subject to any cash collateral or other financing orders approved by the Court. As further discussed in the First Day Declaration, the Debtors will be seeking to conduct an efficient bidding process to sell substantially all of their assets and seek confirmation and consummation of a liquidating chapter 11 plan.

### Relief Requested

5.      In order to optimally and economically administer the Debtors' pending Chapter 11 Cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to Universal Building Products, Inc. (Case No. 10-12453). Pursuant to Bankruptcy Rule 1015(b), "(i)f . . . two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b); see also Local Rule 1015-1. The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

6.      Many of the motions, hearings, and orders that will arise in the Chapter 11 Cases will jointly affect each Debtor. By jointly administering the Chapter 11 Cases, the Debtors will be able to reduce fees and costs resulting from the administration of the Chapter 11 Cases and ease the onerous administrative burden of having to file multiple and duplicative documents.

7.      Further, the rights of the Debtors' respective creditors will not be adversely affected by the joint administration of the Chapter 11 Cases because this Motion requests only administrative, not substantive, consolidation of the estates. As a result of the relief requested

3

herein, all of the Debtors' creditors will benefit from the reduced costs of such joint administration. This Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the United States Trustee will be simplified.

8.      Based on the foregoing, the joint administration of the Chapter 11 Cases is in the best interests of the Debtors, their creditors and equity security holders, and all parties in interest. Accordingly, the Debtors request that the caption of the Chapter 11 Cases be modified to reflect the joint administration of such cases, as follows:

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| UNIVERSAL BUILDING PRODUCTS, INC., *et al.*,[1] | Case No. 10-12453 (___) |
| Debtors. | Jointly Administered |

9.      The Debtors also request that a docket entry be made in each of the above-captioned cases substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of Universal Building Products, Inc., Case No. 10-12453 (___); Accubrace, Inc., Case No. 10-12454 (___); Don De Cristo Concrete Accessories, Inc., Case No. 10-12455 (___); Form-Co, Inc., Case No. 10-12456 (___); and Universal Form Clamp, Inc., Case No. 10-12457 (___). The docket in Case No. 10-12453 (___) should be consulted for all matters affecting the above listed cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Universal Building Products, Inc. (7884); (ii) Accubrace, Inc. (3418); (iii) Don De Cristo Concrete Accessories, Inc. (7547); (iv) Form-Co, Inc. (0079); and (v) Universal Form Clamp, Inc. (3003). The address of the Debtors' corporate headquarters is 15172 Goldenwest Circle, Westminster, California 92683.

4

10. Finally, the Debtors request that the Court enter an order that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against whom such claim is asserted, and not in the jointly administered case.

11. Joint administration is generally non-controversial, and courts in this jurisdiction and others routinely order joint administration in multiple related cases. *See, e.g., In re U.S. Concrete, Inc.*, No. 10-11407 (PJW) (Bankr. D. Del. 2010); *In re Stallion Oilfield Services Ltd.*, No. 09-13562 (BLS) (Bankr. D. Del. Oct. 20, 2009); *In re Visteon Corp.*, No. 09-11786 (CSS) (Bankr. D. Del. May 29, 2009); *In re Masonite Corp.*, Case No. 09-10844 (PJW) (Bankr. D. Del. Mar. 17, 2009); *In re Muzak Holdings, LLC*, No. 09-10422 (KJC) (Bankr. D. Del. Feb. 12, 2009); *In Portola Packaging, Inc.*, No. 08-12001 (CSS) (Bankr. D. Del. Aug. 29, 2008).

## Notice

12. Notice of this Motion has been given to (a) the Office of the United States Trustee, (b) counsel to the Agent for the Debtors' prepetition secured lenders, (c) the Debtors' largest thirty (30) unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions, (d) the Office of the United States Attorney for the District of Delaware, and (e) the Internal Revenue Service. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

13. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request the entry of an order: (a) authorizing the joint administration of the Chapter 11 Cases under the case number assigned to Universal Building Products, Inc.; (b) requiring that any creditor filing a proof of claim against any of the

5

Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against whom such claim is asserted; and (c) granting such other and further relief as the Court deems appropriate.

Dated: August 4, 2010

K&L GATES LLP
Harley J. Goldstein
Sven T. Nylen
70 West Madison Street, Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000

-and-

SAUL EWING LLP

Mark Minuti (DE Bar No. 2659)
Teresa K.D. Currier (DE Bar No. 3080)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873

-and-

MaryJo Bellew (DE Bar No. 4519)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7144
Facsimile: (215) 972-2292

*Proposed Co-Counsel for Debtors and Debtors in Possession*

6