**EXHIBIT B**

**DIP GUARANTY**

**[see attached]**

# GUARANTY

GUARANTY (this "Guaranty"), dated as of August 3, 2010 by the undersigned parties (the "Guarantors") in favor of UBP Acquisition Corp. (together with its successors and assigns "Payee").

FOR VALUE RECEIVED, and in consideration of any loans, advances, payments, extensions of credit and/or other financial accommodations, now or hereafter made, granted or extended by Payee pursuant to that certain Senior Secured, Super-Priority Debtor-In-Possession Promissory Note executed by Universal Building Products, Inc. (the "Maker"), Don De Cristo Concrete Accessories, Inc., Universal Form Clamp, Inc., Form-Co. Inc., and Accubrace, Inc. in favor of the Payee (as amended, modified, extended, supplemented, renewed or restated, the "Note"; all capitalized terms used and not otherwise defined in this Guaranty shall have the respective meanings ascribed to them in the Note), and in consideration of any obligations, now or hereafter incurred by Maker to Payee, the undersigned hereby absolutely and unconditionally guarantees to Payee the prompt and complete payment when due in accordance with its terms (whether by reason of demand, maturity, acceleration or otherwise) of any and all of Maker's Obligations (including the DIP Obligations) to Payee of every kind and character, now existing or hereafter arising, absolute or contingent, joint or several or joint and several, secured or unsecured, due or not due, direct or indirect, expressed or implied in law, contractual or tortious, liquidated or unliquidated, at law or in equity, or otherwise, and whether now or hereafter incurred or given by the Maker as principal, surety, endorser, guarantor or otherwise, and whether created directly or acquired by Payee by assignment or otherwise (collectively, the "Guaranteed Indebtedness"). The Guarantors obligations hereunder are made jointly and severally with each other.

Notice of the acceptance of this Guaranty, and of the incurrence of any of the Guaranteed Indebtedness, and presentment, demand for payment, notice of dishonor, protest, notice of protest and of default by the Maker are hereby waived by the Guarantors. The Guarantors hereby agree that (a) this Guaranty is a guaranty of payment and not of collection and the obligations of the Guarantors under this Guaranty may be enforced directly against the Guarantors independently of and without proceeding against the Maker and/or any other guarantor(s) of any or all of the Guaranteed Indebtedness or foreclosing any collateral pledged to Payee and (b) Payee may from time to time in their sole and absolute discretion, without notice to or consent of the Guarantors and without releasing the Guarantors from any of its obligations under this Guaranty, (i) extend the time of payment, change the interest rates and renew or change the manner, place, time and/or terms of payment of and make any other changes with respect to any or all of the Guaranteed Indebtedness, (ii) sell, exchange, release, surrender and otherwise deal with any collateral pledged to Payee by the Maker or any other person or entity to secure any or all of the Guaranteed Indebtedness, (iii) release and otherwise deal with any other guarantor(s) of any or all of the Guaranteed Indebtedness, (iv) exercise or refrain from exercising any rights against the Maker and/or any other guarantor(s) of any or all of the Guaranteed Indebtedness and otherwise act or refrain from acting with respect to the Maker and/or any other guarantor(s) of any or all of the Guaranteed Indebtedness and/or (v) settle or compromise any or all of the Guaranteed Indebtedness with Maker.

The Guarantors shall not exercise any right of subrogation, reimbursement, contribution or indemnity whatsoever with respect to the Maker and/or any other guarantor(s) of any or all of the Guaranteed Indebtedness and not exercise any right of recourse to or with respect to any assets or property of the Maker and/or any other guarantor(s) of any or all of the Guaranteed Indebtedness or to any collateral or other security for the payment of any or all of the Guaranteed Indebtedness until (a) all of the Guaranteed Indebtedness shall have been fully, finally and indefeasibly paid in cash, (b) all of the financing arrangements and commitments between Maker and the Payee under the Note or any other DIP Loan Documents shall have been terminated, and (c) this Guaranty has been terminated. Nothing shall discharge or satisfy the liability of the Guarantors under this Guaranty except the full performance and payment in cash of all of the Guaranteed Indebtedness and all obligations of the Guarantors under this Guaranty.

Payee's books and records showing the account between itself and the Maker shall be admissible in evidence in any action or proceeding and shall constitute conclusive evidence of the items set forth therein in the absence of demonstrable error. No invalidity, irregularity or unenforceability of any or all of the Guaranteed Indebtedness or of any collateral or any other guarantees therefor shall affect, impair or be a defense to this Guaranty. The liability of the Guarantors under this Guaranty shall in no way be affected or impaired by any acceptance by Payee of any collateral for or other guarantees of any of the Guaranteed Indebtedness, or by any failure, neglect or omission on the part of Payee to realize upon or protect any of the Guaranteed Indebtedness or any collateral therefor or guarantees thereof. No act of commission or omission of any kind by Payee (including, without limitation, any act or omission which impairs, reduces the value of, releases or fails to perfect a lien upon, any collateral for or guarantee of any of the Guaranteed Indebtedness) shall affect or impair the obligations of the Guarantors under this Guaranty in any manner.

Guarantors hereby waive any right to require Payee to (a) proceed against Maker or any other person or entity, (b) marshal assets or proceed against or exhaust any security held from Maker or any other person or entity, (c) give notice (other than as may be required by applicable law) of the terms, time and place of any public or private sale or other disposition of personal property security held from Maker or any other person or entity, (d) take any action or pursue any other remedy in Payee's power and/or (e) make any presentment or demand for performance, or give a ny notice of nonperformance, protest, notice of protest or notice of dishonor under this Guaranty or in connection with any obligations or evidences of indebtedness held by Payee as security for or which constitute in whole or in part the Guaranteed Indebtedness, or in connection with the creation of new or additional Guaranteed Indebtedness.

Guarantors hereby waive any defense (other than defense of payment) to its obligations under this Guaranty based upon or arising by reason of (a) any disability or other defense (other than defense of payment) of Maker or any other person or entity, (b) the cessation or limitation from any cause whatsoever, other than indefeasible payment in cash in full, of the Guaranteed Indebtedness, (c) any lack of authority of any officer, director, member, manager, partner, agent or any other person or entity acting or purporting to act on behalf of Maker, or any defect in the formation of Maker, (d) the application by Maker of the proceeds of any of the Guaranteed Indebtedness for purposes other than the purposes represented by Maker to, or intended or

understood by, Payee and/or the Guarantors, (e) any act or omission by Payee which directly or indirectly results in or aids the discharge of Maker or all or any portion of the Guaranteed Indebtedness by operation of law or otherwise, or which in any way impairs or suspends any rights or remedies of Payee against Maker, (f) any impairment of the value of any interest in any security for the Guaranteed Indebtedness or any portion thereof, including without limitation, the failure to obtain or maintain perfection or recordation of any interest in any such security, the release of any such security without substitution and/or the failure to preserve the value of, or to comply with applicable law in disposing of, any such security, (g) any modification of any or all of the Guaranteed Indebtedness, in any form whatsoever, including, without limitation, the renewal, extension, acceleration or other change in time for payment of, or other change in the terms of, the Guaranteed Indebtedness or any portion thereof, including increasing or decreasing the rate of interest thereon and/or (h) any requirement that Payee give any notice of acceptance of this Guaranty. Guarantors hereby further waive all rights and defenses (other than defense of payment) which Guarantor may have arising out of (a) any election of remedies by Payee, even though that election of remedies destroys Guarantors' rights of subrogation or Guarantors' rights to proceed against Maker for reimbursement or (b) any loss of rights Guarantors may suffer by reason of any rights, powers or remedies of Maker in connection with any anti-deficiency laws or any other laws limiting, qualifying or discharging the Guaranteed Indebtedness, whether by operation of law or otherwise, including any rights which Guarantors may have to a fair market value hearing to determine the size of a deficiency following any foreclosure sale or other disposition of any real property security for any portion of the Guaranteed Indebtedness. Guarantors hereby further waive any and all other suretyship defenses.

No delay by Payee in exercising any of its options, powers or rights under this Guaranty and/or any partial or single exercise thereof shall constitute a waiver thereof. No waiver of any of Payee's rights under this Guaranty and no modification or amendment of this Guaranty shall be deemed to be made by Payee unless the same shall be in writing, duly signed by Payee and each such waiver (if any) shall apply only with respect to the specific instance involved and shall in no way impair Payee's rights or the obligations of the Guarantors to Payee in any other respect at any other time. In the event any one or more of the provisions contained in this Guaranty should be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions of this Guaranty shall not be affected or impaired thereby.

This Guaranty is a continuing guaranty which shall remain in full force and effect and shall not be terminable so long as (a) any Guaranteed Indebtedness shall remain outstanding and/or unpaid, or (b) Payee shall have any commitment or obligation to make loans, extend credit or grant other financial accommodations to Maker under the DIP Loan Documents. The dissolution of any Guarantor shall not effect a termination of this Guaranty. If claim is ever made on Payee for repayment or recovery of any amount or amounts received by Payee in payment or on account of any of the Guaranteed Indebtedness (including payment under a guaranty or from application of collateral) and Payee repays all or part of said amount by reason of (a) any judgment, decree or order of any court or administrative body having jurisdiction over Payee or any of Payee's property, as the case may be, or (b) any settlement or compromise of any such claim effected by Payee with any such claimant (including, without limitation, the Maker), then and in such event the Guarantors agree that any such judgment, decree, order,

settlement or compromise shall be binding on the Guarantors, notwithstanding any cancellation of any note or other instrument or agreement evidencing such Guaranteed Indebtedness or of this Guaranty, and the Guarantors shall be and remain liable to Payee in each case under this Guaranty for the amount so repaid or recovered to the same extent as if such amount had never originally been received by Payee. This Guaranty shall continue to be effective or be reinstated, as the case may be, if (a) at any time any payment of any of the Guaranteed Indebtedness is rescinded or must otherwise be returned by Payee upon the insolvency, bankruptcy or reorganization of the Maker or the Guarantors or otherwise, all as though such payment had not been made or (b) this Guaranty is released or the liability of the Guarantors under this Guaranty is reduced in consideration of a payment of money or transfer of property or grant of a security interest by Maker, the Guarantors or any other person or entity and such payment, transfer or grant is rescinded or must otherwise be returned by Payee upon the insolvency, bankruptcy or reorganization of such person or entity or otherwise, all as though such payment, transfer or grant had not been made.

This is an unconditional and irrevocable waiver of any rights and defenses each Guarantor may have if all or part of the Guaranteed Indebtedness are secured by real property. These rights and defenses are based upon Section 580a, 580b, 580d, or 726 of the California Code of Civil Procedure and any similar law of the State of New York or any other jurisdiction.

WITHOUT LIMITING THE GENERALITY OF ANY OTHER WAIVER OR OTHER PROVISION SET FORTH IN THIS GUARANTY, EACH GUARANTOR HEREBY WAIVES, TO THE FULLEST EXTENT SUCH WAIVER IS PERMITTED BY APPLICABLE LAW, ANY AND ALL BENEFITS OR DEFENSES ARISING DIRECTLY OR INDIRECTLY UNDER ANY ONE OR MORE OF CALIFORNIA CIVIL CODE §§ 2787, 2799, 2808, 2815, 2819, 2820, 2821, 2822, 2838, 2839, 2847, 2848, AND 2855, CALIFORNIA CODE OF CIVIL PROCEDURE §§ 580A, 580B, 580C, 580D, AND 726, AND CHAPTER 2 OF TITLE 14 OF THE CALIFORNIA CIVIL CODE OR ANY SIMILAR LAWS OF THE STATE OF NEW YORK OR ANY OTHER APPLICABLE JURISDICTION.

WITHOUT LIMITING THE GENERALITY OF ANY OTHER WAIVER OR OTHER PROVISION SET FORTH IN THIS GUARANTY, EACH GUARANTOR WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ALL RIGHTS AND DEFENSES ARISING OUT OF AN ELECTION OF REMEDIES BY PAYEE EVEN THOUGH SUCH ELECTION OF REMEDIES, SUCH AS A NONJUDICIAL FORECLOSURE WITH RESPECT TO SECURITY FOR THE GUARANTEED INDEBTEDNESS, HAS DESTROYED SUCH GUARANTOR'S RIGHTS OF SUBROGATION AND REIMBURSEMENT AGAINST MAKER OR ANY OTHER GUARANTOR (INCLUDING ANY OTHER GUARANTOR) BY THE OPERATION OF APPLICABLE LAW, INCLUDING §580D OF THE CALIFORNIA CODE OF CIVIL PROCEDURE OR ANY SIMILAR LAWS OF THE STATE OF NEW YORK OR ANY OTHER APPLICABLE JURISDICTION.

Without limiting the generality of any other waiver or other provision set forth in this Guaranty, each Guarantor hereby also agrees, to the fullest extent permitted by applicable law, to the following waivers:

a) The right of Payee to enforce this Guaranty is absolute and is not contingent upon the genuineness, validity or enforceability of the Guaranteed Indebtedness or any of the DIP Loan Documents. Each Guarantor waives all benefits and defenses it may have under California Civil Code Section 2810 or any similar laws of the State of New York or any other applicable jurisdiction and agrees that the rights of Payee under this Guaranty shall be enforceable even if Maker had no liability at the time of execution of the DIP Loan Documents or the Guaranteed Indebtedness is unenforceable in whole or in part, or any Debtor Entity ceases to be liable with respect to all or any portion of the Guaranteed Indebtedness (other than by virtue of the payment in full in cash of the Guaranteed Indebtedness).

b) Each Guarantor waives all benefits and defenses it may have under California Civil Code Section 2809 or any similar laws of the State of New York or any other applicable jurisdiction with respect to its obligations under this Guaranty and agrees that the rights of Payee under the DIP Loan Documents will remain enforceable even if the amount guarantied hereunder is larger in amount and more burdensome than that for which Maker is responsible. The enforceability of this Guaranty against each Guarantor shall continue until repayment in full in cash of the Guaranteed Indebtedness and shall not be limited or affected in any way by any impairment or any diminution or loss of value of any security or collateral for the Debtor Entities' obligations under the DIP Loan Documents, from whatever cause, the failure of any security interest in any such security or collateral, or any disability or other defense of Maker, any other guarantor (including any other Guarantor) of the Maker's obligations under any other DIP Loan Document, any pledgor of collateral securing any or all of the obligations or any other Person in connection with the Guaranteed Indebtedness, or any other person in connection with the DIP Loan Documents.

c) Each Guarantor waives all benefits and defenses it may have under California Civil Code §§ 2845, 2849 and 2850 or any similar laws of the State of New York or any other applicable jurisdiction with respect to its obligations under this Guaranty, including the right to require Payee to (1) proceed against Maker, any guarantor of Maker's obligations under any DIP Loan Document (including any other Guarantor), any other pledgor of collateral for any Person's obligations to Payee or any other Person in connection with the Guaranteed Indebtedness, (2) proceed against or exhaust any other security or collateral Payee may hold, or (3) pursue any other right or remedy for such Guarantor's benefit, and agrees that Payee may exercise their rights under this Guaranty without taking any action against Maker, any other guarantor (including any other Guarantor) of the Debtor Entities' obligations under the DIP Loan Documents, any pledgor of collateral securing any or all of the obligations or any other Person in connection with the Guaranteed Indebtedness, and without proceeding against or exhausting any security or collateral Payee may hold.

This Guaranty shall be understood to be for the benefit of Payee and for such other person or persons as may from time to time become or be the holder or owner of any of the Guaranteed Indebtedness or any interest therein and this Guaranty shall be transferable to the same extent and with the same force and effect as any of the Guaranteed Indebtedness may be transferable in accordance with the Note. This Guaranty cannot be changed or terminated orally, shall be binding on the heirs, executors, personal representatives, successors and assigns of the Guarantor and shall inure to the benefit of Payee's successors and permitted assigns. The Guarantor may not assign or delegate any of its rights, obligations or duties under this Guaranty without the prior written consent of Payee.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN ANY OF THE DIP LOAN DOCUMENTS, IN ALL RESPECTS, INCLUDING ALL MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE, THIS GUARANTY AND THE OBLIGATIONS ARISING THEREFROM OR RELATED TO OR IN CONNECTION THEREWITH SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE INTERNAL LAWS OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND PERFORMED IN THAT STATE) AND ANY APPLICABLE LAWS OF THE UNITED STATES OF AMERICA (INCLUDING THE BANKRUPTCY CODE). EACH GUARANTOR HEREBY CONSENTS AND AGREES THAT THE BANKRUPTCY COURT SHALL HAVE EXCLUSIVE JURISDICTION TO HEAR AND DETERMINE ANY CLAIMS OR DISPUTES BETWEEN ANY GUARANTOR AND PAYEE PERTAINING TO THIS GUARANTY OR ANY OF THE OTHER DIP LOAN DOCUMENTS OR TO ANY MATTER ARISING OUT OF OR RELATING TO THIS GUARANTY OR ANY OF THE OTHER DIP LOAN DOCUMENTS; PROVIDED, THAT THE PAYEE AND THE EACH DEBTOR ENTITY ACKNOWLEDGE THAT ANY APPEALS FROM THE BANKRUPTCY COURT MAY HAVE TO BE HEARD BY A COURT OTHER THAN THE BANKRUPTCY COURT; PROVIDED, FURTHER, THAT NOTHING IN THIS GUARANTY SHALL BE DEEMED OR OPERATE TO PRECLUDE PAYEE FROM BRINGING SUIT OR TAKING OTHER LEGAL ACTION IN ANY OTHER JURISDICTION TO REALIZE ON THE COLLATERAL OR ANY OTHER SECURITY FOR THE DIP OBLIGATIONS, OR TO ENFORCE A JUDGMENT OR OTHER COURT ORDER IN FAVOR OF PAYEE AFTER RELIEF FROM THE AUTOMATIC STAY TO THE EXTENT SUCH AUTOMATIC STAY IS APPLICABLE. EACH GUARANTOR EXPRESSLY SUBMITS AND CONSENTS IN ADVANCE TO SUCH JURISDICTION IN ANY ACTION OR SUIT COMMENCED IN ANY SUCH COURT, AND EACH GUARANTOR HEREBY WAIVES ANY OBJECTION THAT ANY GUARANTOR MAY HAVE BASED UPON LACK OF PERSONAL JURISDICTION, IMPROPER VENUE OR FORUM NON CONVENIENS AND HEREBY CONSENTS TO THE GRANTING OF SUCH LEGAL OR EQUITABLE RELIEF AS IS DEEMED APPROPRIATE BY SUCH COURT.

Notwithstanding anything to the contrary contained herein, this Guaranty and the rights provided herein are subject to applicable bankruptcy law and orders entered by the Bankruptcy Court.

*[Signature page follows]*

Executed as of the 3rd day of August, 2010.

DON DE CRISTO CONCRETE ACCESSORIES, INC., a California Corporation

By: [signature]
Name: Jeff Ch
Title: CEO

UNIVERSAL FORM CLAMP, INC., a Delaware Corporation

By: [signature]
Name: Jeff Ch
Title: CEO

FORM-CO. INC., a Delaware Corporation

By: [signature]
Name: Jeff Ch
Title: CEO

ACCUBRACE, INC., a Delaware Corporation

By: [signature]
Name: Jeff Ch
Title: CEO