IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| UNIVERSAL BUILDING PRODUCTS, INC., *et al.*,[1] | ) Case No. 10-12453 (MFW) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) **Related to Docket No. 14** |
| | ) |

## ORDER (A) APPROVING BID PROCEDURES RELATING TO SALE OF DEBTORS' ASSETS; (B) SCHEDULING HEARING TO CONSIDER SALE AND APPROVING FORM AND MANNER OF NOTICES; (C) APPROVING EXPENSE REIMBURSEMENT PROVISION AND BREAK-UP FEE; AND (D) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of Universal Building Products, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), requesting entry of an order (A) approving bid procedures which are attached as **Exhibit 1** hereto (the "Bid Procedures")[2] with respect to the proposed sale of the Acquired Assets, as more fully set forth in that certain asset purchase agreement (the "Agreement") by and between the Debtors and UBP Acquisition Corp. ("Purchaser"); (B) scheduling a hearing (the "Sale Hearing") and approving the form and manner of notice of the Auction and the Bid Procedures; (C) approving the Expense Reimbursement provision and Break-Up Fee; and (D) granting related relief; and the Court having determined that, to the extent set forth herein, the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest; due and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Universal Building Products, Inc. (7884); (ii) Accubrace, Inc. (3418); (iii) Don De Cristo Concrete Accessories, Inc. (7547); (iv) Form-Co, Inc. (0079); and (v) Universal Form Clamp, Inc. (3003). The address of the Debtors' corporate headquarters is 15172 Goldenwest Circle, Westminster, California 92683.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement (defined below) or in the Bid Procedures (defined below).

597089.1 8/27/10

appropriate notice of the Motion and the relief requested therein was provided by the Debtors pursuant to Bankruptcy Rules 4001(b) and 4001(c)(1), on the following parties: (a) Universal Building Products, 15172 Goldenwest Circle, Westminster, California 92683, Attn: Jeff Church; (b) counsel for the Debtors, K&L Gates LLP, 70 W. Madison St., Suite 3100, Chicago, Illinois 60602-4207, Attn: Sven T. Nylen; (c) UBP Acquisition Corp., 333 S. Grand Avenue, 28th Floor, Los Angeles, California 90071, Attn: Jordon L. Kruse and David Quick, with a copy to Kirkland and Ellis LLP, 300 N. LaSalle Street, Chicago, Illinois 60654, Attn: Christopher J. Greeno, P.C. and David A. Agay; (d) counsel for the official committee of unsecured creditors (the "Committee"); (e) all entities known to have asserted any lien, claim, interest or encumbrance in or upon and of the Acquired Assets; (f) all taxing authorities or recording offices which have a reasonably known interest in the Debtors, including the Internal Revenue Service; (g) the Environmental Protection Agency; (h) the state/local environmental agencies in the jurisdictions where the Debtors own or lease real property; (i) the Debtors' landlords; (j) all entities known to have expressed a *bona fide* interest in acquiring all or portions of the Acquired Assets and (k) the Office of the United States Trustee for the District of Delaware (collectively, the "Notice Parties"); and the remainder of the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

FOUND, CONCLUDED AND DECLARED THAT:[3]

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052. Solely with respect to or in connection with the Excluded Property (as defined in the *Final Order (I) (A) Authorizing and Approving Debtors' Post-Petition Financing; (B) Granting Liens and Security Interests and Providing Superpriority Administrative Expense Status; (C) Authorizing Use of Cash Collateral and Affording Adequate Protection; and (D) Modifying Automatic Stay*), the findings in this Order shall not bind the Committee or any liquidating trustee or other entity charged with the power to prosecute, own, hold, liquidate, or distribute the Excluded Property.

2

A. This Court has jurisdiction over this matter and over the property of the Debtors and their bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).

B. Notice of the Motion and proposed entry of this Order has been provided to the Notice Parties. Under the urgent circumstances, requisite notice of the Motion and the relief requested thereby and this Order has been provided in accordance with Bankruptcy Rules 4001(c) and (d) and 9014, which notice is sufficient for all purposes under the Bankruptcy Code, including, without limitation, Bankruptcy Code § 102(1), and no further notice of, or hearing on, the Motion or this Order is necessary or required.

C. The Debtors' proposed notice of (i) the Proposed Sale of the Acquired Assets, (ii) the Agreement, and the terms contained therein, and (iii) the Bid Procedures, in substantially the form attached hereto as **Exhibit 2**, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Proposed Sale of the Acquired Assets, the Auction, the Agreement and the Bid Procedures to be employed in connection therewith.

D. The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the Bid Procedures. The Bid Procedures were negotiated in good faith by the Debtors, the Committee and Purchaser and are reasonable and appropriate.

E. Purchaser has expended, and likely will continue to expend, considerable time, money and energy pursuing the Proposed Sale and has engaged in extended arm's length and good faith negotiations. The Agreement is the culmination of these efforts.

F. Recognizing this expenditure of time, energy and resources, the Debtors have agreed to pay the Expense Reimbursement and Break-up Fee to Purchaser on the terms and conditions set forth in the Agreement.

3

G.  The Expense Reimbursement and Break-up Fee are (1) a material inducement for, and a condition of, Purchaser's entry into the Agreement, and (2) fair and reasonable in view of the fact that, if the Expense Reimbursement and Break-up Fee are triggered, Purchaser's efforts will have increased the chances that the Debtors will receive the highest and otherwise best offer for the Acquired Assets.

H.  The Debtors have demonstrated a sound business justification for authorizing the payment of the Expense Reimbursement and Break-up Fee to Purchaser under the circumstances set forth in the Agreement.

I.  The entry of this Order is in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1.  The relief requested in the Motion is granted, to the extent set forth herein.

2.  The Bid Procedures attached hereto as **Exhibit 1** are hereby approved and fully incorporated into this Order, and shall apply with respect to the Proposed Sale of the Acquired Assets. The Debtors are authorized to take any and all actions necessary to implement the Bid Procedures.

3.  All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

4.  The Expense Reimbursement (up to $850,000.00) is hereby approved.

5.  The Debtors shall pay the Expense Reimbursement to Purchaser pursuant to the terms and conditions set forth in the Agreement and without further order of this Court. The Debtors' obligations to pay the Expense Reimbursement shall constitute a superpriority

4

administrative expense priority obligation under Bankruptcy Code § 364(c)(1) with priority over any and all expenses of the kind specified in Bankruptcy Code §§ 503(b) and 507(b), subject only to (a) the Carve-Out (as such term is defined in the *Motion for Interim and Final Orders (A) Authorizing and Approving Debtors' Post-Petition Financing; (B) Granting Liens and Security Interests and Providing Superpriority Administrative Expense Status; (C) Authorizing Use of Cash Collateral and Affording Adequate Protection; and (D) Modifying Automatic Stay*); (b) any superpriority claims of the Debtors' post-petition lenders; and (c) the Committee's rights in the Excluded Property. The Expense Reimbursement shall not be payable from the Excluded Property or the proceeds thereof.

6. The Break-up Fee in the amount of $400,000.00 is hereby approved.

7. The Debtors shall pay the Break-up Fee to Purchaser pursuant to the terms and conditions set forth in the Agreement and without further order of this Court. The Debtors' obligations to pay the Break-up Fee shall constitute a superpriority administrative expense priority obligation under Bankruptcy Code § 364(c)(1) with priority over any and all expenses of the kind specified in Bankruptcy Code §§ 503(b) and 507(b), subject only to only to (a) the Carve-Out; (b) any superpriority claims of the Debtors' post-petition lenders; and (c) the Committee's rights in the Excluded Property. The Break-up Fee shall not be payable from the Excluded Property or the proceeds thereof.

8. Purchaser is authorized to make one or more credit bids at the Auction pursuant to Bankruptcy Code § 363(k), on account of the obligations owed to Purchaser under the Credit Agreement and the DIP Note.

9. Any Overbid by Purchaser will reflect the fact that the Break-Up Fee and Expense Reimbursement are not payable in each round of bidding with respect to Purchaser's bids.

5

10. As soon as practicable, but not later than two (2) days after entry of this Order, the Debtors will cause the Auction and Sale Notice, similar to the form attached hereto as **Exhibit 2**, to be sent by fax or e-mail (where practicable), or first-class mail postage prepaid to the Notice Parties, all of the Debtors' creditors and interest holders, and other known parties-in-interest in these cases.

11. Objections, if any, to the relief requested in the Sale Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 12:00 p.m. (prevailing Eastern Time) on **September 1, 2010** (the "Objection Deadline") and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) counsel to the Debtors, K&L Gates, 70 West Madison Street, Chicago, IL 60602, Attn: Sven T. Nylen; (ii) UBP Acquisition Corp., 333 S. Grand Avenue, 28th Floor, Los Angeles, California 90071, Attn: Jordon L. Kruse and David Quick, with a copy to: Kirkland and Ellis LLP, 300 N. LaSalle St., Illinois 60654, Attn: Christopher J. Greeno, P.C. and David A. Agay; and (iii) counsel for the Committee, Arent Fox, 1675 Broadway, New York, New York, 10019, Attn: James Sullivan.

12. In the event that (a) the debtors receive one or more Qualified Bids before the Bid Deadline and an Auction is held in accordance with the Bid Procedures, and the Purchaser is the Successful Bidder at the Auction, and if an objection is filed by the Objection Deadline and remains unresolved as of September 2, 2010 at 4:00 p.m. prevailing Eastern Time, or (b) the Purchaser is not the Successful Bidder at the Auction, the Sale Hearing shall be held before the Bankruptcy Court on September 7, 2010, at 10:30 a.m./p.m.

6

597089.1 8/27/10

13. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

14. As provided by Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after the entry thereof and shall be effective and enforceable immediately upon its entry on this Court's docket.

15. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order and the Bid Procedures.

Dated: 8/27/10
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE