# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| UNIVERSAL BUILDING PRODUCTS, ) | Case No. 10-12453 (MFW) |
| INC., *et al.*,[1] ) | |
| ) | Jointly Administered |
| Debtors. ) | **Hearing Date: September 27, 2010 @ 2:00 p.m.** |
| ) | **Obj. Deadline: September 22, 2010 @ 4:00 p.m.** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER: (A) APPROVING THE DISCLOSURE STATEMENT; (B) APPROVING CERTAIN DATES RELATED TO CONFIRMATION OF THE PLAN; AND (C) APPROVING THE FORM OF CERTAIN DOCUMENTS TO BE DISTRIBUTED IN CONNECTION WITH SOLICITATION OF THE PLAN

The above-captioned debtors and debtors in possession (collectively, the "*Debtors*") hereby move this Court (the "*Motion*"), for the entry of an order, substantially in the form attached hereto: (a) approving the *Disclosure Statement for the Joint Liquidating Plan of Universal Building Products, Inc. and Certain of its Affiliates Pursuant to Chapter 11 of the United States Bankruptcy Code* (as may be amended from time to time, the "*Disclosure Statement*"); (b) approving certain dates related to confirmation of the *Joint Liquidating Plan of Universal Building Products, Inc. and Certain of its Affiliates Pursuant to Chapter 11 of the United States Bankruptcy Code* (as may be amended from time to time, the "*Plan*");[2] and (c) approving the form of certain documents to be distributed in connection with the solicitation of the Plan. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Universal Building Products, Inc. (7884); (ii) Accubrace, Inc. (3418); (iii) Don De Cristo Concrete Accessories, Inc. (7547); (iv) Form-Co, Inc. (0079); and (v) Universal Form Clamp, Inc. (3003). The address of the Debtors' corporate headquarters is 15172 Goldenwest Circle, Westminster, California 92683.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement or the Plan, as applicable.

597246.1 8/31/10

## Jurisdiction

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 502, 1123(a), 1124, 1125, 1126 and 1128 of the title 11 of the United States Code (the "*Bankruptcy Code*"), Rules 2002, 3003, 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 3017-1 of the Local Bankruptcy Rules for the District of Delaware (the "*Local Bankruptcy Rules*").

## Background

4. On August 4, 2010 (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Cases*"). The Debtors are functioning as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Collectively, the Debtors operated one of the largest privately-owned concrete form and accessory manufacturing businesses in North America, manufacturing and delivering a complete assortment of premium concrete accessories to residential and commercial construction projects. The Debtors' business has significantly diminished since 2007 in light of the downturn in the construction industry. As a result of severe contractions in their liquidity position, the Debtors have determined that a chapter 11 bankruptcy presents the most efficient strategy for resolving the Debtors' financial affairs. As of the close of business on August 3, 2010, only Debtors Accubrace, Inc. and Form-Co., Inc. continued to conduct business.

6. The Debtors' Plan provides for an efficient liquidation of the Debtors' assets designed to maximize value and recoveries for all parties in interest. The Debtors are seeking to

consummate the Plan as quickly as possible so that administrative expenses are minimized and any unused portion of the DIP financing can inure to the benefit of creditors in accordance with the terms of the Plan.

7. In accordance with section 1126 of the Bankruptcy Code, the Plan contemplates classifying Holders of Claims and Interests into certain Classes of Claims and Interests for all purposes, including with respect to voting on the Plan, as follows:

**Classification and Treatment of Claims and Interests:**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| 1 | Senior Creditor Claims | Impaired | Entitled to Vote |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 3 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 4 | General Unsecured Claims | Impaired | Deemed to Reject |
| 5 | Intercompany Claims | Impaired | Deemed to Reject |
| 6 | Equity Interests | Impaired | Deemed to Reject |

8. Accordingly, only the Holder of the Class 1 "Senior Creditor Claims" (the "*Voting Creditor*") is entitled to vote to accept or reject the Plan. Although Class 4 General Unsecured Claims stand to achieve some recovery under the Plan, any such distributions are solely as a result of the Debtors' DIP Lender's funding its full financing commitment which it would not be required to do absent the resolve of the primary constituencies in these Chapter 11 Cases to expeditiously administer these cases as announced at the conclusion of the August 26, 2010 hearing. Hence, any recovery achieved by Class 4 General Unsecured Creditors is a "gift" from the DIP Lender and does not constitute property of the Debtors' bankruptcy estates.

## Relief Requested

9. By this Motion, the Debtors respectfully request that, among other things, the Bankruptcy Court enter an order (the "*Disclosure Statement Order*"): (a) approving the Disclosure Statement; (b) fixing, subject to modification as needed, the dates and deadlines as set

3

forth in the Plan Confirmation Schedule (as defined below); and (c) approving the form of certain documents to be distributed in connection with the solicitation of the Plan.[3]

10. Although the Debtors seek the Bankruptcy Court's approval of a number of standard dates and deadlines relating to confirmation of the Plan (the "*Plan Confirmation Schedule*"), as discussed above, the Debtors are seeking to confirm and consummate the Plan as quickly as possible in order to minimize administrative costs and maximize creditor recoveries. Although the Debtors recognize that reasonable notice and an opportunity to object must be provided, the Debtors submit that given the nature of the case, an expedited confirmation schedule is appropriate.

11. In particular, and as set forth above, the Voting Creditor is the only Holder of a Claim or Interest entitled to vote to accept or reject the Plan, and the Debtors understand that the Voting Creditor is supportive of the Plan and shares the Debtors' goal of consummating the Plan as quickly as possible. Accordingly, there is no need for a lengthy solicitation process and the Debtors believe that the Court can set a deadline for voting on the Plan (the "*Voting Deadline*") that is substantially contemporaneous with the entry of an order approving the Disclosure Statement.[4]

12. Assuming the Voting Creditor immediately votes in favor of the Plan, the only question is how much notice the Debtors are required to give of the hearing to confirm the Plan. The Debtors submit that if the Disclosure Statement is approved on or about September 27,

---

[3] In compliance with Bankruptcy Rules 2002 and 3017, substantially contemporaneously with the filing of this Motion the Debtors are sending Holders of Claims and Interests a copy of the notice of the Disclosure Statement Hearing, substantially in the form attached hereto as **Exhibit E**. The Debtor's respectfully request that the Bankruptcy Court approve the notice of the Disclosure Statement Hearing as part of the order granting the instant Motion.

[4] The Debtors are also requesting that the Voting Record Date be the same day as the Court enters an order granting the relief requested herein.

597246.1 8/31/10

2010, a confirmation hearing in mid-October would provide parties in interest with sufficient notice, and would further the goal of minimizing administrative costs and maximizing creditor recoveries.

## Basis for Relief

### A. The Disclosure Statement Contains "Adequate Information" and Should Be Approved

13. Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide holders of impaired claims and interests entitled to vote on the plan "adequate information" regarding that plan. Section 1125(a)(1) of the Bankruptcy Code states, in relevant part:

> '[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

14. Thus, a disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders, if applicable, to vote on a plan of reorganization. *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994); *see also In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (Bankr. S.D.N.Y. 1995) (the adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of chapter 11 towards fair settlement through a negotiation process between informed interested parties") (internal citation omitted).

5

15. Courts are vested with wide discretion to determine whether a disclosure statement contains "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code. *See Kirk v. Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a) . . . ."). This grant of discretion is intended to permit courts to tailor the disclosures made in connection with the solicitation of votes on a plan of reorganization to facilitate the effective reorganization of debtors in a broad range of businesses and circumstances. *See Id.* (stating that bankruptcy judges have a clear congressional mandate to exercise "broad discretion in their supervision of corporate reorganizations"). Accordingly, the determination of whether a disclosure statement contains adequate information must be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

16. The Disclosure Statement is the product of the Debtors' review and analyses of their businesses, assets and liabilities, and circumstances leading to the Chapter 11 Cases. In addition, the Disclosure Statement reflects: (a) the Debtors' analyses of the Plan; (b) the distributions, through the Plan, to Holders of Allowed Claims against the Debtors; and (c) the effect of the Plan on Holders of Claims and Interests and other parties in interest thereunder. In performing these analyses, the Debtors sought and received the input of their advisors.

17. Specifically, the Disclosure Statement contains the pertinent information necessary for Holders of Claims and Interests to make an informed decision about whether to vote to accept or reject the Plan, including, among other things, information regarding:

    a. the Plan;

    b. the Debtors' corporate history and corporate structure, business operations, and prepetition capital structure and indebtedness;

6

597246.1 8/31/10

c. the Chapter 11 Cases, including events leading to the chapter 11 cases;

d. the classification and treatment of Claims and Interests under the Plan;

e. the means for implementation of the Plan, including to the establishment of the Liquidating Trust;

f. the provisions governing distributions under the Plan;

g. the procedures for resolving contingent, unliquidated and disputed Claims under the Plan;

h. release, exculpation, injunction and related provisions of the Plan;

i. the conditions precedent to the Effective Date;

j. risk factors related to the Plan and alternatives to confirming and consummating the Plan; and

k. certain U.S. federal income tax consequences of Plan implementation.

18. Accordingly, the Debtors respectfully submit that the Disclosure Statement contains more than sufficient information for a hypothetical reasonable investor to make an informed judgment about the Plan and complies with all aspects of section 1125 and should be approved. *See id.* at 393 n.6 (listing the factors courts have considered in determining the adequacy of information provided in a disclosure statement). To the extent necessary, the Debtors will demonstrate at the hearing on this Motion (the "*Disclosure Statement Hearing*") that the Disclosure Statement addresses the information set forth above in a manner that provides Holders of Claims and Interests entitled to vote to accept or reject the Plan with adequate information within the meaning of section 1125 of the Bankruptcy Code.

597246.1 8/31/10

**B. The Bankruptcy Court Should Approve the Setting of Certain Dates, as Proposed by the Debtors, Related to Confirmation of the Plan**

19. The Debtors respectfully request that the Bankruptcy Court approve the setting of certain dates described herein, in accordance with section 1126(c) of the Bankruptcy Code and Bankruptcy Rules 3017(d).

**1. The Voting Record Date and Voting Deadline**

20. As set forth above, only Voting Creditor is entitled to vote to accept or reject the Plan, and as such the Voting Record Date and Voting Deadline will only apply to the Voting Creditor. Moreover, the Voting Creditor is supportive of the Debtors' efforts to confirm and consummate the Plan as quickly as possible, and the Debtors thus believe that setting the Voting Record Date for the same day the Court enters an order approving this Motion and setting the Voting Deadline for at most a day or two thereafter is appropriate under the circumstances (and will in fact help to maximize creditor recoveries by minimizing administrative costs). Although only applicable to the Voting Creditor, the Notice of (a) the Solicitation Procedures and (b) the notice of the hearing to consider confirmation of the Plan, attached hereto as **Exhibit A** (the "*Confirmation Hearing Notice*") will state prominently both the Voting Record Date and the Voting Deadline.

**2. Procedures for Filing Objections to Confirmation of the Plan**

21. The Debtors request that the Bankruptcy Court direct the manner in which objections to confirmation shall be made. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the Bankruptcy Court." Bankruptcy Rule 3020(b)(1).

22. In the Confirmation Hearing Notice, the Debtors intend to explain that objections to Confirmation of the Plan or requests for modifications to the Plan, if any, must:

8

  a. be in writing;

  b. conform to the Bankruptcy Rules and the Local Bankruptcy Rules;

  c. state the name and address of the objecting Entity and the amount and nature of the Claim or Interest of such Entity;

  d. state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

  e. be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is actually received by the notice parties identified in the Confirmation Hearing Notice on or prior to the Plan Objection Deadline.

23. The Debtors believe that under the circumstances of the case a confirmation hearing in mid-October is appropriate, and request that the Bankruptcy Court establish a date that is approximately three calendar days prior to the Confirmation Hearing, as the deadline for filing and serving objections and proposed modifications to the plan (the "*Plan Objection Deadline*"). The Debtors believe that the Plan Objection Deadline will afford the Bankruptcy Court, the Debtors and other parties in interest reasonable time to consider the objections and proposed modifications prior to the Confirmation Hearing.

### 3. The Confirmation Hearing

24. Again, the Debtors request that the Confirmation Hearing be scheduled in mid-October, a date that would give parties in interest approximately two weeks of notice (assuming the Disclosure Statement is granted on September 27, 2010 and the objection deadline is several days prior to the confirmation hearing) while also furthering the Debtors' goal of expeditiously confirming the Plan to maximize creditor recoveries.

25. 'The Debtors propose that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court

and served on (a) parties entitled to notice under Bankruptcy Rule 2002, the Local Bankruptcy Rules or otherwise and (b) any other parties entitled to notice.

26. The Debtors submit that under the circumstances the proposed timing for the Confirmation Hearing is in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and will enable the Debtors to pursue confirmation on a timely basis.

C. **The Bankruptcy Court Should Approve the Solicitation and Notice Procedures**

27. As discussed above, the Voting Creditor is the only party who will be entitled to vote to accept or reject the Plan.

28. The Solicitation Package can be distributed to the Voting Creditor immediately after the September 27, 2010 hearing on the Disclosure Statement (the "*Solicitation Date*") and shall contain copies of the following: (i) the Disclosure Statement Order; (ii) the approved form of the Disclosure Statement (together with the Plan); (iii) the Ballot; (iv) the Confirmation Hearing Notice; and (v) such other materials as the Bankruptcy Court may direct.

29. All other Holders of Claims and Interest are not entitled to vote under the Plan. Accordingly, to reduce costs that Debtors propose that the Solicitation Package to be distributed to such Holders will include the following: (i) a Non-Voting Status Notice (as defined below); (ii) the Confirmation Hearing Notice; and (iii) such other materials as the Bankruptcy Court may direct. Although the Debtors thus propose not to provide copies of the Disclosure Statement and Plan to Holders of claims and interests not entitled to vote, the Confirmation Hearing Notice will provide such Holders with instructions for obtaining such documents if they choose to do so.

30. The Debtors submit that distribution of the Solicitation Package to the Voting Creditor simultaneously with the approval of the Disclosure Statement will provide the requisite materials to Voting Creditor in compliance with Bankruptcy Rules 3017(d) and 2002(b) (providing that, after approval of a disclosure statement, a debtor must transmit the plan, the

597246.1 8/31/10

approved disclosure statement, a notice of the time within which acceptances and rejections of such plan may be filed, and any other information that the Bankruptcy Court may direct to certain holders of claims). *See* Bankruptcy Rule 2002(b).

**D.    The Bankruptcy Court Should Approve the Form of the Ballot**

31.    In accordance with Bankruptcy Rule 3018(c), the Debtors have prepared a customized Ballot (the "*Ballot*") for the Voting Creditor to indicate whether it accepts or rejects the Plan (a copy of the Ballot is attached hereto as **Exhibit B**).

32.    The form of the Ballots is based on Official Form No. 14 and has been modified to address the particular circumstances of the case. The Debtors submit that the form of the Ballot complies with Bankruptcy Rule 3018(c) and, therefore, should be approved.

**E.    The Bankruptcy Court Should Approve the Form of the Confirmation Hearing Notice**

33.    The Debtors intend to send to all Holders of Claims and Interests, as part of their Solicitation Package, a copy of the Confirmation Hearing Notice. In accordance with Bankruptcy Rules 2002 and 3017(d), the Confirmation Hearing Notice shall contain, among other things:

    a.    the time, date and place for the Confirmation Hearing;

    b.    the Voting Record Date;

    c.    the Voting Deadline;

    d.    the Plan Objection Deadline and the manner in which objections shall be filed;

    e.    a disclosure regarding the release, exculpation, and injunction provisions contained in the Plan.

34.    Although Bankruptcy Rules 2002(b) and (d) normally require not less than 28 days' notice to all holders of claims or equity interests of the time fixed for filing objections to

the hearing on confirmation of a chapter 11 plan, the Debtors believe that allowing a full 28 days in the present case would not be in the best interests of any party in interest. As discussed above, the Debtors believe that creditor recoveries will be maximized by a rapid confirmation process, and believe that a confirmation hearing in mid-October – which will provide for several weeks of notice – is more than sufficient under the circumstances.

35. In addition to informing creditors of the expedited confirmation deadlines, the Confirmation Hearing Notice shall inform Entities that the copies of the Disclosure Statement (which includes the Plan) may be obtained: (a) from the Notice, Claims and Solicitation Agent (i) at its website at www.gcginc.com/cases/bbp/info.php, or (ii) by writing to the Garden City Group, Inc., Attn: Universal Building Products, Inc., 5151 Blazer Parkway, Suite A, Dublin, Ohio 43017, or (b) for a fee via PACER at https://ecf.deb.uscourts.gov.

36. The Debtors respectfully request that the Bankruptcy Court find that the Confirmation Hearing Notice complies with the requirements of Bankruptcy Rules 2002(b) and (d). The Debtors further request that the Bankruptcy Court determine that the Confirmation Hearing Notice contains sufficient disclosure regarding release, exculpation and injunction provisions contained in the Plan.

### F. The Bankruptcy Court Should Approve the Form of Notices to Classes Deemed to Accept or Reject the Plan

37. In compliance with section 1123(a)(1) of the Bankruptcy Code and as reflected in Article II of the Plan, Administrative Claims and Priority Tax Claims are not classified and will be unimpaired under the Plan. *See* 11 U.S.C. § 1123(a)(1) (providing for classification of claims other than administrative and priority tax claims). As such, these unclassified Claims are not entitled to vote on the Plan. Article III of the Plan also provides that the Unimpaired Classes

597246.1 8/31/10

(Classes 2 and 3) are deemed to accept the Plan and, therefore, Holders of Claims in such classes are not entitled to vote on the Plan.

38. Thus, the Debtors do not intend to solicit votes from Holders of Claims in Unimpaired Classes. The Debtors will, however, send the *Non-Voting Status Notice with Respect to Unimpaired Classes Deemed to Accept the Joint Liquidating Plan of Universal Building Products, Inc. and Certain of Its Subsidiaries Pursuant to Chapter 11 of the United States Bankruptcy Code*, substantially in the form attached hereto as **Exhibit C** (the "*Non-Voting Status Notice–Deemed to Accept*"), in lieu of the Solicitation Package, to the Holders of Claims in the Unimpaired Classes. The Non-Voting Status Notice-Deemed to Accept will explain to such Holders their non-voting status and that such Holder may obtain certain materials in the Solicitation Package from the Notice, Claims and Solicitation Agent. The Debtors respectfully submit that the Non-Voting Status Notice-Deemed to Accept complies with the Bankruptcy Code and, therefore, should be approved.[5]

39. Further, the Debtors do not intend to solicit votes from Holders of Claims and Interests in the Non-Voting Impaired Classes (Classes 4, 5, and 6). The Debtors will, however, send the *Non-Voting Status Notice with Respect to Impaired Classes Deemed to Reject the Joint Liquidating Plan of Universal Building Products, Inc. and Certain of Its Subsidiaries Pursuant to Chapter 11 of the United States Bankruptcy Code*, substantially in the form attached hereto as **Exhibit D** (the "*Non-Voting Status Notice–Deemed to Reject*," and together with the Non-Voting

---

[5] Although the Debtors ordinarily would also send a notice to counterparties to executory contracts and unexpired leases, in the present case the Debtors believe that they will have moved to reject all such leases and contracts prior to the hearing on this Motion and have thus given sufficient notice to the relevant counterparties. Similarly, given that only the Voting Creditor will be voting to accept or reject the Plan, the Debtors have not sought to establish a special process for the temporary allowance of claims or specific procedures for the tabulation of votes. Should the Debtors be required to expand solicitation for any reason they reserve the right to seek to establish such procedures in their discretion.

Status Notice–Deemed to Accept, the "*Non-Voting Status Notices*"), in lieu of the Solicitation Package, to the Holders of Interests in the Non-Voting Impaired Class. The Non-Voting Status Notice-Deemed to Reject will explain to such Holders their non-voting status and that such Holder may obtain certain materials in the Solicitation Package from the Notice, Claims and Solicitation Agent. The Debtors respectfully submit that the Non-Voting Status Notice-Deemed to Reject complies with the Bankruptcy Code and, therefore, should be approved.

### 4. Non-Substantive or Immaterial Modification

40. The Debtors request authorization to make non-substantive or immaterial changes to the Disclosure Statement, Plan, Ballots, Confirmation Hearing Notice and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to their distribution.

### Waiver of Bankruptcy Rule 6004(h)

41. To implement the foregoing successfully, the Debtors seek a waiver of 10-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Notice

42. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the official committee of unsecured creditors appointed in the chapter 11 cases; (c) counsel for the Debtors' prepetition senior lenders and postpetition secured lenders; (d) the Internal Revenue Service; (e) all those persons and entities that have formally requested notice, pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

597246.1 8/31/10

## No Prior Request

43. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order substantially in the form attached hereto: (a) approving the Disclosure Statement; (b) approving the dates contained in the Plan Confirmation Schedule; (c) approving the documents comprising the Solicitation Package; and (d) granting such other and further relief as is just and proper.

Dated: August 31, 2010

K&L GATES LLP
Harley J. Goldstein
Sven T. Nylen
70 West Madison Street, Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000

-and-

SAUL EWING LLP

_____
Mark Minuti (DE Bar No. 2659)
Teresa K.D. Currier (DE Bar No. 3080)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873

*Co-Counsel for the Debtors and Debtors in Possession*

597246.1 8/31/10