IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> UNIVERSAL BUILDING PRODUCTS, INC., et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 10-12453 (MFW) <br><br> Jointly Administered <br><br> **Related to Docket No. 173** |

## DEBTORS' EMERGENCY MOTION TO (A) COMPEL DISCOVERY IN CONNECTION WITH APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ARENT FOX LLP AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO AUGUST 13, 2010; AND (B) EXTEND DEADLINE TO OBJECT THERETO

The above-captioned debtors and debtors in possession (collectively, the "*Debtors*"), by and through their undersigned counsel, respectfully submit this emergency motion (the "*Emergency Motion*"), pursuant to sections 328 and 1103 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rules 7030, 9006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and applicable state and model rules of professional conduct, for the entry of an order (a) directing the Official Committee of Unsecured Creditors (the "*Committee*"), by no later than September 15, 2010, to produce Dr. Haishan Liu (U.S.-China Assets Management USA, LLC) and Bill Liederman (Jade-Sterling Steel Co., Inc.) for deposition to testify regarding matters that transpired prior to the appointment of the Committee (and to respond to document requests in advance of such depositions), and (b) extending the deadline to object to the Arent Fox Application (as defined herein) until no earlier than three

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Universal Building Products, Inc. (7884); (ii) Accubrace, Inc. (3418); (iii) Don De Cristo Concrete Accessories, Inc. (7547); (iv) Form-Co, Inc. (0079); and (v) Universal Form Clamp, Inc. (3003). The address of the Debtors' corporate headquarters is 15172 Goldenwest Circle, Westminster, California 92683.

days after the depositions of such parties are concluded. In support of this Emergency Motion, the Debtors respectfully state as follows:

## Jurisdiction

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rules 7030, 9006, and 9014, and applicable state and model rules of professional conduct.

## Background

4. On August 4, 2010 (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the *"Chapter 11 Cases"*). The Debtors are functioning as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Collectively, the Debtors operated one of the largest privately-owned concrete form and accessory manufacturing businesses in North America, manufacturing and delivering a complete assortment of premium concrete accessories to residential and commercial construction projects. The Debtors' business has significantly diminished since 2007 in light of the downturn in the construction industry. As a result of severe contractions in their liquidity position, the Debtors determined that a chapter 11 bankruptcy presented the most efficient strategy for resolving the Debtors' financial affairs. As of the close of business on August 3, 2010, only Debtors Accubrace, Inc. and Form-Co., Inc. continued to conduct business.

6. On August 13, 2010, the U.S. Trustee appointed the five-member Committee.

7. On August 30, 2010, the Committee filed its *Application for an Order Authorizing Employment and Retention of Arent Fox LLP as Attorneys for the Official Committee of Unsecured Creditors Nunc Pro Tunc to August 13, 2010* (Docket No. 173) (the "*Arent Fox Application*"). The deadline to object to the Arent Fox Application is September 13, 2010 at 4:00 p.m. Eastern time.

8. The Debtors object to the Arent Fox Application. Accordingly, the Arent Fox Application constitutes a contested matter within the meaning of Bankruptcy Rule 9014.

9. The Committee also seeks to retain (a) Elliott Greenleaf as its Delaware counsel and (b) NHB Advisors, Inc. as its financial advisor. Absent evidence that Elliott Greenleaf or NHB Advisors, Inc. are implicated by the issues described herein, the Debtors do not intend to object to either of these firms' retention applications.

## Relief Requested

10. By this Motion, the Debtors respectfully request that this Court order the Committee, by no later than September 15, 2010, to produce Dr. Haishan Liu (U.S.-China Assets Management USA, LLC) and Bill Liederman (Jade-Sterling Steel Co., Inc.) for depositions to testify regarding matters that transpired prior to the appointment of the Committee (and to respond to the document requests in advance of such depositions). The Debtors further request that this Court extend the deadline to object to the Arent Fox Application until no earlier than three days after the depositions of such parties are concluded.

## A. Deposition of Haishan Liu

11. The Debtors seek to depose Dr. Haishan Liu of US-China Assets Management USA, LLC ("*Dr. Liu*") and serve certain related document requests on an expedited basis.[2]

12. Based on the affidavit accompanying Arent Fox's retention application, it appears there may be some *quid pro quo* arrangement whereby Dr. Liu assists Arent Fox in obtaining creditors' committee engagements in exchange for Dr. Liu indirectly being compensated in such cases, in violation of either: (a) applicable professional responsibility rules; or (b) the "disinterestedness" standard contained in the Bankruptcy Code and Bankruptcy Rules.

13. According to the retention affidavit, Dr. Liu acts as a proxy to Chinese creditors in case after case that Arent Fox is retained as committee counsel in. *See Declaration of Andrew I. Silfen in Support of Application for an Order Authorizing Employment and Retention of Arent Fox LLP as Attorneys for the Official Committee of Unsecured Creditors Nunc Pro Tunc to August 13, 2010* (the "*Retention Affidavit*"), at ¶ 11, a copy of which is attached hereto as Exhibit A. According to the disclosures, Dr. Liu has been "involved with this case from the Petition Date." *Id.* Then, at the formation meeting (the "*Committee Formation Meeting*") in which the Committee was appointed in these cases, he "served as proxy" for a Chinese creditor (here, Eastern Accessories Corp.), electing Arent Fox as counsel to the Committee. *Id.*

14. After casting his proxy to elect Arent Fox as counsel to the Committee, Dr. Liu is then retained "upon the recommendation of Arent Fox" as a translator – then paid by the creditors' committee out of their budget – in each case. *Id.*

---

[2] The only two document requests the Debtors seek at this time are (a) documents regarding communications with the Debtors' creditors and (b) documents regarding communications with Arent Fox LLP.

15. Furthermore, Dr. Liu "provides services to companies based in China to assist them with recovery and contract actions and the bankruptcy process in the United States." Therefore, it appears Dr. Liu is not only paid from the Debtors' bankruptcy estate, but is also being paid directly by the Chinese creditors, which appears to compromise his impartiality.

16. Finally, Dr. Liu compensates Arent Fox directly, as the law firm directly represents Dr. Liu and his company. *Id.*

17. It thus appears that in this manner, Dr. Liu generates the interest of Chinese creditors in serving on a committee, and then elects Arent Fox as committee counsel, producing a new, lucrative engagement for Arent Fox. In exchange, Dr. Liu is both retained by Arent Fox and paid out of estate funds, as well as paid by creditors directly. According to the Retention Affidavit, this has been done in a litany of cases, presumably driving the success rate in which Arent Fox has obtained recent committee engagements.

18. This apparent *quid pro quo* arrangement may give rise both to serious ethical issues regarding solicitation of committee engagements, as well as compromise Arent Fox's ability to meet the standards for retention of professionals by a creditors' committee in bankruptcy (as described in detail *infra*). Accordingly, the Debtors should be entitled to explore the relationship between Dr. Liu and Arent Fox prior to filing any objection to Arent Fox's retention.

**B.     Deposition of Bill Liederman**

19. The Debtors also seek to depose Mr. Bill Liederman ("*Mr. Liederman*") of Jade-Sterling Steel Co., Inc.

20. Mr. Liederman, a member of the Committee, informed the Debtors' Chief Financial Officer at the Committee Formation Meeting that he was solicited with "cold-calls"

before the Committee Formation Meeting from attorneys with whom his firm did not have any prior relationship.

21. Importantly, Mr. Liederman is not the only creditor on the consolidated list of the Debtors' thirty-largest creditors that informed the Debtors that he had been contacted by attorneys seeking to represent the Committee (with whom they did not have an existing relationship).

22. The Debtors do not know whether Mr. Liederman was solicited by Arent Fox or its competitors (and do not hereby accuse Arent Fox of soliciting him). However, such that the Debtors may raise this issue if appropriate, the Debtors are entitled to examine Mr. Liederman to determine whether grounds for an objection on this basis exist.

### **Basis for Relief**

23. As a contested matter, the Debtors are entitled to discovery in connection with the Arent Fox Application. *See* Fed. R. Bank. P. 9014(c). Bankruptcy Rule 7030 states, in pertinent part, that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the parties have not stipulated to the deposition and . . . the party seeks to take the deposition before the time specified in Rule 26(d) . . . ." Fed. R. Bank. P. 7030(a)(2)(A)(iii). Accordingly, the Debtors are filing this Emergency Motion seeking leave of the Court to conduct the depositions of Dr. Liu and Mr. Liederman in connection with the Arent Fox Application (and requiring the Committee to respond to the document requests in advance of such depositions).

24. Bankruptcy Rule 9006(b)(1) provides that "when an act is required or allowed to be done at or within a specified period . . . the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefore is made before the expiration of

6

the period originally prescribed . . . ." Fed. R. Bankr. P. 9006(b)(1). Cause exists to extend the objection deadline to the Arent Fox Application so that the Debtors can complete their investigation of the matters described herein.

### A. Relevant Ethical and Bankruptcy Standards

#### (i) Attorney Solicitation

25. As set forth in the ABA Model Rules of Professional Conduct, "[a] lawyer shall not by in-person, live telephone or real-time electronic contact solicit professional employment from a prospective client when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain, unless the person contacted: (1) is a lawyer; or (2) has a family, close personal, or prior professional relationship with the lawyer." ABA-AMRPC Rule 7.3; *see also* Rule 7.3 of the Delaware Lawyers' Rules of Professional Conduct (identical language); Rule 7.3 of the New York Rules of Professional Conduct ("[a] laywer shall not engage in solicitation by in-person or telephone contact, or by real-time or interactive computer-accessed communication unless the recipient is a close friend, relative, former client or existing client . . ."). The Annotation to Model Rule 7.3 further provides that:

> Lawyers may not use other people to solicit for them, and Rule 7.3 is sometimes invoked along with either Rule 7.2(b) (prohibiting paid recommendations) or Rule 8.4 (prohibiting use of third persons to violate Rules) to prohibit the practice. *See, e.g., In re O'Keefe*, 877 So. 2d 79 (La. 2004) (lawyer disbarred for paying "runners" to find and refer personal injury cases); *Miss. Bar v. Turnage*, 919 So. 2d 36 (Miss. 2005) (lawyer suspended for hiring former insurance salesperson to solicit clients for potential class suit against insurer); Md. Ethics Op. 98-30 (1998) (lawyer may not have bail bondsman pass out bondsman's business cards with lawyer's contact information printed on back); *see also Cincinnati Bar Ass'n v. Rinderknecht*, 679 N.E.2d 669 (Ohio 1997) (lawyer indefinitely suspended for setting up direct marketing service to solicit accident victims as clients for himself and chiropractor; decided under Ohio Code); *cf. Crook v. State*, No. 08-02-00382-CR, 2005 WL 1539187 (Tex. App. June 30, 2005) (lawyer

7

> convicted of felony barratry for hiring chiropractor's assistant to solicit auto accident victims; court invokes Rules 7.3 and 8.4 in analyzing offense).

*See* Annotations to ABA-AMRPC Rule 7.3, a copy of which is attached hereto as <u>Exhibit B</u>. And Model Rule 8.4 states that "[i]t is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another . . . ." ABN-AMRPC Rule 8.4(a). Accordingly, a lawyer cannot use a non-attorney as an intermediary in order to avoid the restrictions on the lawyers soliciting themselves.

26. Commentators also recognize the impropriety of solicitation by prospective committee professionals. *See, e.g.,* 21-Nov Am. Bankr. Inst. J. 12, *Solicitation of Clients: Are There Any Guidelines?"* A copy of this article is attached hereto as <u>Exhibit C</u>.

27. Accordingly, Arent Fox cannot solicit through Dr. Liu.

**(ii) Disinterestedness**

28. Although section 1103(b) of the Bankruptcy Code states that the relevant standard for employment of committee professionals is that "[a]n attorney or accountant employed to represent a committee . . . may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case," section 328(c) of the Bankruptcy Code still requires that committee professionals be "disinterested" in order to be compensated. 11 U.S.C. § 1103(b). Section 328 of the Bankruptcy Code provides:

> the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment . . . such person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

11 U.S.C. § 328(c).

29. Bankruptcy treatises recognize this tension ("[b]ecause section 1103(b) does not require a professional representing a committee to be a disinterested person or not to hold an interest adverse to the estate, a professional that holds an adverse interest or not qualifying as a disinterested person is not per se precluded from representing a committee. *However, section 328(c) of the Code empowers the court to deny compensation to any professional who holds an interest adverse to the estate or who is not disinterested.*"). 7 COLLIER ON BANKRUPTCY ¶ 1103.04[1] (Alan N. Resnick & Henry J. Somme reds., 16th ed.) (emphasis added).

### Certification

30. The Debtors certify that they have, by counsel, attempted to resolve these discovery issues outside of this Court. On both September 1 and September 2, the Debtors requested that the Committee consensually agree to produce Dr. Liu and Mr. Liederman for depositions. Ultimately, on the evening of September 2, the Committee's counsel responded that they believed that discovery was unnecessary and would only agree to a teleconference with counsel in lieu of the requested depositions.

### Notice

31. The Debtors have provided notice of this Emergency Motion to: (a) the Office of the United States Trustee; (b) counsel to the Debtors' secured lender; (c) counsel to the Committee; (d) the Office of the United States Attorney for the District of Delaware; (e) the Internal Revenue Service; and (f) all those persons and entities that have formally requested notice, pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

### No Prior Request

32. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order (a) directing the Committee, by no later than September 15, 2010, to produce Dr. Haishan Liu (U.S.-China Assets Management USA, LLC) and Bill Liederman (Jade-Sterling Steel Co., Inc.) for depositions to testify regarding matters that transpired prior to the appointment of the Committee (and to respond to the document requests in advance of such depositions), (b) extending the deadline to object to the Arent Fox Application until no earlier than three days after the depositions of Dr. Liu and Mr. Liederman are concluded, and (c) granting such other and further relief as is just and proper.

Dated: September 2, 2010

SAUL EWING LLP

Mark Minuti (DE Bar No. 2659)
Teresa K.D. Currier (DE Bar No. 3080)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, Delaware 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-6813

-and-

K&L GATES LLP
Harley J. Goldstein
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000

*Co-Counsel for the Debtors and Debtors in Possession*