UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| Universal Building Products, Inc., *dba* UBP, | : | Case Number 10-12453 (MFW) |
| | : | |
| | : | Jointly Administered |
| Debtors | : | **Hearing Date: 9/27/10 at 2:00 p.m.** |
| | : | **Objection Deadline: 9/13/10 at 4:00 p.m.** |
| | : | **Objection deadline extended to 9/20/10 at 4:00 p.m. for the U. S. Trustee.** |

**THE UNITED STATES TRUSTEE'S INITIAL OBJECTION TO THE APPLICATION TO EMPLOY/RETAIN ARENT FOX LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FILED BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS (D. E. 173)**

In support of her initial objection to the Application to Employ/Retain Arent Fox LLP ("Arent Fox") as Counsel to the Official Committee of Unsecured Creditors Filed by Official Committee of Unsecured Creditors (D. E. 173) (the "Application"), Roberta A. DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, states as follows:

**INTRODUCTION**

1. Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Application and this objection.

2. Under 28 U.S.C. § 586(a)(3)(I), the U.S. Trustee is charged with monitoring applications filed under 11 U.S.C. § 327 "and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications." The U.S. Trustee has a corresponding duty to review applications filed under 11 U.S.C. § *1103. See, e.g., In re Calabrese*, 173 B.R. 61 (Bankr. D. Conn. 1994). This duty is part of the U.S. Trustee's

1

responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Application and the issues raised in this objection.

## PRELIMINARY STATEMENT

4. In the Application, the Committee seeks to retain Arent Fox (and through the Application to retain Dr. Hashain Liu as the Committee's translator) to represent its interests in these proceedings. However, questions have been raised as to the adequacy of Arent Fox's disclosure regarding its relationship with the translator and/or other creditors. However, the U. S. Trustee is in need of further facts and information and must be afforded the opportunity to take discovery in order to fully review, examine and ascertain if Arent Fox has, *inter alia*, a disqualifying conflict of interest or has failed to adequately disclose its connections.

## STATEMENT OF RELEVANT FACTS

5. On August 4, 2010 (the "Petition Date"), each of the Debtors filed a petition with the Court for relief under chapter 11 of the Bankruptcy Code. These cases are jointly administered.

6. On August 13, 2008, the United States Trustee for the District of Delaware held a meeting for the purpose of forming an official committee of unsecured creditors. On this date, the U. S. Trustee appointed an Official Committee of Unsecured Creditors ("Committee") pursuant to Section 1102(a) of the Bankruptcy Code.

7. The Committee seeks to employ and retain Arent Fox as its lead counsel in connection with these Chapter 11 Cases.

8. As set forth in the Application, the Committee also intends to utilize the services of Dr. Haishan Liu ("Dr. Liu") of US-China Assets Management USA, LLC, a proxy-holder for a creditor and who was present at the formation meeting, as a Chinese language translator to communicate with the lone Chinese creditor on the Committee. Arent Fox states that Dr. Liu was involved with this case from the "petition date" (a date before the Committee was formed) and that Arent Fox represents US-China Assets Management USA, LLC in certain non-bankruptcy matters and other parties in several bankruptcy cases in which Dr. Liu and/or US-China Assets Management USA, LLC acts in various capacities. *See*, Affidavit of Andrew Silfan at Paragraph 12.

9. Thereafter, the Debtors filed an Emergency Motion to (A) Compel Discovery in Connection with Application for an Order Authorizing Employment and Retention of Arent Fox LLP as Attorneys for the Official Committee of Unsecured Creditors Nunc Pro Tunc to August 13, 2010 and (B) Extend Deadline to Object Thereto (D. E. 214).

10. In the Debtors' Emergency Motion, the Debtors raise questions concerning, *inter alia*, a possible arrangement between Dr. Liu and Arent Fox where Arent Fox obtains creditor committee engagements with the assistance of Dr. Liu in exchange being retained by the Committee in such cases.

11. Such questions and issues impinge upon Arent Fox's ability to be retained in this case by the Committee and the adequacy of its disclosures regarding its relationship with Dr. Liu.

**GROUNDS/BASIS FOR RELIEF**

9. 11 U.S.C. §§ 1103(a, b) provides:

> (a) At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select one or more attorneys, accountants, or other agents, to represent or perform services for such committee.
>
> (b) An attorney or accountant employed to represent a committee under section 1102 of this title may not, while employed by such committee, ***represent any other entity having an adverse interest in connection with the case***. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

11 U.S.C. §§ 1103(a) & (b) (emphasis supplied).

11. FED.R.BANKR.P. 2014(a), provides that a professional seeking to be employed pursuant to Sections 327, 1103 or 1114 of the Bankruptcy Code must disclose certain relationships: "The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Under Del. Bankr. LR 2014-1(a), the duty of disclosure imposed by FED.R.BANKR.P. 2014(a) is a continuing duty:

> Promptly after learning any additional material information relating to such employment (such as potential or actual conflicts of interest), the professional employed or to be employed shall file and serve a supplemental affidavit setting forth the additional information.

11. Section 328(c) of the Bankruptcy Code provides a tool for enforcement of the continuing duty of disclosure. Thus, in *In re Leslie Fay Companies*, 175 B.R. 525, where the debtor's counsel failed to disclose to the court its ongoing representation of the Audit Committee and its members, the court reduced counsel's compensation, holding that:

4

> All facts that may have any bearing on the disinterestedness of a professional must be disclosed. Consistent with the duty placed on the professional, it is the responsibility of the professional, not of the court, to make sure that all relevant connections have been brought to light. [citations omitted]. So important is the duty of disclosure that the failure to disclose relevant connections is an independent basis for the disallowance of fees or even disqualification. [citations omitted].

175 B.R. at 533.

12. The court and parties-in-interest police conflicts through mandatory disclosure of relationships under FED.R.BANKR.P. 2014(a). The scope of disclosure is broader than the question of disqualification; the applicant and the professional must disclose, without exception, all connections and not merely those that rise to the level of conflicts. *In re Granite Partners, L.P.*, 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998).

13. Disclosure 'goes to the heart of the integrity of the bankruptcy system.'" *In re eToys, Inc.*, 331 B.R. 176, 189 (Bankr. D.Del. 2005), *quoting In re B.E.S. Concrete Prods., Inc.*, 93 B.R. 228, 236 (Bankr. E.D.Cal. 1988).

14. In *In re Enron Corp.,* 2003 WL 223455 (S.D.N.Y. 2003), the court observed: "The purpose of Rule 2014(a) is to provide the court and the United States trustee with information to determine whether the professional's employment is in the best interests of the estate." For that reason, the duty disclosure is not merely critical, it is sacrosanct. *eToys, supra*, 331 B.R. at 189.

15. The professional must disclose all connections; he may not pick and choose which connections to disclose and which to ignore as unimportant or trivial. *In re Jore Corporation*, 2003 WL 22048517, *20 (Bankr. D. Mont. July 28, 2003). The reason is simple: "[t]he decision as to what facts may be relevant should not be left up to the professional, 'whose judgment may be

clouded by the benefits of potential employment.'" *In re Fibermark, Inc.*, 2006 WL 723495at *8 (Bankr. D.Vt. March 11, 2006), *quoting In re Lee*, 94 B.R. 172, 177 (Bankr. C.D.Cal. 1988). The professional may not leave the court or other parties-in-interest to search the record for such relationships or otherwise to ferret them out. *In re BH & P, Inc.*, 949 F.2d 1300, 1317-18 (3d Cir. 1991)[1].

15. The extent of such connections and the possible non-disclosure by Arent Fox affects its ability to be retained in these cases and the facts and circumstances surrounding these issues must probed before Arent Fox may serve on behalf of the Committee.

15. The U. S. Trustee reserves and any all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Initial Objection and to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

**THIS SPACE HAS BEEN LEFT BLANK INTENTIONALLY**

---

[1] Disclosure must be complete; the professional cannot coyly provide some information while withholding the true nature of the potential or actual conflict. *See, In re BH&P, Inc.*, 119 B.R. 35, 44 (D. N. J. 1990), *Aff'd,* 949 F.2d 1300 (3d Cir. 1991) (duty to disclose requires "maximum disclosure")(quoting *In re Glenn Electric Sales Corp.*, 99 B.R. 596, 600 (D. N. J. 1988)).

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Application and permit the U. S. Trustee the opportunity to take discovery and for any and all other and  further relief deemed appropriate.

                                            Respectfully submitted,

                                            **ROBERTA A. DEANGELIS**
                                            **UNITED STATES TRUSTEE**

                                **BY:**  /s/ Richard L. Schepacarter
                                            Richard L. Schepacarter
                                            Trial Attorney
                                            United States Department of Justice
                                            Office of the United States Trustee
                                            J. Caleb Boggs Federal Building
                                            844 King Street, Room 2207, Lockbox 35
                                            Wilmington, DE  19801
                                            (302) 573-6491
                                            (302) 573-6497 (Fax)

Date:  September 16, 2010