UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| Universal Building Products, Inc., *dba* UBP, | : | Case Number 10-12453 (MFW) |
| | : | |
| | : | Jointly Administered |
| Debtors | : | **Hearing Date: 9/27/10 at 2:00 p.m.** |
| | : | **Objection Deadline: 9/15/10 at 4:00 p.m.** |

**RESERVATION OF RIGHTS OF THE UNITED STATES TRUSTEE WITH RESPECT TO THE APPLICATIONS TO EMPLOY/RETAIN ELLIOTT GREENLEAF AS CO-COUNSEL AND THE APPLICATION TO EMPLOY/RETAIN NHB ADVISORS, INC. AS FINANCIAL ADVISOR FILED BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND ANY AND ALL MONTHLY, QUARTERLY AND FINAL FEE APPLICATIONS FILED BY ELLIOTT GREENLEAF AND NHB ADVISORS, INC**

In the Reservation of Rights of the United States Trustee with Respect to the Applications to Employ/Retain Elliott Greenleaf as Co-Counsel and the Application to Employ/Retain NHB Advisors, Inc. as Financial Advisor Filed by Official Committee of Unsecured Creditors and Any and All Monthly, Quarterly and Final Fee Applications Filed by Elliott Greenleaf and NHB Advisors, Inc., Roberta A. DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel and based upon information and belief, states as follows:

**INTRODUCTION**

1. Under (i) 28 U.S.C. § 1334; (ii) an applicable order of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Objection and Response.

2. Under 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system and specifically charged with appointing creditors commitees pursuat to 11 U.S.C. 1102(a) and monitoring creditors committees appointed under title 11 pursuant to 28 U.S.C.

1

586(a)(3)(E). *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the United States trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States trustee as a "watchdog").

3. The United States Trustee has standing to raise these issues and make this Reservation of Rights pursuant to 11 U.S.C. § 307.

## BACKGROUND

4. On August 4, 2010 (the "Petition Date"), each of the Debtors filed a petition with the Court for relief under chapter 11 of the Bankruptcy Code. These cases are jointly administered.

5. On August 13, 2008, the United States Trustee for the District of Delaware held a meeting for the purpose of forming an official committee of unsecured creditors. On this date, the U. S. Trustee appointed an Official Committee of Unsecured Creditors ("Committee") pursuant to Section 1102(a) of the Bankruptcy Code.

6. The Committee seeks to employ and retain Arent Fox, LLP as it's lead counsel in connection with these Chapter 11 Cases. In conjunction with that retention, the Committee also seeks to retain to employ and retain both Elliott Greenleaf ("EG") as its local co-counsel. (D. E. 145) and NHB Advisors, Inc. ("NHB") as its Financial Advisor (D. E. 182).

7. The Debtors filed an Emergency Motion to (A) Compel Discovery in Connection with Application for an Order Authorizing Employment and Retention of Arent Fox LLP as Attorneys for the Official Committee of Unsecured Creditors Nunc Pro Tunc to August 13, 2010

2

and (B) Extend Deadline to Object Thereto (D. E. 214).

8. In the Debtors' Emergency Motion, the Debtors raise questions concerning, *inter alia*, an arrangement between Dr. Liu and Arent Fox where Arent Fox obtains creditor committee engagements in exchange for Dr. Liu indirectly being compensated in such cases, in violation of either the applicable professional responsibility rules; or the retention requirements and standard contained in the Bankruptcy Code and Bankruptcy Rules.

9. Since the filing of the Emergency Motion, EG has filed a supplemental affidavit disclosing its prior connection to Dr. Liu. Upon continuing discovery, questions and issues may also arise as to EG and NHB's ability to be retained by the Committee and serve as professionals in these cases and the adequacy of their disclosures.

## **GROUNDS/BASIS FOR RESERVATION**

10. 11 U.S.C. §§ 1103(a) & (b) provide that Committees may hire one or more attorneys to represent or perform services for such committee provided that the attorney while employed by such committee, does not represent any other entity having an adverse interest in connection with the case. 11 U.S.C. §§ 1103(a) & (b).

11. Under FED.R.BANKR.P. 2014(a), a professional seeking to be employed pursuant to Sections 327, 1103 or 1114 of the Bankruptcy Code must disclose certain relationships and under Del. Bankr. LR 2014-1(a) highlights the fact that the duty of disclosure imposed by FED.R.BANKR.P. 2014(a) is a continuing duty.

12. Additionally, Section 328(c) of the Bankruptcy Code provides a tool for the enforcement of the continuing duty of disclosure. *In re Granite Partners, L.P.*, 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998). "Disclosure 'goes to the heart of the integrity of the bankruptcy

3

system.'" *In re eToys, Inc.*, 331 B.R. 176, 189 (Bankr. D.Del. 2005), *quoting In re B.E.S. Concrete Prods., Inc.*, 93 B.R. 228, 236 (Bankr. E.D.Cal. 1988). Disclosure must be complete; the professional cannot coyly provide some information while withholding the true nature of the potential or actual conflict. *See, In re BH&P, Inc.*, 119 B.R. 35, 44 (D. N. J. 1990), *Aff'd,* 949 F.2d 1300 (3d Cir. 1991) (duty to disclose requires "maximum disclosure")(quoting *In re Glenn Electric Sales Corp.*, 99 B.R. 596, 600 (D. N. J. 1988)).

13. The court may find a disclosure violation even where it would not have found a professional not disinterested had there been timely and complete disclosure of a connection. *Matter of Olsen Indus., Inc.*, 222 B.R. 49, 60 (Bankr. Del. 1997). Indeed, a disclosure violation, even one that is merely negligent rather than willful, and even one that causes no harm, may nonetheless result in sanctions that include disqualification and/or disallowance of fees. *BH&P, supra*, 949 F.2d at 1318; *see also Jore, supra*, at *20.[1]

14. Accordingly, the U. S. Trustee reserves any and all rights, remedies and obligations to, *inter alia*, move to disqualify EG upon facts that may be revealed and ascertained upon continuing discovery and object to any and all Monthly and/or Quarterly Interim Fee Applications, any Final Fee Applications filed by or on behalf of EG in these Chapter 11 cases.

15. Furthermore, the U.S. Trustee reserves and any all rights, remedies and obligations to, *inter alia*, take any further action as may be required or to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as

---

[1] In *In re A C and S, Inc.*, 297 B.R. 395 (Bankr. D. Del. 2003), the court noted that "[n]ot every violation of the disclosure requirements of the Code and Rules requires disgorgement [of fees], but 'a bankruptcy court should punish a willful failure to disclose connections under FED.R.BANKR.P. 2014 as severely as an attempt to put forth a fraud on the court.'" *Id.* at 405, *quoting In re Crivello*, 134 F.3d 831, 836-37 (7th Cir. 1998).

4

may become apparent, to file any appropriate motion or action for disgorgement, disqualification and/or take any other action at law, equity or otherwise.

          Respectfully submitted,

          **ROBERTA A. DEANGELIS**
          **UNITED STATES TRUSTEE**

**BY:** /s/Richard L. Schepacarter
      Richard L. Schepacarter, Esquire
      Trial Attorney
      United States Department of Justice
      Office of the United States Trustee
      J. Caleb Boggs Federal Building
      844 King Street, Suite 2207, Lockbox 35
      Wilmington, DE 19801
      (302) 573-6491

Dated: September 16, 2010      (302) 573-6497 (Fax)