# Exhibit I



**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**ENTERED
03/19/2009**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **TKO SPORTS GROUP USA** | § | **Case No. 05-48509-H4-11** |
| **LIMITED,** | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | |

## ORDER GRANTING EXPEDITED MOTION TO UNSEAL PLEADINGS FILED IN THE TKO SPORTS GROUP USA LIMITED BANKRUPTCY CASE
[Docket No. 435]

On January 15, 2009, the North Bay General Hospital, Inc. (North Bay) filed an "Expedited Motion to Unseal Pleadings Filed in the TKO Sports Group USA Limited Bankruptcy Case" (the Motion). [Docket No. 435.] North Bay originally filed the Motion in Adversary Proceeding Number 08-03422 (the Adversary Proceeding), which was pending in the Chapter 11 case styled as *In re North Bay General Hospital, Inc.*, Case Number 08-20368. North Bay also filed the Motion in this Chapter 11 case, *In re TKO Sports Group USA Limited*, Case No. 05-48509 (the TKO Case).

On February 3, 2009, this Court held a hearing on the Motion in both the Adversary Proceeding and the TKO Case. On March 18, 2009, the Court issued written Findings of Fact and Conclusions of Law regarding the Motion in the Adversary Proceeding. These Findings of Fact and Conclusions of Law are attached to this Order. For the reasons set forth in the attached Findings of Fact and Conclusions of Law, the Court concludes that the Motion should also be granted in the TKO Case.

Accordingly, it is

ORDERED that the Motion is GRANTED in its entirety; and it is further

ORDERED that docket numbers 342, 391, 406, 407, 412, 416, and 417 in the TKO Case shall be immediately unsealed.

Signed on this 19th day of March, 2009.

Jeff Bohm
United States Bankruptcy Judge



ENTERED
03/18/2009

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| NORTH BAY GENERAL HOSPITAL, INC., | § | Case No. 08-20368-H4-11 |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| NORTH BAY GENERAL HOSPITAL, INC., | § | Adv. Proceeding  No. 08-03422 |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| THOMAS MCNAULL, individually; WALKER WILCOX MATOUSEK, LLP f/k/a MCCLAIN & PATCHIN, P.C.; ARENT FOX LLP; SCHUYLER G. CARROLL; BARNET B. SKELTON, JR., P.C., CLEAR THINKING GROUP, LLC; JOSEPH MYERS; ALLIANCE IMAGING, INC.; and DANIEL F. PATCHIN, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING: (I) DEBTOR'S EXPEDITED MOTION TO UNSEAL PLEADINGS FILED IN THE TKO SPORTS GROUP USA LIMITED BANKRUPTCY CASE; (II) OBJECTION OF DEFENDANT ARENT FOX LLP TO DEBTOR'S EXPEDITED MOTION TO UNSEAL PLEADINGS FILED IN THE TKO SPORTS GROUP USA LIMITED BANKRUPTCY CASE; AND (III) MOTION OF ARENT FOX LLP TO STRIKE DEBTOR'S SECOND SUPPLEMENTAL BRIEF SUPPORTING UNSEALING THE TKO DOCUMENTS**
[Docket Nos. 17, 25, & 123]

### I. INTRODUCTION

The plaintiff in this adversary proceeding has moved to unseal pleadings that were sealed

pursuant to an agreed order in a prior, unrelated bankruptcy case.  These pleadings were sealed

without any showing that the pleadings were entitled to protection and without specific findings from the bankruptcy court. The plaintiff argues that the public policy favoring the settlement of disputes should not subvert the public's general right to access judicial records and files. This Court agrees. For the reasons set forth in these Findings of Fact and Conclusions of Law, the plaintiff's motion to unseal the pleadings should be granted and the defendant's objection should be overruled.

## II. FINDINGS OF FACT

1.  On October 11, 2005, TKO Sports Group USA Limited filed a voluntary Chapter 11 petition, initiating case number 05-48509 (the TKO Case). [Case No. 05-48509, Docket No. 1.]

2.  On September 21, 2006, Arent Fox LLP (Arent Fox), counsel for the Official Committee of Unsecured Creditors in the TKO Case (the Committee) filed its final fee application in that case. [Case No. 05-48509, Docket No. 335.] On September 22, 2006, local counsel for the Committee also filed a fee application in the TKO Case. [Case No. 05-48509, Docket No. 337.]

3.  These fee applications were hotly contested. On October 10, 2006, the debtor in the TKO Case filed an objection to the fee applications. [Case No. 05-48509, Docket No. 342.] On February 8, 2007, the Committee filed a response to that objection. [Case No. 05-48509, Docket No. 391.] On April 3, 2007, the debtor in the TKO Case supplemented its objection, attaching the deposition of Joseph E. Myers[1] (the Myers Deposition). [Case No. 05-48509, Docket No. 406.] On April 3, 2008, the debtor also filed an objection to two fee application supplements filed by the Committee. [Case No. 05-48509, Docket No. 407.] On April 5,

---

[1] Joseph E. Myers sat on the Committee as proxy for Olympic International Limited, a creditor in the TKO Case.

2007, Clear Thinking Group[2] filed a response to the debtor's supplemental objection. [Case No. 05-48509, Docket No. 412.] On April 9, 2007, the Committee filed a response to the debtor's supplemental objection. [Case No. 05-48509, Docket No. 416.] Finally, on April 10, 2007, the Committee filed a response to the debtor's objection to the fee application supplements.   [Case No. 05-48509, Docket No. 417.]   Collectively, these documents—comprising docket numbers 342, 391, 406, 407, 412, 416, and 417 in the TKO Case—shall hereinafter be referred to as "the Pleadings."

4.    On July 19, 2007, the debtor in the TKO Case and Arent Fox reached a settlement regarding the fee dispute and filed an agreed order entitled, "Agreed Stipulation and Order Granting the Final Application for Allowance of Compensation and Reimbursement of Expenses of Attorneys for the Official Committee of Unsecured Creditors, Resolving Unpaid Allowed Fees of the Committee's Accountants and Financial Advisors and Providing for Related Relief" (the Agreed Order). [Case No. 05-48509, Docket No. 429.] This Court signed off on the Agreed Order on that same date.

5.    The Agreed Order provides, inter alia, that the Pleadings shall be sealed pursuant to 11 U.S.C. § 107(b). Specifically, paragraph 7 the Agreed Order provides as follows:

> Pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Clerk of the Court for the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Clerk of the Court") is directed to file under seal the Objection (Docket No. 342), Response (Docket No. 391), Supplemental Objection (Docket No. 406), Objection to Supplements (Docket No. 407), CTG Response (Docket No. 412) and Supplemental Responses (Docket Nos. 416 and 417) (collectively the

---

[2] Clear Thinking Group is a company in which Joseph E. Myers acts as managing director. Clear Thinking Group had no pecuniary interest in the TKO Case, but rather filed its response because it felt that it had been maligned in the debtor s supplemental objection to Arent Fox's fee application in that case.

"Pleadings"). The Pleadings shall be maintained and filed under seal, and may not be unsealed unless and until permitted by further order of this Court upon prior notice to the Committee and Arent Fox. Such documents shall remain under seal and confidential and no such documents shall be made available, released or disclosed to anyone, other than as set forth in this Stipulation and Order. The following persons may have access to the Pleadings: (a) the Court, (b) the Office of the United States Trustee, (c) the Debtor and (d) the Committee.

[Case No. 05-48509, Docket No. 429, ¶ 7.]

6.    On August 28, 2007, this Court issued an order closing the TKO Case. [Case No. 05-48509, Docket No. 432.] This order expressly provides that this Court shall retain jurisdiction over the Agreed Order.

7.    On February 9, 2005, North Bay General Hospital, Inc. (the Debtor), an entity completely unrelated to the debtor in the TKO Case, filed a Chapter 11 petition in this Court commencing case number 05-32121 (the Debtor's 2005 Case). [Case No. 05-32121, Docket No. 1.] Arent Fox was retained as counsel for the Official Committee of Unsecured Creditors in that case. On June 30, 2006, the Debtor's plan was confirmed in the Debtor's 2005 Case. [Case No. 05-32121, Docket No. 412.]

8.    On July 8, 2008, the Debtor filed a second voluntary Chapter 11 petition in this Court, commencing Case Number 08-20368 (the Debtor's 2008 Case). [Case No. 08-20368, Docket No. 1.]

9.    On October 31, 2008, in the Debtor's 2008 Case, the Debtor initiated an adversary proceeding styled *North Bay General Hospital, Inc. v. Thomas McNaull; Walker Wilcox Matousek, LLP f/k/a McClain & Patchin, P.C.; and Arent Fox, PLLC*, Adversary No. 08-03422 (the Adversary Proceeding), to recover alleged fraudulent and preferential transfers

4

mace to Thomas McNaull, Walker Matousek, LLP f/k/a McClain & Patchin, P.C., and Arent Fox. [Adversary No. 08-03422, Docket No. 1.]

10.     On December 4, 2008, the Debtor filed an "Expedited Motion to Unseal Pleadings Filed in the TKO Sports Group USA Limited Bankruptcy Case" (the Motion to Unseal). [Adversary No. 08-03422, Docket No. 17.] In the Motion to Unseal, the Debtor requests that this Court unseal the Pleadings in the TKO Case.

11.     The Debtor asserts that the Pleadings should be unsealed because they provide "evidence of a pattern of wrongdoing in the way Arent Fox was retained in the TKO Case and [the Debtor's] 2005 [C]ase." [Adversary No. 08-03422, Docket No. 17, ¶ 12.] The Debtor also contends that because it has already obtained some of the Pleadings from the U.S. Trustee, and because the Debtor has been charged for the Myers Deposition, the Pleadings should be unsealed or, alternatively, made available to the Debtor, its counsel, and the U.S. Trustee. [Adversary No. 08-03422, Docket No. 17, ¶ 15.]

12.     On December 9, 2008, Arent Fox, a defendant in the Adversary Proceeding, filed an objection to the Motion to Unseal entitled, "Objection of Defendant Arent Fox LLP to Debtor's Expedited Motion to Unseal Pleadings Filed in the TKO Sports Group USA Limited Bankruptcy Case" (the Objection). [Adversary No. 08-03422, Docket No. 25.] In the Objection, Arent Fox gives three reasons why it believes the Motion to Unseal should be denied: First, Arent Fox argues that the Debtor failed to follow the proper procedure for unsealing documents by not intervening in the TKO Case, and therefore not giving proper notice to all parties who have an interest in keeping the Pleadings sealed. Second, Arent Fox argues that because the Pleadings were sealed as part of a settlement, public policy favoring

5

the settlement of disputes dictates that the Agreed Order should not be disturbed. Third, Arent Fox argues that the Motion to Unseal is premature because Arent Fox has filed a motion to dismiss the Debtor's complaint and because the Debtor has sought leave to amend its complaint.[3]

13.    On December 23, 2008, the Debtor filed "North Bay General Hospital, Inc.'s Memorandum in Support of the Motion to Unseal Pleadings Filed in the TKO Sport's Group USA Limited Bankruptcy Case" (the Memorandum in Support). [Adversary No. 08-03422, Docket No. 44.] In the Memorandum in Support, the Debtor reasserts its arguments for unsealing the Pleadings made in the Motion to Unseal and responds to arguments made by Arent Fox in the Objection. The Debtor contends that the parties to the Agreed Order have, in essence, waived their right to expect that the Pleadings be kept confidential because the pleadings were served on interested parties who are not signatories to the Agreed Order. Part and parcel to this argument, the Debtor points out that the interested parties (and the public at large) had one hundred days between the time the Pleadings were filed and the time they were sealed to read and disseminate the Pleadings. The Debtor also argues that it is entitled to access the Myers Deposition transcript because Arent Fox has charged the Debtor for the costs of transcribing the Myers deposition. In the Memorandum in Support, the Debtor also requests that this Court take judicial notice of the Pleadings in the Adversary Proceeding. The Debtor also argues that paragraph 7 of the Agreed Order should be vacated because it

---

[3] The third argument advanced by Arent Fox in the Objection is moot. On January 20, 2009, this Court issued an Order Denying Arent Fox LLP's Motion to Dismiss First Amended Complaint. [Adversary No. 08-03422, Docket No. 81.] Additionally, on that same day, this Court issued an order granting the Debtor's motion for leave to amend its complaint. [Adversary No. 08-03422, Docket No. 83.] The Debtor filed its Second Amended Complaint on January 16, 2009. [Adversary No. 08-03422, Docket No. 68.]

6

infringes on the public's general right to access public records.

14.     On January 7, 2009, Arent Fox filed a response to the Memorandum in Support entitled,
"Response of Defendant Arent Fox LLP to North Bay General Hospital, Inc.'s Supplemental
Memorandum in Support of Motion to Unseal Pleadings" (the Response). [Adversary No.
08-03422, Docket No. 52.]  In the Response, Arent Fox asserts that the Pleadings were
properly sealed pursuant to 11 U.S.C. § 107(b)(2), which requires the bankruptcy court to
seal pleadings containing "scandalous or defamatory matter." Arent Fox also argues that the
fact that the Pleadings were served on various interested parties before they were sealed does
not require this Court to unseal the Pleadings because 11 U.S.C. § 107(b)(2) specifically
applies to documents already filed with the Court.

15.     On January 12, 2009, the Debtor filed a reply to the Response entitled "North Bay General
Hospital, Inc.'s Reply to Arent Fox, LLP's Response to Debtor's Supplemental
Memorandum in Support of Motion to Unseal Pleadings" (the Reply). [Adversary No. 08-
03422, Docket No. 58.]  In the Reply, the Debtor challenges Arent Fox's contention that the
right of public access to judicial proceedings is expressly curtailed by 11 U.S.C. § 107(b).
The Debtor also contends that § 107 only applies to documents filed with the Court and,
therefore, the Debtor is not required to return the copies of the Pleadings obtained from the
U.S. Trustee.

16.     On January 14, 2009, this Court held a hearing on the Motion to Unseal. At that hearing, the
Court requested that counsel for the Debtor draft a proposed order reopening the TKO Case.
In order to ensure that interested parties from the TKO Case received due process, the Court
required counsel for the Debtor to provide notice of the hearing on the Motion to Unseal to

7

all interested parties from the TKO Case.

17.   On January 15, 2009, the Debtor filed a motion in the TKO Case to reopen that case (the Motion to Reopen). [Case No. 05-48509, Docket No. 434.]  On that same date, the Debtor also filed the Motion to Unseal in the TKO Case. [Case No. 05-48509, Docket No. 435.] Further, on that same date, the Debtor also filed a certificate of service certifying that the Motion to Reopen and the Motion to Unseal had been served on all interested parties, including the parties who signed the Agreed Order, all committee members, and all parties requesting notice. [Case No. 05-48509, Docket No. 436.] The certificate of service contains a list of the parties from the TKO Case that were served and the method of service used.

18.   On January 20, 2009, this Court issued an order granting the Motion to Reopen, thereby reopening the TKO Case. [Case No. 05-48509, Docket No. 438.]

19.   On February 3, 2009, this Court continued the hearing on the Motion to Unseal in the TKO Case. At this hearing, Tad Davidson, attorney for Garry Kurtz, the CEO of TKO Holdings (the Debtor in the TKO Case and a party to the Agreed Order), stated on the record that his client does not oppose the Motion to Unseal, but requested that the TKO Case be re-closed upon completion of the hearing. The Court heard arguments of counsel and took the Motion to Unseal under advisement.

20.   On February 9, 2009, in the TKO Case and in the Adversary Proceeding, the Debtor filed "North Bay General Hospital, Inc.'s Second Supplemental Brief Supporting Unsealing the TKO Documents"(the Supplemental Brief). [Case No. 05-48509, Docket No. 444]; [Adversary No. 08-03422, Docket No. 122.]

21.   On February 10, 2009, in the Adversary Proceeding, Arent Fox filed a motion to strike the Supplemental Brief entitled, "Expedited Motion of Arent Fox LLP to Strike North Bay

8

General Hospital, Inc.'s Second Supplemental Brief Supporting Unsealing the TKO Documents" (the Motion to Strike). [Adversary No. 08-03422, Docket No. 123.] In the Motion to Strike, Arent Fox contends that the Debtor was required, pursuant to Fed. R. Bankr. P. 7015(d), but failed to seek leave of Court before filing the Supplemental Brief.

22.     On February 11, 2009, in the Adversary Proceeding, the Debtor filed "North Bay General Hospital, Inc.'s Response to Arent Fox PLLC's Motion to Strike North Bay's Second Supplemental Brief Supporting Unsealing the TKO Documents" (the Response to the Motion to Strike). [Adversary No. 08-03422, Docket No. 124.] In the Response to the Motion to Strike, the Debtor contends that Fed. R. Bankr. P. 7012(f) and Fed. R. Bankr. P. 7015(d) both apply only to "pleadings" and that the Supplemental Brief is not a pleading.

## III. CONCLUSIONS OF LAW

### A.     Jurisdiction and Venue

The Court has jurisdiction over the Adversary Proceeding, and the Motion to Unseal brought in the Adversary Proceeding, pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and the general "catch-all" language of 28 U.S.C. § 157(b)(2). See In re Southmark Corp., 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."); In re Ginther Trusts, No. 06-3556, 2006 WL 3805670, at *19 (Bankr. S.D. Tex. Dec. 22, 2006) (holding that an "Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b)(2) even though the laundry list of core proceedings under § 157(b)(2) does not specifically name this particular circumstance"). Additionally, because the Debtor has requested this Court to unseal filings that were sealed pursuant to this Court's order in a prior case, adjudication of this dispute comports with this Court's broad

9

"supervisory power over its own records and files." *Macias v. Aaron Rents, Inc.*, 288 Fed. Appx. 913, 915 (5th Cir. 2008). Venue is proper pursuant to 28 U.S.C. § 1409.

This Court has jurisdiction over the TKO Case pursuant to 28 U.S.C. §§ 1334(b) and § 157(a) because the Court ordered that the TKO Case be re-opened for administrative purposes. 11 U.S.C. § 350(b) provides, "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The Fifth Circuit has determined that "[t]he phrase 'or other cause' as used in § 350(b) is a broad term which gives the bankruptcy court discretion to reopen a closed estate or proceeding when cause for such reopening has been shown." *In re Case*, 937 F.2d 1014, 1018 (5th Cir. 1991) (citing *In re Rosinski*, 759 F.2d 539, 540-41 (6th Cir. 1985) and *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324, 326 (4th Cir. 1984)). Here, good cause for reopening the TKO case has been shown. The Debtor has requested that this Court unseal filings that were sealed in the TKO Case pursuant to the Agreed Order. Indeed, in its order closing the TKO Case, this Court expressly provided that it would retain jurisdiction over the Agreed Order. [Finding of Fact No. 6.] Therefore, this Court, pursuant to its authority under § 350(b), reopened the TKO Case for the limited, administrative purpose of determining whether to unseal the Pleadings.

**B.   The Motion to Strike the Debtor's Supplemental Brief**

Arent Fox asserts that this Court should strike the Debtor's Supplemental Brief because the Debtor filed it in contravention of Bankruptcy Rule 7015(d), which requires the Debtor to obtain leave of Court before filing any supplemental pleadings. The Debtor argues that its' Supplemental Brief is not a pleading but merely a brief. The Court agrees with the Debtor.

First, it is important to point out that Bankruptcy Rule 7015 does not contain a subsection (d). Rather, Bankruptcy Rule 7015 consists of one sentence: "Rule 15 F.R.Civ.P. applies in

10

adversary proceedings." Fed. R. Bankr. P. 7015. Federal Rule of Civil Procedure 15 does contain a subsection (d), which provides, inter alia, that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

As the Fifth Circuit has recognized, "[a] post-trial brief is not a 'pleading.'" *Dartez v. Owens-Illinois, Inc.*, 910 F.2d 1291, 1294 (5th Cir. 1990). Rather, post-hearing memoranda are commonly utilized to clarify and provide additional support for arguments raised at the hearing. The Supplemental Brief does not contain any new factual allegations or legal theories; rather, it is largely dedicated to drawing this Court's attention to *In re FiberMark, Inc.*, 330 B.R. 480 (Bankr. D. Vt. 2005), which the Debtor contends is analogous to the dispute at bar.

Because the Supplemental Brief is not a "pleading," the Debtor did not need this Court's permission to file it after the February 3, 2009 hearing. Therefore, Arent Fox's Motion to Strike should be denied.

## C.   The Debtor's Motion to Unseal Pleadings

The Debtor argues that the Pleadings should be unsealed because the parties to the Agreed Order failed to overcome the "presumption of openness"—that is, the presumption that judicial records and filings should remain open and available for public inspection. In the alternative, the Debtor asserts that Arent Fox cannot reasonably expect the material in the Pleadings to remain confidential because copies of those pleadings were distributed to interested parties before the Agreed Order was approved and those copies were never recalled. As a final alternative, the Debtor asserts that, at the very least, it should be allowed to view the Myers Deposition because Arent Fox has brought a claim against the Debtor's Chapter 11 estate for the costs of transcribing that deposition.

11

Arent Fox argues that despite the fact that the TKO Case was reopened and the Debtor sent notice of the hearing to all interested parties in that case, the Debtor still may not obtain the relief it seeks because it has not formally sought to intervene in that case. Arent Fox also argues that unsealing the Pleadings would deprive the parties to the Agreed Order of the benefit of their bargain and would contravene the policy of fostering and encouraging settlement. Finally, Arent Fox argues that 11 U.S.C. § 107(b)(2) provides an exception to the rule that the public generally has a right to access judicial records.

For the reasons set forth below, this Court agrees with the Debtor. The parties to the Agreed Order in the TKO case, and Arent Fox in this Adversary Proceeding, have failed to overcome the presumption of public access to judicial records. Because this Court agrees that the Pleadings should not have been sealed in the first place, the Court need not address the Debtor's alternative arguments.

### 1.    The Common Law Presumption of Public Access

"[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right of public access serves to "promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *SEC v. Van Waeyenberghie*, 990 F.2d 845, 849 (5th Cir. 1993) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)). Thus, "[u]nder the common law, there is a long-standing presumption of public access to judicial records." *Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1, 6 (1st Cir. 2005).

However, the common law presumption of public access to judicial records is not absolute. *Id.*; *see also Van Waeyenberghie*, 990 F.2d at 848 ("[T]he common law right of access to judicial records is not absolute."); *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)

("[T]here are well-recognized situations in which the seal may and should be used."). As the Supreme Court has recognized, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. Therefore, the Court must "balance the factors favoring secrecy against the common law presumption of access." *Bank of Am. Nat'l Trust v. Hotel Rittenhouse*, 800 F.2d 339, 345 (3d Cir. 1986). Because this balancing exercise is fact intensive, "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. The decision to seal court records and pleadings should not be taken lightly; as the First Circuit explained, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Gitto*, 422 F.3d at 6.

## 2.     The Bankruptcy Code Presumption of Public Access: 11 U.S.C. § 107

The right of public access to judicial records "is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system." *Id.* at 7 (quoting *In re Crawford*, 194 F.3d 954, 960 (9th Cir. 1999)). In the bankruptcy context, the presumption of public access is codified in 11 U.S.C. § 107(a). Section 107(a) provides that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." However, like the common law right of public access, § 107(a) is not absolute. Sections 107(b) and (c) provide limited exceptions to the right of public access in bankruptcy cases. Section 107(b) provides that the bankruptcy court "shall," on request of a party in interest, or "may," on its own motion: (1) protect trade secrets and other confidential information; and (2) protect persons

with respect to scandalous or defamatory matter contained in papers filed with the court.[4] Additionally, § 107(c)(1) permits the bankruptcy court to protect certain confidential information and means of identification specified in 18 U.S.C. § 1028(d).

3.    **11 U.S.C. § 107(b)(2)**

The Pleadings were sealed pursuant to the Agreed Order because they purportedly contain "scandalous and defamatory matter" eligible for protection under § 107(b)(2). The Debtor has moved to unseal the Pleadings on the grounds that the parties to the Agreed Order failed to rebut the presumption of public access.

The procedure for implementing § 107(b)(2) is set forth in Bankruptcy Rule 9018.[5] Bankruptcy Rule 9018 provides, inter alia, that "[i]f an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion." Here, the Debtor—who was not a party in interest in the TKO Case and therefore not provided with notice of the Agreed Order—has moved to vacate or, in the alternative, to modify the provision of the Agreed Order sealing the Pleadings.

Although the Debtor clearly has standing to bring the Motion to Unseal under Bankruptcy

---

[4] The exact language of § 107(b) is as follows:
(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —
    (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
    (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

[5] Bankruptcy Rule 9018 provides:
On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

14

Rule 9018, this dispute presents a novel issue: What is the appropriate standard when ruling on a

motion to unseal pleadings that have already been sealed? This Court concludes that where—as

here—pleadings have been sealed pursuant to a settlement agreement without specific findings from

the Court, the Court should review the record to determine whether the parties initially rebutted the

presumption of public access, and, if they have not, give the non-movant the opportunity to rebut the

presumption.[6] *See, e.g., In re FiberMark, Inc.*, 330 B.R. 480, 496 (Bankr. D. Vt. 2005) (determining

that after a bankruptcy court temporarily sealed documents without making a finding that there was

a compelling reason to do so, "the posture of [the] case is now the same as the posture of a request

to seal an unsealed document"); *In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995)

("For a bankruptcy court to seal court records pursuant to its discretionary authority to limit public

access to papers, the court must specifically find that the interest of secrecy outweighs the

presumption in favor of access.") Thus, because the Court did not make specific findings when

---

[6] The Court takes note of the opinion of the Honorable Leif M. Clark, Bankruptcy Judge for the Western District of Texas, in *In re 50-Off Stores, Inc.*, 213 B.R. 646 (Bankr. W.D. Tex. 1997). In that case, the court denied a movant's request to modify a sealing order as an end-run around the attorney-client privilege and the work product doctrine. *Id.* at 653-54. In ruling on the motion, Judge Clark determined that "once a confidentiality order has been entered and relied upon, it can only be modified if an extraordinary circumstance or compelling need warrants the requested modification." *Id.* at 657 (quoting *In re Apex Oil Co.*, 101 B.R. 92, 103 (Bankr. E.D. Mo. 1989) and *Fed. Deposit Ins. Corp. v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1982)) (internal marks omitted). However, Judge Clark took care to distinguish the movant's request in *50-Off Stores* from the movant's request in *In re Robert Landau Assoc., Inc.*, 50 B.R. 670 (Bankr. S.D.N.Y. 1985), where the court applied a similar burden-shifting standard to that which the Court has adopted here. *See In re Robert Landau Assoc., Inc.*, 50 B.R. at 670-71. As Judge Clark points out, "[t]he court [in *Robert Landau*] was not confronted with a motion to modify under Bankruptcy Rule 9018 . . . but a motion to set aside the original order." *In re 50-Off Stores, Inc.*, 213 B.R. at 657 n.17.

This Court does not believe that the "extraordinary circumstance or compelling need" standard applied by Judge Clark in *50-Off Stores, Inc.* should apply to this dispute. First, the Motion to Unseal merely requests that this Court unseal the Pleadings, and does not request that the Agreed Order be modified under Bankruptcy Rule 9018. Thus, the Motion to Unseal is more akin to a motion to set aside the portion of the Agreed Order sealing the Pleadings, to which the burden-shifting standard set forth in *Robert Landau* is more appropriate. Placing the burden on Arent Fox is especially necessary if the parties to the Agreed Order did not rebut the presumption of public access codified in § 107(a). The Pleadings should not remain sealed if no party ever established that they are entitled to protection under § 107(b).

Second, the *50-Off Stores* case is factually distinguishable from the dispute at bar. There, the hearing transcript was sealed in order to protect confidential research and confidential commercial information pursuant to § 107(b)(1). *Id.* at 657. Here, however, the Pleadings were sealed because they allegedly contain "scandalous or defamatory material" pursuant to § 107(b)(2). Thus, unsealing the pleadings in the TKO Case would not raise the same confidentiality concerns that formed the basis for Judge Clark's decision in *50-Off Stores*.

15

approving the Agreed Order, the Motion to Unseal should be granted unless (1) the parties to the Agreed Order initially rebutted the presumption of public access, or (2) Arent Fox adduced sufficient evidence to rebut the presumption at the February 3, 2009 hearing on the Motion to Unseal.

Though the courts in the Fifth Circuit have not yet developed a clear standard for applying § 107(b)(2), the First Circuit has adopted a workable test for determining whether pleadings are "scandalous and defamatory" and thus deserving of protection under § 107(b)(2). *See generally Gitto*, 422 F.3d 1. The First Circuit, in *Gitto*, held that "[t]o qualify for protection under the § 107(b)(2) exception for defamatory material, an interested party must show (1) the material at issue would alter his reputation in the eyes of a reasonable person, *and* (2) that the material is untrue or that it is potentially untrue and irrelevant or included for an improper end." *Id.* at 16 (emphasis added). Because this standard is both clear and workable, the Court will apply it in the dispute at bar. It is important to note that the party seeking to seal pleadings pursuant to § 107(b)(2)—or, in this case, to keep pleadings sealed—has the burden of establishing their "scandalous and defamatory" character. To meet this burden, the party seeking to seal pleadings must demonstrate extraordinary circumstances and a compelling need to obtain protection. *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) ("Congress, itself, has recognized that under compelling or extraordinary circumstances, an exception to the general policy of public access is necessary."); *In re Food Mgmt. Group, LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007) (determining that, to meet its burden under § 107(b)(2), the movant "must demonstrate extraordinary circumstances and compelling need to obtain protection").

As discussed above, because the Debtor is seeking to unseal pleadings sealed pursuant to a settlement agreement without specific findings, the Court will review: (1) whether the parties to the Agreed Order met their burden of establishing that the Pleadings are entitled to protection under §

16

107(b)(2); and (2) if the parties did not, whether Arent Fox has now established that the Pleadings
are entitled to protection. For the reasons set forth below, the Court concludes that neither the parties
to the Agreed Order nor Arent Fox have proven that the Pleadings are entitled to protection under
§ 107(b)(2).

        **a.**    **The parties to the Agreed Order did not establish that the Pleadings are
"scandalous and defamatory" pursuant to § 107(b)(2).**

     The Court approved the Agreed Order sealing the Pleadings before a hearing was held on the
fee dispute to which the Pleadings related. Thus, the parties to the Agreed Order did not submit
evidence to show that the Pleadings contained "scandalous or defamatory" material entitled to
protection under § 107(b)(2). Additionally, because the parties settled the fee dispute, the Court did
not make any specific findings regarding the sealing of the Pleadings. Thus, the language of the
Agreed Order is all this Court has available to determine why the Pleadings were sealed in the first
place. The Agreed Order, however, does not explain, or even allege, that the Pleadings are
"scandalous and defamatory." Rather, the Agreed Order merely contains a blanket statement that

> Pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the
> Clerk of the Court for the United States Bankruptcy Court for the Southern District
> of Texas, Houston Division (the "Clerk of the Court") is directed to file under seal
> the Objection (Docket No. 342), Response (Docket No. 391), Supplemental
> Objection (Docket No. 406), Objection to Supplements (Docket No. 407), CTG
> Response (Docket No. 412) and Supplemental Responses (Docket Nos. 416 and 417)
> (collectively the "Pleadings").

[Case No. 05-48509, Docket No. 429, ¶7.]

     While this Court acknowledges the important policy of encouraging settlement of disputes,
that policy does not trump the right of public access to judicial records. As the District Court for the
Southern District of Texas has recognized, "the fact that this case involves a settlement agreement
does not diminish the presumption of public access." *Ramirez v. Gen. Motors Corp.*, No. L98-122,

1999 WL 1336087, at *1 (S.D. Tex. Dec. 10, 1999). Indeed, "agreement of the parties, by itself, is not sufficient to trump the public's presumptive right of access." *Id.* at *2. Thus, despite the fact that the Pleadings were sealed as part of a settlement agreement, it was incumbent upon the parties to the Agreed Order to rebut the presumption of public access codified in § 107(a). Because there is nothing on the record in the TKO Case to indicate that the parties to the Agreed Order proved the Pleadings were entitled to protection under § 107(b)(2), the Court must determine whether Arent Fox, in the Adversary Proceeding, introduced sufficient evidence of the Pleadings' "scandalous and defamatory" character to show that they should remain sealed.

> **b.    Arent Fox did not establish that the Pleadings are "scandalous and defamatory" pursuant to § 107(b)(2).**

Arent Fox has made no attempt, either in its pleadings or at the hearing on February 3, 2009, to show that the Pleadings contain "scandalous or defamatory material." Arent Fox essentially argues that the Motion to Unseal should be denied for two procedural reasons (i.e. that the Debtor never intervened in the TKO Case and that the Motion to Unseal is premature) and one policy reason (i.e. that the public policy favoring the settlement of disputes dictates that the Agreed Order should not be disturbed). All three of these arguments lack merit[7] and not one addresses the substantive

---

[7] Arent Fox argues that the Debtor is barred from bringing the Motion to Unseal because it never moved to intervene in the TKO Case. However, on January 15, 2009, the Debtor filed a motion to reopen the TKO Case and thereafter filed the Motion to Unseal in that case. The Debtor also served all interested parties in the TKO Case with notice of the hearing on the Motion to Unseal. Because the Debtor took all steps necessary to apprise interested parties in the TKO Case of the pending Motion to Unseal in the Adversary Proceeding, no formal motion to intervene in the TKO Case was necessary.

Additionally, as discussed in footnote 3, Arent Fox's argument that the Motion to Unseal is premature because this Court might grant its motion to dismiss the Debtor's complaint has become moot. On January 20, 2009, this Court denied Arent Fox's motion to dismiss the complaint. [Adversary No. 08-03422, Docket No. 81.] Further, Arent Fox's contention that pretrial discovery is the proper medium to request that the Pleadings be unsealed is little more than procedural hair-splitting. This Court's decision to unseal pleadings at this stage of the Adversary Proceeding comports with its "supervisory power over its own records and files." *Macias*, 288 Fed. Appx. at 915. Additionally, adjudicating the Motion to Unseal at this stage of the Adversary Proceeding will alleviate unnecessary litigation at the discovery stage, as the Debtor will no longer need to request, or move to compel, Arent Fox to produce the Pleadings.

Finally, as discussed above in Part III(C)(3)(a), the policy favoring settlement of disputes does not outweigh the public's right to access judicial records.

issue of whether the Pleadings are "scandalous or defamatory" and thus deserving of protection under § 107(b)(2).

Because the parties to the Agreed Order failed to rebut the presumption of public access, it was incumbent on Arent Fox to demonstrate a "substantial reason" for keeping the Pleadings sealed to overcome the presumption of public access. *See United States v. Valencia*, No. H-04-514 SS, H-06-080, 2006 WL 3707867, at *5 (S.D. Tex. Aug. 25, 2006) (citing *United States v. Osborne*, 68 F.3d 94, 98-99 (5th Cir. 1995)). Indeed, at the February 3, 2009 hearing, Arent Fox had the opportunity to adduce testimony and introduce exhibits to rebut the presumption of public access; however, it chose to do neither. Although, in its pleadings, Arent Fox alleges that the Pleadings are "defamatory," this bald allegation, by itself, is not sufficient to rebut the presumption of public access codified in § 107(a). Arent Fox needed to adduce testimony or introduce exhibits to establish that unsealing the Pleadings (1) would alter its reputation in the eyes of a reasonable person, *and* (2) that the allegations in the Pleadings are untrue or potentially untrue and irrelevant or included for an improper end. *Gitto*, 422 F.3d at 16. It is noteworthy that the debtor in the TKO Case, the other signatory to the Agreed Order along with Arent Fox, did not object to unsealing the Pleadings at the February 3, 2009 hearing. Indeed, when conducting an independent review of the Pleadings, this Court could not identify which allegations made therein were harmful or false. While some of the allegations contained in the Pleadings are certainly serious, courts have repeatedly stated that "injury or potential injury to reputation is not enough to deny public access to court documents." *In re Neal*, 461 F.3d 1048, 1054 (8th Cir. 2006); *see also Gitto*, 422 F.3d at 11 ("Papers filed in the bankruptcy court do not fall within the § 107(b)(2) exception merely because they would have a detrimental impact on an interested party's reputation."); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983) ("Simply showing that the information would harm the company's

19

reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records.").

Recently, the District Court for the Southern District of Texas refused to seal a hearing transcript where the movant had not identified which particular portions of the transcript were "potential fodder for improper use." *Alam v. Fannie Mae*, No. H-02-4478, 2007 WL 101803, at *2 (S.D. Tex. Jan. 5, 2007). Arent Fox has not only failed to demonstrate which portions of the Pleadings are defamatory; it has failed to give any reason why the Pleadings are defamatory at all.[8] Therefore, Arent Fox has wholly failed to establish that the Pleadings should remain sealed pursuant to § 107(b)(2).

### IV.  CONCLUSION

In sum, the Motion to Unseal should be granted because the presumption of public access codified in § 107(a) was never rebutted. Neither the parties to the Agreed Order in the TKO Case nor Arent Fox in this Adversary Proceeding established that the Pleadings are entitled to protection under § 107(b)(2).

An order consistent with these Findings of Fact and Conclusions of Law will be entered on the docket simultaneously with the entry of these Findings of Fact and Conclusions of Law.

Signed on this 18th day of March, 2009.

Jeff Bohm
United States Bankruptcy Judge

---

[8] Arent Fox has not argued that it could not access the Pleadings in order to meet its burden of establishing their "scandalous or defamatory" character. Nor could it, given the fact that Arent Fox, as counsel for the Committee in the TKO Case, is one of the enumerated parties permitted to access the sealed Pleadings pursuant to the Agreed Order. [Finding of Fact No. 5.]