# Exhibit J

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

APR 05 2007

Michael N. Milby, Clerk

------------------------------------------------x
In re:                                          :
                                                :   Chapter 11
TKO SPORTS GROUP USA LIMITED,                   :   Case No. 05-48509-H4-11
                                                :
        Debtor.                                 :
------------------------------------------------x

## RESPONSE OF CLEAR THINKING GROUP TO DEBTOR'S SUPPLEMENTAL OBJECTION TO FINAL FEE APPLICATION OF ARENT FOX, PLLC

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Clear Thinking Group ("CTG"), by its attorneys, Morgan, Lewis & Bockius LLP, in response to the Debtors' Supplemental Objection to Final Fee Application of Arent Fox, PLLC (the "Supplemental Objection") hereby states as follows:

### PRELIMINARY STATEMENT

1.  CTG takes no position on the <u>only</u> issue properly before this Court, to wit: the objections to Arent Fox's fee application. It should now be clear to the Court that TKO and its counsel are engaged in a scorched-earth, take-no-prisoners battle with Arent Fox that goes far beyond the modest dollars sought in their fee application. Unfortunately, the battle appears to have become "personal" and has now led to TKO seeking to score points against Arent Fox by smearing CTG and then alleging some untoward "connections." Due to the baseless personal attacks on CTG and its personnel, and the inflammatory accusations and potentially defamatory statements contained in the Supplemental Objection, CTG is now compelled to file these papers to clarify the record.

2.  <u>All of the following facts were disclosed to TKO's counsel</u> during discovery but were omitted from the Supplemental Objection.

Case 05-48509   Document 412   Filed in TXSB on 04/05/2007   Page 2 of 9

## BACKGROUND

3. A portion of CTG's business includes acting as a "proxy" for creditors in bankruptcy cases who wish to participate on official creditors committees. CTG is not the only entity engaged in this legitimate practice, but, in fact, is one of many companies and/or individuals which hold a proxy for creditors in connection with the formation and administration of official committees in bankruptcy cases.

4. Sometimes CTG acts as a proxy merely for the initial formation of the committee in cases where the creditor (i.e., CTG's "principal") cannot attend the formation meeting in person because such meeting is far away from the creditor's home or due to scheduling conflicts. In other instances, CTG continues to act as proxy for the creditor at various times throughout the case after the committee formation. Where a creditor is located overseas (as is in this case), CTG is often requested to remain available for assistance throughout the case due to, among other things, the foreign creditors' lack of experience in U.S. bankruptcy matters and/or due to significant international time zone differences. Simply put, the well-established proxy system allows for the formation of creditors committees in numerous small and mid-sized bankruptcy cases where there would otherwise not be any committee (and thus no committee oversight of the debtor) and the system allows for greater creditor participation by foreign creditors and/or creditors holding smaller claims. Accordingly, since it promotes greater creditor participation, the practice of allowing attorneys and/or non-attorneys to act as "proxies" for creditors is specifically authorized by the Bankruptcy Code,[1] and the practice of sitting as a proxy for creditors has been blessed by numerous US Trustees in various jurisdictions.

5. CTG does not charge its principal (i.e., the committee member creditor) for its services. However, CTG fully discloses to its principal that if such principal determines that CTG has done a good job, and if a post-confirmation opportunity arises, CTG would appreciate

---

[1] Bankruptcy Rule 9010(a) expressly authorizes a creditor or a committee to appear and act in a bankruptcy case and to perform acts "by an authorized agent, attorney in fact, or proxy." (Emphasis added.)
I-NY/2163750.2                    2

Case 05-48509   Document 412   Filed in TXSB on 04/05/2007   Page 3 of 9

being considered as a candidate for such post-confirmation opportunity. There is no agreement or requirement whatsoever by the principal to nominate, vote for or otherwise recommend CTG for any post-confirmation employment by the estate or the reorganized debtor.

6. In the TKO case, Mr. Joseph Myers ("Myers") of CTG contacted Olympic International Limited ("Olympic") about serving as Olympic's proxy on the committee. Myers also fully disclosed to Olympic that he would serve for no charge, but that he hoped -- if he provided quality services to Olympic and the Committee in connection with fulfilling their fiduciary duties -- that he might be considered favorably as one of the candidates for any post-confirmation position that might be available on behalf of creditors under a plan of reorganization. Since Myers is not an attorney at law, there is no prohibition whatsoever as to his ability to solicit Olympic to serve as their proxy on the TKO committee.

7. Olympic agreed to retain Myers as its proxy to attend the TKO committee formation meeting, and Myers fully disclosed to all those in attendance, including the US Trustee, that he was appearing as Olympic's proxy. No objections were raised to Myers serving as Olympic's proxy on the committee. Olympic was, at all times, the actual creditor and the official member of the committee, and Myers was solely Olympic's authorized agent to attend on its behalf certain committee meetings and to cast certain votes on its behalf.

8. Among the most egregious omissions from TKO's Supplemental Objection are that (i) three law firms (including a Texas firm) were invited by the Committee to make a pitch to serve as counsel to the Committee (not just Arent Fox as erroneously implied by the Supplemental Objection ), and (ii) Myers voted for another law firm[2] and against the retention of Arent Fox (contrary to the assertion in the Supplemental Objection that there were some sort of improper quid pro quo between Myers and Arent Fox in this case). Again, these facts were fully

---

[2] In fact, Myers voted for the Pachulski law firm, not Arent Fox.
1-NY/2163750.2                                    3

Case 05-48509   Document 412   Filed in TXSB on 04/05/2007   Page 4 of 9

disclosed to TKO which chose to ignore them since it completely negated their argument that Myers and Arent Fox engaged in a "conspiracy".

9. The Supplemental Objection also fails to inform this Court that Olympic was an active member of the Committee, reviewed pleadings in this case, attended meetings and conference calls and that Myers' role in this case was limited to implementing Olympic's positions. In short, Myers served as the agent for Olympic at all times in this case and did not make significant independent decisions.

## REBUTTAL OF SUPPLEMENTAL OBJECTION

10. Rather than burden the Court with extensive detailed point-by-point rebuttals of every outrageous allegation in the Supplemental Objection, CTG will instead limit its clarification of the record to the following points:

(a) TKO's counsel expressly agreed that the specific cases in which CTG has been retained for a post-confirmation assignment, and the amount of fees which it has been paid in those cases, would remain confidential at all times since CTG is not a public company, and such information would only be presented to this Court in camera. This information had been provided to TKO's counsel on a confidential basis in the form of a detailed schedule. Although the actual schedule was not attached to the Supplemental Objection, TKO's counsel -- in clear violation of the confidential agreement -- quoted extensively from the confidentiality schedule in their Supplemental Objection. Accordingly, CTG requests that all references in the Supplemental Objection to any cases in which CTG has been retained and to the fees received by CTG (other than in the TKO case) be struck from the record.

(b) Paragraph 1 of the Supplemental Objection refers to an alleged "illegal self-dealing of Myers". As noted above, the practice of serving as a proxy for creditors on a committee is not only legal, it is well-established and routinely

Case 05-48509   Document 412   Filed in TXSB on 04/05/2007   Page 5 of 9

done by numerous entities and/or lawyers, has been blessed by numerous US Trustees, and was not objected to by the Debtor nor the US Trustee in this case.[3] As for the "self-dealing" allegation, CTG notes that it served as proxy for free in this (and every) case and that there was no understanding or agreement of any future employment by CTG. Moreover, CTG's entire "profit" in this case is the de minimis sum of $552.50 which it has billed for serving as the Class 3 Creditors Representative under the Plan (which sum has not even been paid to CTG at this time).

(c) Paragraph 2 of the Supplemental Objection refers to Myers' alleged "intent to make a secret profit" through some vague conspiracy with Arent Fox. The bizarre conspiracy theory between Myers and Arent Fox which TKO concocts is difficult to understand since the papers are a morass of unsupported, baseless allegations. In any event, Myers voted for the retention of the Pachulski law firm and against the retention of Arent Fox as counsel for the TKO Committee, thus the key quid pro quo alleged by TKO does not exist.

(d) Paragraph 3 of the Supplemental Objection alleges that "millions" were "currently being paid by Myers" to Arent Fox in other cases. Actually, none of the monies are actually paid by CTG or Myers, but rather are funds paid by debtors in other bankruptcy cases in which Myers holds a variety of positions under Court-approved Plans. More importantly, a large portion of these "millions" paid to Arent Fox were actually fees and expenses incurred by Arent Fox prior to confirmation in such cases and prior to the appointment of Myers as a post-confirmation representative. In short, for much of the "millions" in question, such

---

[3] Indeed, as noted above, the practice of using a proxy is also expressly encouraged and authorized by B.R. 9019.
1-NY/2163750.2                     5

Case 05-48509   Document 412   Filed in TXSB on 04/05/2007   Page 6 of 9

        fees were approved by the Bankruptcy Courts and Myers was merely the disbursing agent -- not the client.

(e) Paragraph 5 of the Supplemental Objection states that Myers has not fulfilled his obligations to the TKO estate since he did not review pleadings in this case. As noted above, Olympic was an active member of the TKO Creditors Committee and thus Olympic (as the principal), and not Myers (as Olympic's agent) reviewed the pleadings. Moreover, as Myers' deposition clearly states, he relied on legal counsel to review legal pleadings -- which is hardly a breach of any duty.

(f) Paragraph 16 of the Supplemental Objection asserts that Myers was "obviously" playing "games" because he did not recall whether Schuyler Carroll at Arent Fox actually billed Lantis or TKO at $445 per hour. This is absurd. Myers utilizes the services of an extensive number of attorneys in the numerous cases he works on[4] and he cannot possibly remember the actual billing rate of every lawyer working on matters. Moreover, after testifying that he did not know the answer to the question, Myers then helpfully pointed out to Mr. Ray that the answer can simply be found by looking at the fee applications and time records submitted by Arent Fox.

(g) Paragraph 18 of the Supplemental Objection alleges that after Myers had been retained pre-confirmation in the Lantis case, he "returned the favor" by employing Arent Fox post-confirmation. However, Myers had not been employed by or retained by Arent Fox pre-confirmation so there was no "favor" owing to Arent Fox by Myers.

(h) Paragraph 20 of the Supplemental Objection alleges that Myers "refused to say whether he thought Arent Fox's disclosures [in the Lantis case] were truthful" and

---

[4] Myers not only testified that he works with many law firms in addition to Arent Fox, he also testified that he has voted against Arent Fox's retention in several cases other than TKO.

1-NY/2163750.2                                                  6

Case 05-48509   Document 412   Filed in TXSB on 04/05/2007   Page 7 of 9

      that the Court should assume "it was because Myers knew Arent Fox's sworn statements regarding connections to Myers were untruthful". To the contrary, the sworn testimony TKO itself quotes in the Supplemental Objection shows that Myers was instructed not to answer the question <u>because he had not authored nor seen before, nor even read, the exhibit Mr. Ray showed to him</u> and asked him to opine upon. The instruction not to answer was due to the complete failure to lay any foundation (much less a sufficient foundation) about the <u>Lantis</u> affidavit being shown to the witness -- and not due to the truthfulness (or lack thereof) of statements contained in a document which Myers had never seen before.

(i) Paragraphs 32 and 33 of the Supplemental Objection allege that Myers should be removed for cause because he (a) has not challenged Arent Fox's fees in the Lantis case, (b) engaged in self-dealing and non-disclosure in this case and (c) TKO no longer has confidence in Myers. First, the Supplemental Objection was not even served upon CTG, its counsel nor Myers.[5] Accordingly, no affirmative relief against Myers can be sought due to jurisdictional deficiencies. Second, the Supplemental Objection is procedurally deficient since affirmative relief against a third party (such as Myers) cannot be sought merely by statements stuck near the end of a document entitled "Debtors' Supplemental Objection to Final Fee Application of Arent Fox, PLLC". Third, whether Myers has challenged Arent Fox's fees in a wholly unrelated case is irrelevant to his service as the Class 3 Representative since he does not control or approve Arent Fox's fees in this case. Fourth, as noted above, much of Arent Fox's fees in the <u>Lantis</u> case were approved by the Bankruptcy Court on notice to all interested parties <u>before</u> Myers' post-confirmation retention. Fifth, as discussed in detail above, Myers not

---

[5] CTG only became aware of the Supplemental Objection by accident as it was searching the TKO docket on an unrelated matter.

1-NY/2163750.2        7

only voted against Arent Fox's retention in this case, he also served for free at the request of Olympic as its proxy. As such there is no "self-dealing". Finally, Myers' status as the proxy for Olympic was fully disclosed to the US Trustee at the initial Committee formation meeting and was well-known to the Debtor and other participants in this case -- none of whom objected.[6]

## CONCLUSION

11.    CTG takes no position on the Arent Fox fee dispute but respectfully requests that the Court strike all of the irrelevant and scandalous allegations made against CTG and Myers.

Dated: Houston, Texas
       April 5, 2007

>                    MORGAN, LEWIS & BOCKIUS LLP
>                    Attorneys for Clear Thinking Group
>
>
>                    By:    /s/ Sandra Thourot Krider
>                           Sandra Thourot Krider
>                           SD # 23613
>                           State Bar 24007514
>                           A Member of the Firm
>
>                    1000 Louisiana Street - Ste. 1300
>                    Houston, Texas  77002
>                    (713) 339-3233
>
>                           AND
>
>                    MORGAN, LEWIS & BOCKIUS LLP
>                    101 Park Avenue
>                    New York, NY  10178
>                    (212) 309-6000
>                    Neil E. Herman, Esq.

---

[6] CTG also notes that TKO's lack of confidence in Myers is not relevant. Section 5.3.2 of the Plan provides that only Class 3 claimants shall be entitled to select their observer and the Debtor is given no power to select or remove the party who is charged with observing the Debtor's own conduct.
1-NY/2163750.2                          8

## CERTIFICATE OF SERVICE

I, Neil E. Herman, hereby certify that on April 5, 2007 a true and correct copy of the foregoing document was served upon the following parties in the manner set forth therein.

| | |
|---|---|
| Edward L. Rothberg, Esq.<br>Hugh M. Ray, Esq.<br>Melissa A. Haselden, Esq.<br>WEYCER, KAPLAN, PULASKI & ZUBER, P.C.<br>11 Greenway Plaza - Ste. 1400<br>Houston, Texas 77046<br>**VIA TELECOPIER: 713-961-5341** | Stephen Statham, Esq.<br>OFFICE OF THE UNITED STATES TRUSTEE<br>515 Rusk - Room 3401<br>Houston, Texas 77002<br>**VIA OVERNIGHT MAIL** |
| Andrew I. Silfen, Esq.<br>Schuyler G. Carroll, Esq.<br>ARENT FOX PLLC<br>1675 Broadway<br>New York, NY 10019<br>**VIA MESSENGER** | Barnet B. Skelton, Jr.<br>1111 Bagby - 47th Floor<br>Houston, TX 77002<br>**VIA OVERNIGHT MAIL** |
| Mr. Garry Kurtz<br>President<br>TKO SPORTS GROUP USA, LIMITED<br>6100 West By Northwest Blvd. - Ste. 160<br>Houston, TX 77040<br>**VIA OVERNIGHT MAIL** | Mr. David Barr<br>OLYMPIC INTERNATIONAL LIMITED<br>Granville Road, Tsimshatsui<br>Suite 1505-6, Albion Plaza<br>KOWLOON, HONG KONG<br>**VIA EMAIL:** david@olympiclife.com |
| Mr. Tony Crow<br>BANK OF MONTREAL<br>100 King Street West - 7th Floor<br>Toronto, Ontario M5B1A1<br>CANADA<br>**VIA OVERNIGHT MAIL** | Diana Woodman, Esq.<br>THOMPSON & KNIGHT<br>333 Clay Street - Ste. 3300<br>Houston, TX 77002<br>**VIA OVERNIGHT MAIL** |
| Mr. Jeffy Yu<br>General Manager<br>QUINGDAO INRED SPORT GOODS CO., LTD.<br>Liu Ting Xin Xing JianCai Industrial Park<br>Chengyang District, Quingdao<br>P.R. CHINA<br>**VIA EMAIL:** qdinred@qd-public.sd.cninfo.net<br>anneli@163169.net | Mr. Morris Huang<br>President<br>SPORTS K-PRO LTD.<br>c/o No. 10-3 West 10th Street<br>K.E.P.Z. Kaohsiung<br>Taiwan, R.O.C.<br>**VIA EMAIL:** sakurai@tpts4.seed.net.tw<br>twnsakurai@hibox.hinet.net |
| Mr. Chad Huang<br>C&M HOLDINGS LTD.<br>Shang Hu Xuan J, Room 11 B<br>ZhuJiang DiJing<br>Yi Yuan Bei Lu<br>GuangZhou City, CHINA<br>**VIA EMAIL:** chadhuang@21cn.com<br>chadhuang@hotmail.com | Mr. James Chen<br>SUNEX SPORTS CO., LTD.<br>2F-2, No. 242 Sec. 1<br>Taichung - Harbor Road Taichung<br>TAIWAN, R.O.C.<br>**VIA EMAIL:** sunex@ms47.hinet.net |

/s/ Neil E. Herman