**Exhibit L**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/19/2007

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| TKO SPORTS GROUP USA LIMITED | § | CASE NO. 05-48509 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

### AGREED STIPULATION AND ORDER GRANTING THE FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, RESOLVING UNPAID ALLOWED FEES OF THE COMMITTEE'S ACCOUNTANTS AND FINANCIAL ADVISORS AND PROVIDING FOR RELATED RELIEF    #386

TKO Sports Group USA Limited (the "Debtor" or the "Reorganized Debtor", where appropriate), the debtor and reorganized debtor in the above-captioned bankruptcy proceeding, the Official Committee of Unsecured Creditors (the "Committee"), Arent Fox LLP ("Arent Fox"), counsel to the Committee, Mahoney Cohen & Company, CPA, P.C. ("Mahoney Cohen"), accountants and financial advisors to the Committee, and Garry Kurtz ("Kurtz") individually and as Debtor's President and Member of the Board of Directors, by and through the undersigned, hereby stipulate and agree as follows:

WHEREAS, on October 11, 2006 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, on November 23, 2005, the Committee was appointed by the United States Trustee pursuant to Section 1102(a)(1) of the Bankruptcy Code;

WHEREAS, on January 3, 2006, the Court entered an order granting the Committee's application to employ Arent Fox to act as counsel for the Committee nunc pro tunc as of November 28, 2005;

NYC/334437.1                                  1

WHEREAS, on March 1, 2006, the Court entered an order authorizing Mahoney Cohen to act as accountants and financial advisors for the Committee;

WHEREAS, on June 30, 2006, the Debtor filed its consensual Chapter 11 Plan of Reorganization (as subsequently modified, the "Plan") and Disclosure Statement, which were subsequently amended on July 19, 2006;

WHEREAS, on August 23, 2006, the Court entered an order confirming the Plan (the "Confirmation Order");

WHEREAS, on August 23, 2006, the Court entered an order allowing Mahoney Cohen's fee application as supplemented (Docket No. 318) (the "Mahoney Cohen Fee Order");

WHEREAS, on January 19, 2007 Arent Fox was paid the sum of $91,279.40 pursuant to the agreed Interim Fee Order dated August 23, 2006 (Docket No. 319) (the "Interim Fee Order");

WHEREAS, on September 5, 2006, the Debtor filed its Notice of the Effective Date of the Plan;

WHEREAS, on September 21, 2006, Arent Fox filed its Final Application for Allowance of Compensation and Reimbursement of Expenses as Attorneys for the Official Committee of Unsecured Creditors for the Period from June 1, 2006 through September 5, 2006 (Docket No. 335) (the "Arent Fox Final Fee Application");

WHEREAS, on October 10, 2006, the Debtor filed an objection to the Arent Fox Final Fee Application (Docket No. 342) (the "Objection");

WHEREAS, On January 16, 2007, Arent Fox filed its First Supplement to the Arent Fox Final Fee Application (the "First Supplement") for the period from September 6, 2006 through December 31, 2006 seeking $16,460.00 in fees and $859.87 in expenses (Docket No. 373);

WHEREAS, On February 6, 2007, Arent Fox filed its Second Supplement to the Arent Fox Final Fee Application (the "Second Supplement") for the period from January 1, 2007 through January 31, 2007 seeking $31,366.50 in fees and $768.60 in expenses (Docket No. 386);

WHEREAS, on February 8, 2007, the Committee filed its Response to the Debtor's Objection (Docket No. 391) (the "Response");

WHEREAS, on April 3, 2007, the Debtor filed its Supplemental Objection (the "Supplemental Objection") to the Arent Fox Final Fee Application and Combined Objection to the First Supplement and the Second Supplement (the "Objection to Supplements") (Docket Nos. 406 and 407);

WHEREAS, on April 5, 2007, Clear Thinking Group ("CTG") filed a response to the Supplemental Objection (Docket No. 412) (the "CTG Response");

WHEREAS, on April 9, 2007, the Committee filed a Response to the Supplemental Objection (Docket No. 416) and on April 10, 2007, the Committee filed a Response to the Objection to Supplements (Docket No. 417), (collectively, the "Supplemental Responses");

WHEREAS, Arent Fox has voluntarily agreed to waive the fees and expenses sought for the periods after the First Supplement and the Second Supplement;

WHEREAS, the Reorganized Debtor will have the inability to maintain its business relationships and operations or otherwise comply with the terms of the Plan if it were required immediately to pay the entire amount of the fees and expenses sought under the Arent Fox Final Fee Application in accordance with the Plan and Bankruptcy Code;

WHEREAS, in order to preserve, maintain, and enhance the value and business of the Reorganized Debtor and enable the Reorganized Debtor to comply with the terms of the Plan,

Arent Fox and Mahoney Cohen are prepared to compromise their respective claims against the Debtor and estate as provided in this Stipulation and Order; and

WHEREAS, the Debtor, the Reorganized Debtor, the Committee, Kurtz, Arent Fox, and Mahoney Cohen have agreed to the resolution contained herein of the dispute relating to the Arent Fox Final Fee Application and the Mahoney Cohen Fee Order and believe that such a resolution and compromise is in the best interests of the Debtor and its estate, the Reorganized Debtor and creditors of the Debtor and Reorganized Debtor;

NOW THEREFORE, for good and valuable consideration, including covenants and understandings set forth in this Stipulation and Order, it is hereby Stipulated, Agreed, Ordered and Adjudged as follows:

1. The Arent Fox Final Fee Application is hereby approved and allowed in full and shall be paid and satisfied as provided in this Stipulation and Order.

2. The fees and expenses of Arent Fox shall be approved, granted and allowed on a final basis in the amount of $311,579.00 (the "Allowed Compensation and Reimbursement").

3. The Reorganized Debtor is authorized and directed to pay Arent Fox final compensation and reimbursement of expenses in the amount $213,126.00.

4. The Reorganized Debtor shall satisfy and pay the Unpaid Fee Balance as provided in this paragraph 4. The Reorganized Debtor shall pay Arent Fox the sum of $165,000 in fifteen (15) equal monthly installments of $11,000.00 commencing on the tenth (10th) day after entry of the Stipulation and Order by this Court and continuing thirty (30) days thereafter until payment of the $165,000 is indefeasibly paid in full. At the Reorganized Debtor's sole option, the Reorganized Debtor may prepay all sums due under this paragraph 4. In the event that the payment of the Unpaid Fee Balance is made as provided in this paragraph 4, the remaining

balance of the Unpaid Fee Balance in the amount of $48,126.00 shall be deemed waived (the "Fee Discount"). If any payment due under this paragraph 4 is not paid within five (5) days after the payment is due, Arent Fox shall provide the Reorganized Debtor and its counsel written notice of such default (which may be accomplished by email, facsimile transmission, certified mail, or hand delivery). If the Reorganized Debtor has failed to fully and completely cure any such default within five (5) business days after notice of the default, or the Reorganized Debtor files or is subject to a bankruptcy or reorganization proceeding or there is a Default as defined in and under the Plan, then, without any further act, the full amount of the Unpaid Fee Balance shall become immediately due and owing and the Reorganized Debtor shall immediately pay the Unpaid Fee Balance ($213,126.00), less any payments made as provided in this paragraph 4.

5. The Reorganized Debtor shall satisfy and pay the Mahoney Cohen Fee Order within forty-five (45) days of entry of this Stipulation and Order by the Court. In the event that Mahoney Cohen's outstanding and unpaid allowed fees are paid pursuant to and under the Mahoney Cohen Fee Order within thirty (30) days of entry of this Stipulation and Order by the Court, Mahoney Cohen hereby agrees to discount such fees awarded by the sum of $5,000.00.

6. The Objection, the Supplemental Objection and the Objection to Supplements are hereby withdrawn with prejudice.

7. Pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Clerk of the Court for the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Clerk of the Court") is directed to file under seal the Objection (Docket No. 342), Response (Docket No. 391), Supplemental Objection (Docket No. 406), Objection to Supplements (Docket No. 407), CTG Response (Docket No. 412) and Supplemental Responses (Docket Nos. 416 and 417) (collectively, the "Sealed Pleadings"). The Sealed Pleadings shall be

maintained and filed under seal, and may not be unsealed unless and until permitted by further order of this Court upon prior notice to the Committee and Arent Fox. Such documents shall remain under seal and confidential and no such documents shall be made available, released or disclosed to anyone, other than as set forth in this Stipulation and Order. The following persons may have access to the Sealed Pleadings: (a) the Court, (b) the Office of the United States Trustee, (c) the Debtor and (d) the Committee.

8. All discovery or other materials, documents or information, obtained by or produced to the Debtor, Reorganized Debtor and Kurtz in connection with the Arent Fox Final Fee Application and the related contested matter (the "Contested Matter"), including, but not limited to, all deposition testimony and transcripts (collectively, the "Confidential Materials"), are hereby designated as confidential and shall be maintained in confidence and not be disclosed to any person. If Confidential Materials are disclosed to any person other than in the manner authorized by this Stipulation and Order, the party responsible for the disclosure, shall, among other things, in addition to appropriate consequences for any violation of this Stipulation and Order, immediately upon learning of such disclosure, inform the other parties to this Stipulation and Order of all pertinent facts relating to such disclosure and will make every effort to retrieve the Confidential Materials and prevent disclosure by each unauthorized person who received such Confidential Materials. The parties to this Stipulation and Order shall have no liability nor be in breach of this Stipulation and Order for any disclosure of the Confidential Materials prior to May 24, 2007.

9. Without limiting any provision of the Plan or Confirmation Order, and upon this Stipulation and Order becoming final and no longer subject to review, the Debtor, the Reorganized Debtor and Kurtz and their respective professionals including, specifically, Weycer,

Kaplan, Pulaski & Zuber, P.C. and all of its officers, directors, shareholders and employees on the one hand, and the Committee and its members and their respective attorneys, professionals, employees and agents, including Arent Fox and Mahoney Cohen, on the other hand, shall hereby be deemed to mutually release each other of all claims or actions related to the subject matter of the Contested Matter and all matters concerning the Arent Fox Final Fee Application, except for all obligations and agreements provided for in the Plan, Confirmation Order and this Stipulation and Order.

10. This Stipulation and Order is expressly subject to and contingent upon its approval by this Court. If this Stipulation and Order, or any portion hereof, is not approved by this Court or if, at any time, it is overturned or modified on appeal or otherwise, this Stipulation and Order shall be of no further force and effect, and, in such event, neither this Stipulation and Order nor any negotiations and writings in connection with this Stipulation and Order shall in any way be construed as or deemed to be evidence of or an admission on behalf of any party hereto regarding any issues.

11. This Stipulation and Order shall constitute the entire agreement between the parties relating to the subject matter herein and supersedes any and all prior agreements, negotiations, representations and understandings, whether written or oral, between the parties and may not be released, supplemented or modified in any manner except by further written agreement signed by a duly authorized officer or representative of each of the parties.

12. This Stipulation and Order cannot be amended, modified or superseded except upon written consent of the parties hereto.

13. This Stipulation and Order shall be binding on the Debtor, the Reorganized Debtor, the Committee, Arent Fox, Mahoney Cohen and Kurtz and their respective attorneys, professionals, employees and agents other affected parties and their successors and assigns.

14. This Court shall retain exclusive jurisdiction over the terms and conditions of this Stipulation and Order, to enforce and implement the terms of this Stipulation and Order and to resolve any disputes arising in connection therewith.

15. The parties hereto represent and warrant to each other that: (i) the signatories to this Stipulation and Order are authorized to execute this Stipulation and Order; (ii) each has full power and authority to enter into this Stipulation and Order; and (iii) this Stipulation and Order is duly executed and delivered, and constitutes a valid and binding agreement in accordance with its terms.

16. This Stipulation and Order may be executed in one or more counterparts and signed by facsimile or e-mail transmission, which signatures shall be treated as original signatures.

Dated: July 19, 2007

/s/ Edward L. Rothberg
Edward L. Rothberg
Weycer Kaplan Pulaski & Zuber
11 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 961-5341

Counsel to the Debtor and Reorganized Debtor

/s/ Andrew I. Silfen
Andrew I. Silfen
Leah M. Eisenberg
ARENT FOX LLP
1675 Broadway
New York, NY 10019
(212) 484-3900

Counsel to the Official Committee of Unsecured Creditors

/s/ Timothy A. Davidson II
Timothy A. Davidson II

/s/ Charles Berk
Charles Berk

Andrews Kurth
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-3810

Counsel to Garry Kurtz

Mahoney Cohen & Company, CPA
1065 Avenue of the Americas
New York, NY 10018
(212) 790-5700

Accountants and Financial Advisors to the
Official Committee of Unsecured Creditors

**APPROVED:**

Dated: Houston, Texas
       July 19, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

13. This Stipulation and Order shall be binding on the Debtor, the Reorganized Debtor, the Committee, Arent Fox, Mahoney Cohen and Kurtz and their respective attorneys, professionals, employees and agents other affected parties and their successors and assigns.

14. This Court shall retain exclusive jurisdiction over the terms and conditions of this Stipulation and Order, to enforce and implement the terms of this Stipulation and Order and to resolve any disputes arising in connection therewith.

15. The parties hereto represent and warrant to each other that: (i) the signatories to this Stipulation and Order are authorized to execute this Stipulation and Order; (ii) each has full power and authority to enter into this Stipulation and Order; and (iii) this Stipulation and Order is duly executed and delivered, and constitutes a valid and binding agreement in accordance with its terms.

16. This Stipulation and Order may be executed in one or more counterparts and signed by facsimile or e-mail transmission, which signatures shall be treated as original signatures.

Dated: June ____, 2007

/s/ _____
Edward L. Rothberg
Weycer Kaplan Pulaski & Zuber
11 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 961-5341

Counsel to the Debtor and Reorganized Debtor

/s/ _____
Andrew I. Silfen
Leah M. Eisenberg
ARENT FOX LLP
1675 Broadway
New York, NY 10019
(212) 484-3900

Counsel to the Official Committee of Unsecured Creditors

/s/ _____
Timothy A. Davidson II

/s/ _____
Charles Berk

13. This Stipulation and Order shall be binding on the Debtor, the Reorganized Debtor, the Committee, Arent Fox, Mahoney Cohen and Kurtz and their respective attorneys, professionals, employees and agents other affected parties and their successors and assigns.

14. This Court shall retain exclusive jurisdiction over the terms and conditions of this Stipulation and Order, to enforce and implement the terms of this Stipulation and Order and to resolve any disputes arising in connection therewith.

15. The parties hereto represent and warrant to each other that: (i) the signatories to this Stipulation and Order are authorized to execute this Stipulation and Order; (ii) each has full power and authority to enter into this Stipulation and Order; and (iii) this Stipulation and Order is duly executed and delivered, and constitutes a valid and binding agreement in accordance with its terms.

16. This Stipulation and Order may be executed in one or more counterparts and signed by facsimile or e-mail transmission, which signatures shall be treated as original signatures.

Dated: June _____, 2007

/s/ _____
Edward L. Rothberg
Weycer Kaplan Pulaski & Zuber
11 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 961-5341

Counsel to the Debtor and Reorganized Debtor

/s/ _____
Andrew I. Silfen
Leah M. Eisenberg
ARENT FOX LLP
1675 Broadway
New York, NY 10019
(212) 484-3900

Counsel to the Official Committee of Unsecured Creditors

/s/ _____
Timothy A. Davidson II

/s/ _____
Charles Berk

13. This Stipulation and Order shall be binding on the Debtor, the Reorganized Debtor, the Committee, Arent Fox, Mahoney Cohen and Kurtz and their respective attorneys, professionals, employees and agents other affected parties and their successors and assigns.

14. This Court shall retain exclusive jurisdiction over the terms and conditions of this Stipulation and Order, to enforce and implement the terms of this Stipulation and Order and to resolve any disputes arising in connection therewith.

15. The parties hereto represent and warrant to each other that: (i) the signatories to this Stipulation and Order are authorized to execute this Stipulation and Order; (ii) each has full power and authority to enter into this Stipulation and Order; and (iii) this Stipulation and Order is duly executed and delivered, and constitutes a valid and binding agreement in accordance with its terms.

16. This Stipulation and Order may be executed in one or more counterparts and signed by facsimile or e-mail transmission, which signatures shall be treated as original signatures.

Dated: June ____, 2007

/s/
Edward L. Rothberg
Weycer Kaplan Pulaski & Zuber
11 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 961-5341

Counsel to the Debtor and Reorganized Debtor

/s/
Timothy A. Davidson II

/s/
Andrew I. Silfen
Leah M. Eisenberg
ARENT FOX LLP
1675 Broadway
New York, NY 10019
(212) 484-3900

Counsel to the Official Committee of Unsecured Creditors

/s/
Charles Berk

8

13. This Stipulation and Order shall be binding on the Debtor, the Reorganized Debtor, the Committee, Arent Fox, Mahoney Cohen and Kurtz and their respective attorneys, professionals, employees and agents other affected parties and their successors and assigns.

14. This Court shall retain exclusive jurisdiction over the terms and conditions of this Stipulation and Order, to enforce and implement the terms of this Stipulation and Order and to resolve any disputes arising in connection therewith.

15. The parties hereto represent and warrant to each other that: (i) the signatories to this Stipulation and Order are authorized to execute this Stipulation and Order; (ii) each has full power and authority to enter into this Stipulation and Order; and (iii) this Stipulation and Order is duly executed and delivered, and constitutes a valid and binding agreement in accordance with its terms.

16. This Stipulation and Order may be executed in one or more counterparts and signed by facsimile or e-mail transmission, which signatures shall be treated as original signatures.

Dated: June ____, 2007

/s/ _____
Edward L. Rothberg
Weycer Kaplan Pulaski & Zuber
11 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 961-5341

Counsel to the Debtor and Reorganized Debtor

/s/ _____
Andrew I. Silfen
Leah M. Eisenberg
ARENT FOX LLP
1675 Broadway
New York, NY 10019
(212) 484-3900

Counsel to the Official Committee of Unsecured Creditors

/s/ _____
Timothy A. Davidson II

/s/ _____
Charles Berk

8