# Exhibit 1

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

------------------------------------------------------- X

In re:                         :

                               :

UNIVERSAL BUILDING PRODUCTS, INC.,  :
*et al.*                         :

                               :

             Debtors.        :

------------------------------------------------------- X

Chapter 11

Case No. 10-12453 (MFW)

Jointly Administered

## DECLARATION OF ANDREW I. SILFEN IN SUPPORT OF THE OMNIBUS REPLY OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO OBJECTIONS TO THE APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ARENT FOX LLP AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO AUGUST 13, 2010

I, Andrew I. Silfen, declare as follows:

1.     I am a partner and chair of the Bankruptcy and Financial Restructuring Group at Arent Fox LLP ("Arent Fox"), a law firm which employs approximately 340 attorneys and maintains an office for the practice of law at 1675 Broadway, New York, NY 10019 as well as offices in Washington, DC and Los Angeles, CA.

2.     I am licensed to practice law and a member in good standing of the bar for the State of New York, the United States District Courts for the Southern and Eastern Districts of New York, the State of New Jersey, and the United States District Court, District of New Jersey. I serve on the Board of Directors of AIRA (the Association of Insolvency & Restructuring Advisors) and am a trustee of the executive committee of the board of trustees of the New York Institute of Credit. I have lectured and spoken on retention issues and ethics and professional conduct for bankruptcy attorneys.

3.     I make this declaration in support of the Omnibus Reply of the Official Committee of Unsecured Creditors (the "Committee") of Universal Building Products, Inc. and its affiliates, as debtors and debtors-in-possession (collectively, the "Debtors") to

objections to the application for an order authorizing the employment and retention of Arent Fox as counsel to the Committee *nunc pro tunc* to August 13, 2010.

4. Arent Fox aims to provide full disclosures under Sections 504 and 1103(a) of the Bankruptcy Code, Rules 2014 and 5002 of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules. To do so, Arent Fox has established certain procedures and protocols, described below. This declaration will outline the policy and methodology of Arent Fox's conflicts and connections search process, as well as the specific disclosure actions taken by Arent Fox in this case. The information contained in this declaration is of my own personal knowledge, comes from discussions with my partners, or is derived from my review of the file in these cases.

**Arent Fox's Conflict Check System**

5. In connection with preparing a retention application and accompanying declaration in support, the Arent Fox partner responsible for the case (the "Partner-in-Charge"), typically with the assistance of an assigned associate, submits the names of parties-in-interest in each case (the "Parties-in-Interest") for review in a computerized conflict database system maintained by Arent Fox. The list of the Parties-in-Interest is formulated by Arent Fox from the initial papers filed by a debtor and members of the official committee of unsecured creditors. Arent Fox maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of the firm to make and maintain these records. The conflict check system maintained by Arent Fox is designed to include every matter on which the firm is now or has been engaged, the entity for which the firm is now or has been engaged, and in each instance, the identity of related parties and adverse parties as well as the attorney in the firm that is knowledgeable about the matter. It is the policy of Arent Fox that no new matter may be accepted or opened within the firm without

- 2 -

completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, as well as related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by Arent Fox.

6. The Parties-in-Interest which Arent Fox typically submits to its conflict database for an unsecured creditors committee engagement (and indeed the Parties-in-Interest submitted in this case) include:

     (a)    The debtor (including former names and aliases) and related entities/parties;

     (b)    The debtor's professionals;

     (c)    The debtor's secured creditors;

     (d)    The debtor's secured lenders;

     (e)    The twenty (or in this case, thirty) largest unsecured creditors of the debtor on a consolidated basis; and

     (f)    Members of the Creditors Committee.

7. A list of all Parties-in-Interest submitted to the conflict check system is then attached to the declaration filed with the retention application.

**Arent Fox's Relationship With Parties-In-Interest**

8. Search results for all Parties-in-Interest submitted to the conflict check system are reviewed by the Partner-in-Charge and included in the declaration (the "Retention Declaration") filed with the retention application. The conflicts or connections directly relevant to the case are included in the body of the Retention Declaration, along with a detailed explanation of the conflict or connection. The conflicts or connections regarding wholly unrelated matters are listed in an exhibit to the Retention Declaration, along with a brief description of the conflict or connection.

- 3 -

9. As a standard, Arent Fox discloses that it appears in cases, proceedings, and transactions involving a substantial number of different attorneys, accountants, financial consultants, and investment bankers, some of whom now, or may in the future, represent creditors or Parties-in-Interest in these cases. The understanding is that neither the Court nor the U.S. Trustee is assisted in their duty to review disclosures by disclosures identifying every detail of any possible connection between an individual at Arent Fox and any entity which is or might be involved in the case (for example, disclosing every employee with a bank account at the DIP lender bank). Arent Fox recognizes the importance of full disclosure, and understands it has a duty to allow the Court to determine whether a contact is relevant and needs to be disclosed or not, rather than make the decisions itself. However, Arent Fox also understands that neither the Court nor the U.S. Trustee has the time or resources to investigate vast disclosures so far removed from the case as to be completely irrelevant. Certainly, some common sense applies. Arent Fox strives to provide the fullest disclosures without wandering too far afield into the absurd.

10. As a standard, Arent Fox discloses its connection with the United States Trustee and its attorneys for the District in which the case is pending, which appear in every bankruptcy matter in which Arent Fox appears. Aside from this, Arent Fox has no known connection requiring disclosure with the U.S. Trustee or any of its attorneys.

11. Many attorneys in Arent Fox's bankruptcy group clerked for bankruptcy judges. When appearing before any of these judges, Arent Fox discloses the connection.

12. Despite it not being the general practice of the bankruptcy bar, Arent Fox routinely discloses connections with proxy holders, agents, or other representatives who sit on the creditors committee or act for a member of the committee. In these situations, the Partner-in-Charge typically knows who the proxy holders are, and either (a) in the case of a proxy

- 4 -

holder known to have held proxies in previous Arent Fox committee engagements, corresponds with the other partners in the bankruptcy group to determine which matters Arent Fox has worked on with the proxy holder and discloses the same, or (b) in the case of a proxy holder not known to have any previous contact with Arent Fox, submits the name of the proxy holder to the conflict check system, and makes disclosures accordingly.

## Arent Fox's Overall Methodology With Respect to Conflicts and Connections

13.     In general, under Arent Fox's procedures and protocols, it is required that the Partner-in-Charge take all necessary steps to obtain the names all "connection" parties involved in the proceeding, run a complete conflict check, review the conflict check, resolve any issues or concerns, and prepare the necessary disclosures and connection declaration. If any of these steps are handled by an associate or other firm attorney, the Partner-in-Charge must review, check, and approve the process and disclosures.

14.     Once completed, the materials with supporting detail are submitted to the chair of the Bankruptcy and Restructuring Group for review, revision and vetting. I make revisions where necessary and provide these revisions to the Partner-in-Charge and (when applicable) the associate. These revisions can range from typographical and grammatical corrections to wholesale substantive rewrites. Many times I have meetings or discussions with the Partner-in-Charge or assigned associate to discuss the completeness and adequacy of the disclosures.

15.     After the Partner-in-Charge or associate enters the revisions, and the Partner-in-Charge finalizes the documents, they are provided to me for a final review, and if necessary, additional revision. This is so that I, as chair of the Bankruptcy and Financial Restructuring Group, can ensure that all disclosures are proper. At this stage I confirm with the Partner-in-Charge that he or she is entirely confident that the documents and the disclosures therein satisfy the requirements of the Bankruptcy Code and Rules. If not, we

- 5 -

work together to address any remaining issues. If so, I review the documents a final time and ask the Partner-in-charge if he or she believes the declaration is complete and complies with the Rules and Code before executing and filing it.

**Arent Fox's Disclosures in the Present Case**

16.     In its retention application and the accompanying declaration in support (the "Initial Retention Documents"), Arent Fox's Partner-in-Charge for this case, James Sullivan, acted in accordance with the procedures outlined above, and the Initial Retention Documents were filed.

17.     Of relevance to the issues currently before the Court, Arent Fox disclosed (a) the Committee's intent to engage Dr. Liu as translator, (b) that Dr. Liu was a proxy for a creditor who became a committee member in these cases, (c) that Arent Fox has represented Dr. Liu's company in the past, and (d) that Dr. Liu was involved in previous cases in which Arent Fox was engaged in some capacity. These disclosures included two cases in which Arent Fox represents or represented a creditors committee and Dr. Liu served as translator, three cases in which Arent Fox represents or represented a creditors committee and Dr. Liu served on the committee as proxy for one or more committee members, and one case in which Arent Fox represents or represented certain creditors who use Dr. Liu as their U.S. representative.

18.     In addition, the Initial Retention Documents disclosed that K&L Gates LLP is counsel to a party to whom Arent Fox is currently adverse in an unrelated matter, and that Scouler & Co. is currently adverse to Arent Fox in an unrelated matter.

19.     Finally, the Initial Retention Documents indicated that Arent Fox ran the names of creditors Shanghai Hualian Hardware Co., Ltd. ("SHH") and Eastern Accessories Corporation ("EAC") through its conflict check system, and the search turned up no conflicts,

- 6 -

as SHH and EAC were not then nor were they ever previously involved with Arent Fox as a client or an adverse party.

20.    In its first supplemental disclosure [Docket No. 237], Arent Fox disclosed two matters previously overlooked and unintentionally left out of the Initial Retention Documents. In one matter, Arent Fox represents a creditors committee and Dr. Liu serves as translator. In the other matter, Arent Fox represents a creditor for whom Dr. Liu serves as U.S. representative.

21.    In its second supplemental disclosure [Docket No. 259], Arent Fox disclosed contacts it had with SHH and EAC before the formation of the Committee. Arent Fox did not and does not believe that these contacts are connections within the meaning of the Bankruptcy Code and Rules, and therefore, believes these required no more disclosure than already provided in the Initial Retention Documents. However, after a conversation with counsel to the U.S. Trustee in which counsel indicated their belief that these contacts needed to be disclosed, Arent Fox filed its second supplemental declaration.

22.    Finally, in its third supplemental disclosure [Docket No. 265], Arent Fox expounded on its disclosures regarding K&L Gates LLP and Scouler & Co., indicating that Arent Fox, by virtue of its previous representation of a creditors committee, is a creditor of a liquidating trust for which Dan Scouler is trustee (a disclosure never provided by Scouler & Co.), and that Arent Fox represented a committee in a case where K&L Gates LLP represented the debtor.

23.    In my experience, creditors and other Parties-in-Interest will often ask any bankruptcy professional they come into contact with for "off the cuff" advice regarding their creditor rights in bankruptcy. I believe that providing the questioner with a simple answer that delineates only what the Bankruptcy Code provides on its face and suggesting they

- 7 -

contact someone in a position to help them does not rise to the level of being legal advice, does not create any attorney-client relationship, and is simply the cordial thing to do.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of October, 2010.

_____
Andrew I. Silfen

# Exhibit 2

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
------------------------------------------------------ X
In re:                                      :
                                            :        Chapter 11
UNIVERSAL BUILDING PRODUCTS, INC.,  :
et al.                                      :        Case No. 10-12453 (MFW)
                                            :
                            Debtors.        :        Jointly Administered
                                            :
------------------------------------------------------ X
```

### DECLARATION OF H. EUGENE LASTER IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ARENT FOX LLP AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO AUGUST 13, 2010

I, H. Eugene Laster, declare as follows:

1.       I am the co-owner of Millennium Metals, LLC ("Millennium"), a member and Co-Chair of the Official Committee of Unsecured Creditors (the "Committee") of Universal Building Products, Inc. *et al.* (the "Debtors"). I submit this declaration in support of the Application (the "Retention Application") of the Committee to employ and retain Arent Fox as counsel to the Committee *nunc pro tunc* to August 13, 2010.

2.       On August 13, 2010, The Office of the United States Trustee (the "UST") held an organizational meeting and selected five creditors to serve on the Committee. In addition to Millennium, the UST selected Eastern Accessories Corp., Jade-Sterling Steel Co., Inc., King Steel Corporation, and Raytrans Distributing Services, Inc.

3.       After the Committee was selected, it interviewed several law firms (some of which teamed up, at the Committee's request) who wished to serve as counsel for the Committee. The Committee heard presentations and, where submitted, reviewed materials, from seven law firms. To the best of my recollection, these firms included Arent Fox LLP (with

Elliott Greenleaf), Lowenstein Sandler PC, McDonald Hopkins LLC, Freeborn & Peters LLP (with Morris James), Cross & Simon, LLC, Ashby & Geddes, P.A., and Rosner Law Group.

4.      After considering the presentations and written materials of the seven law firms, the Committee narrowed the field to the two firms it thought best suited to the engagement – Arent Fox (teamed with Elliott Greenleaf) and Lowenstein Sandler – and interviewed each of these two firms again. After the second round of interviews, the Committee selected Arent Fox and Elliott Greenleaf to serve as its counsel.

5.      After counsel for the Committee was selected, the Committee chose financial advisors. The Committee then discussed the hiring of a translator, in view of the fact that one of its members did not speak English, and other Chinese-based businesses were also creditors of the Debtors. Upon the recommendation of Arent Fox, and based on Dr. Liu's previous experience working with several law firms, including Arent Fox, in bankruptcy matters, the Committee decided to hire Dr. Liu as a translator.

6.      I did not have any contact or communications of any sort with Arent Fox prior to the organizational meeting on August 13, 2010.

7.      On September 28th, after a lengthy discussion, the Committee reaffirmed its engagement of Arent Fox and Elliott Greenleaf, and its continued desire for the Court to approve such retention.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _5th_ day of October 2010.

H. Eugene Laster

-2-

# Exhibit 3

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
-------------------------------------------------------- X
In re:                                          :        Chapter 11
                                                :
UNIVERSAL BUILDING PRODUCTS, INC.,              :        Case No. 10-12453 (MFW)
et al.                                          :
                                                :        Jointly Administered
                       Debtors.                 :
                                                :
-------------------------------------------------------- X
```

## DECLARATION OF JEFFREY N. ROTHLEDER IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REPLY TO THE DEBTORS AND THE UNITED STATES TRUSTEE'S OBJECTIONS TO APPLICATION TO RETAIN ARENT FOX LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

I, Jeffrey N. Rothleder, declare as follows:

1.      I am an attorney in the Bankruptcy and Financial Restructuring Group at Arent Fox LLP ("Arent Fox"), a law firm which employs approximately 340 attorneys and maintains an office for the practice of law at 1050 Connecticut Ave., N.W., Washington, DC 20036 as well as offices in New York, NY and Los Angeles, CA.

2.      I am licensed to practice law in the State of Maryland and the District of Columbia as well as before the United States District Courts for the District of Maryland and District of Columbia and the United States Court of Appeals for the Fourth Circuit.

3.      I am submitting this declaration in support of the Official Committee of Unsecured Creditors Reply to the Debtors' and the United States Trustee's Objections to the Application to Retain Arent Fox LLP as Counsel to the Committee (the "Reply"). I have personal and first-hand knowledge of the facts set forth below, and, if called as a witness, could and would testify as to each of them.

4. I am submitting this declaration for the primary purpose of putting before the Court certain summaries of voluminous writings, which original writings are available for the inspection by other parties or the Court.

5. I supervised and participated in the preparation of a summary chart entitled Chart Detailing Dr. Liu's Participation in Bankruptcy Cases (the "Dr. Liu Participation Chart"). The Dr. Liu Participation Chart is a summary of voluminous filings contained on the dockets of numerous United States Bankruptcy Courts. The summary chart is based on a review of the following entire dockets maintained by the respective Clerks of the Court on the CM/ECF system of each Bankruptcy Court as well as a review of the documents associated with the individual docket entries noted below:

- *In re Global Home Products*, United States Bankruptcy Court for the District of Delaware, Case No. 06-10340-KG, including Docket Nos. 288, 828 and 1960.

- *In re Rehrig International, Inc.*, United States Bankruptcy Court for the District of Delaware, Case No. 08-12064-KJC, including Docket Nos. 104, 363 and 402.

- *In re NPPI Holdings, Inc., et al.*, United States Bankruptcy Court for the District of Delaware, Case No. 09-11547-PJW, including Docket Nos. 237, 414, 600 and 603.

- *In re Proliance International, Inc., et al.*, United States Bankruptcy Court for the District of Delaware, Case No. 09-12278, including Docket Nos. 297, 490 and 815.

- *In re Jazz Products, LLC*, United States Bankruptcy Court for the District of New Jersey, Case No. 09-33687 RTL, including Docket Nos. 78, 143, 149, 150 and 151.

- *In re Electric Scooter Wind Down Corp. f/k/a Vetrix Corp.*, Untied States Bankruptcy Court for the District of Delaware, Case No. 09-13347-KG, including Docket No. 58.

- *In re Designer License*, United States Bankruptcy Court for the Southern District of New York, Case No. 09-17661-JMP, including Docket Nos. 22 and 35.

- *In re Innatech LLC*, United States Bankruptcy Court for the Eastern District of Michigan, Case No. 10-49380-TJT, including Docket Nos. 75 and 379.

- *In re Ronson Aviation*, United States Bankruptcy Court for the District of New Jersey, Case No. 10-35315-MBK.

- *In re Lane Punch Corp.*, United States Bankruptcy Court for the Western District of North Carolina, Case No. 10-32146, including Docket No. 47 and 48.

- *In re Shapes/Arch Holding, L.L.C.*, United States Bankruptcy Court for the District of New Jersey, Case No. 08-14631, including Docket Nos. 103, 104, 627 and 628.

- *In re Steve & Barry's Manhattan LLC, et al.*, United States Bankruptcy Court for the Southern District of New York, Case No. 08-12579-ALG, including Docket Nos. 461 and 2032.

- *In re Sababa Group, Inc.*, United States Bankruptcy Court for the Southern District of New York, Case No. 08-13174-JMP, including Docket Nos. 66 and 110.

- *In re International Home Fashions, Inc.*, United States Bankruptcy Court for the Western District of Carolina, Case No. 08-10434, Docket Nos. 38 and 116.

NYC/528893.1

- *In re Bachrach Acquisition LLC*, United States Bankruptcy Court for the Southern District of New York, Case No. 09-12918, including Docket Nos. 128, 240 and 443.

- *In re eToys Direct I, LLC*, United States Bankruptcy Court for the District of Delaware, Case No. 08-13412-BLS, Docket No. 279.

- *In re Barcalounger Corp.*, United States Bankruptcy Court for the District of Delaware, Case No. 10-11638-BLS, Docket No. 70 and 253.

In preparing the Dr. Liu Participation Chart, I reviewed and summarized such documents and, pursuant to Federal Rules of Evidence 901(b)(7) and 1006, a true and accurate copy of the Dr. Liu Participation Chart is attached to this declaration as **Exhibit A**.

6.      I reviewed the retention applications in all of the cases identified on the Dr. Liu Participation Chart, and based on that review, have concluded that Arent Fox provides the most detailed disclosures regarding the firm's connections to Dr. Liu.

7.      In addition, I supervised and participated in the preparation of a summary chart entitled Arent Fox Committee Engagements (the "Committee Engagement Chart"). The Committee Engagement Chart is a summary of voluminous filings contained on the dockets maintained by the respective Clerks of the Court on the CM/ECF systems of numerous United States Bankruptcy Courts. Specifically, in preparing the Committee Engagement Chart, I or an Arent Fox employee I supervised, reviewed the entire following publicly maintained dockets:

- *In re Accredited Home Lenders Holding Company, et al.*, United States Bankruptcy Court for the District of Delaware, Case No. 09-11516;

- *In re Action Redi-Mix Corp.*, United States Bankruptcy Court for the Southern District of New York, Case No. 03-22994;

-4-

- *In re Airways Industries, Inc.*, United States Bankruptcy Court for the Western District of Pennsylvania, Case No. 06-20224;

- *In re AMS Health Sciences, Inc.*, United States Bankruptcy Court for the Western District of Oklahoma, Case No. 07-14678;

- *In re Apple Capitol Group, LLC and Berkeley WVA Group, LLC*, United States Bankruptcy Court for the Southern District of Florida, Case No. 02-25275;

- *In re AppliedTheory Corp.*, United States Bankruptcy Court for the Southern District of New York, Case No. 02-11868;

- *In re Asyst Technologies*, United States Bankruptcy Court for the Northern District of California, Case No. 09-43246;

- *In re Auto Life Acquisition Corp.*, United States Bankruptcy Court for the Southern District of California, Case No. 07-02952;

- *In re BH S&B Holdings LLC*, United States Bankruptcy Court for the Southern District of New York, Case No. 08-14604;

- *In re Blackwood, Inc.*, United States Bankruptcy Court for the Southern District of New York, Case No. 02-12093;

- *In re Building Materials Holding Corp.*, United States Bankruptcy Court for the District of Delaware, Case No. 09-12074;

- *In re Ceres Capital Partners, LLC*, United States Bankruptcy Court for the Southern District of New York, Case No. 08-11390;

- *In re Clift Holdings, LLC*, United States Bankruptcy Court for the Southern District of New York, Case No. 03-41984-BRL;

- *In re Creative Group, Inc.*, United States Bankruptcy Court for the Southern District of New York, Case No. 08-10957;

- *In re Crew Creative Advertising, LLC*, United States Bankruptcy Court for the Central District of California, Case No. 09-22988;

- *In re Cross Media Marketign Corp.*, United States Bankruptcy Court for the Southern District of New York, Case No. 03-13901;

- *In re CSI Inc. d/b/a Choice Seat*, United States Bankruptcy Court for the Southern District of New York, Case No. 01-12923;

- *In re Designer License Holding Company LLC*, United States Bankruptcy Court for the Southern District of New York, Case No. 09-17661;

- *In re Dexterity Surgical, Inc.*, United States Bankruptcy Court for the Southern District of Texas, Case No. 04-35817;

- *In re DHP Holdings II Corp.*, United States Bankruptcy Court for the District of Delaware, Case No. 08-13422;

- *In re Distributed Energy Systems Corp.*, United States Bankruptcy Court for the District of Delaware, Case No. 08-11101;

- *In re Dream Machine, Inc.*, United States Bankruptcy Court for the District of Delaware, Case No. 03-13305;

- *In re Earthshell Corp.*, United States Bankruptcy Court for the District of Delaware, Case No. 17-10086;

- *In re EliteAgents Mortgage Services, Inc. and Milestone Capital, Inc.*, United States Bankruptcy Court for the District of New Jersey, Case Nos. 03-41805 and 03-41806;

NYC/528893.1

- *In re eToys Direct I, LLC*, United States Bankruptcy Court for the District of Delaware, Case No. 08-13412;

- *In re Europadisk, LLC*, United States Bankruptcy Court for the Eastern District of New York, Case No. 02-17446;

- *In re Fieldstone Mortgage Company*, United States Bankruptcy Court for the District of Maryland, Case No. 07-21814;

- *In re Fortunoff Holdings, LLC*, United States Bankruptcy Court for the Southern District of New York, Case No. 09-10497;

- *In re FutureLink Madison Corp.*, United States Bankruptcy Court for the Southern District of New York, Case No. 01-14543;

- *In re GCO Services, LLC and GFinancial, LLC*, United States Bankruptcy Court for the Southern District of New York, Case Nos. 02-15630 and 2-15631;

- *In re Hudson Research, Inc.*, United States Bankruptcy Court for the Southern District of New York, Case No. 07-22046;

- *In re Humanitees, Inc.*, United States Bankruptcy Court for the Southern District of New York, Case No. 04-23284;

- *In re HydroGen, L.L.C.*, United States Bankruptcy Court for the Southern District of New York, Case No. 08-14139;

- *In re Impath Inc., et al.*, United States Bankruptcy Court for the Southern District of New York, Case No. 03-16113;

- *In re Insilco Technologies, Inc.*, United States Bankruptcy Court for the District of Delaware, Case No. 02-13672 (KJC);

NYC/528893.1

- *In re International Home Fashions, Inc.*, United States Bankruptcy Court for the Western District of North Carolina, Case No. 08-10434;

- *In re Jazz Products, LLC*, United States Bankruptcy Court for the District of New Jersey, Case No. 09-33687;

- *In re Luminent Mortgage Capital, Inc.*, United States Bankruptcy Court for the District of Maryland, Case No. 08-21389;

- *In re ManagedStorage International, Inc.*, United States Bankruptcy Court for the District of Delaware, Case No. 09-10368;

- *In re Manhattan Imaging Associates P.C.*, United States Bankruptcy Court for the Southern District of New York, Case No. 02-10646;

- *MAXjet Airways, Inc.*, United States Bankruptcy Court for the District of Delaware, Case No. 07-11912;

- *In re MCE Television Networks Inc.*, United States Bankruptcy Court for the Western District of Washington, Case No. 07-10599;

- *In re Men's Suits on Fifth Avenue, Ltd.*, United States Bankruptcy Court for the Southern District of New York, Case No. 02-10347;

- *In re Metiom, Inc.*, United States Bankruptcy Court for the Southern District of New York, Case No. 01-12840;

- *In re Mohawk Valley Nursing Home, Inc.*, United States Bankruptcy Court for the Northern District of New York, Case No. 09-30389;

- In *re Mooney Aerospace Group, Ltd.*, United States Bankruptcy Court for the District of Delaware, Case No. 04-11733;

NYC/528893.1

- *In re Norman J. Salter and Kerri A. Salter*, United States Bankruptcy Court for the Central District of California, Case No. 09-11653;

- *In re North Bay General Hospital, Inc.*, United States Bankruptcy Court for the Southern District of Texas, Case No. 05-32121;

- *In re NPPI Holdings, Inc., et al.*, United States Bankruptcy Court for the District of Delaware, Case No. 09-11547;

- *In re Ocean Power Corporation*, United States Bankruptcy Court for the Southern District of New York, Case No. 02-15989;

- *In re Planet Hollywood International Inc.*, United States Bankruptcy Court for the Middle District of Florida, Case No. 01-10428;

- *In re Point Blank Solutions, Inc., et al.*, United States Bankruptcy Court for the District of Delaware, Case No. 10-11255;

- *In re Professional Golf Management MICC LLC*, United States Bankruptcy Court for the Eastern District of New York, Case No. 06-70402;

- *In re Protective Products of America, Inc. and PPOA Holding, Inc.*, United States Bankruptcy Court for the Southern District of Florida, Case No. 10-10711;

- *In re Right Start Acquisition Company and Babystyle, Inc.*, United States Bankruptcy Court for the Central District of California, Case Nos. 09-11132 and 09-11141;

- *In re Rock & Republic Enterprises, Inc.*, United States Bankruptcy Court for the Southern District of New York, Case No. 10-11728;

- *In re Sababa Group Inc.*, United States Bankruptcy Court for the Southern District of New York, Case No. 08-13174;

NYC/528893.1

- *In re Scient, Inc., et al.*, United States Bankruptcy Court for the Southern District of New York, Case No. 02-13455;

- *In re Simpson Brick Sales, Inc.*, United States Bankruptcy Court for the Northern District of Georgia, Case No. 08-20274;

- *Sitnal, Inc., f/k/a Lantis Eyewear Corporation*, United States Bankruptcy Court for the Southern District of New York, Case No. 04-13589;

- *Solstice, LLC*, United States Bankruptcy Court for the Southern District of New York, Case No. 09-11010;

- *In re Sound Imaging Corporation*, United States Bankruptcy Court for the District of New Jersey, Case No. 06-10050;

- *In re Tackley Mill, L.L.C.*, United States Bankruptcy Court for the Northern District of West Virginia, Case No. 06-00820;

- *In re Tactica International, Inc.*, United States Bankruptcy Court for the Southern District of New York, Case No. 04-16805;

- *In re the Albert Lindley Lee Memorial Hospital*, United States Bankruptcy Court for the Northern District of New York, Case No. 09-30845;

- *The Muralo Company, Inc. and Norton & Son of California, Inc.*, United States Bankruptcy Court for the District of New Jersey, Case No. 03-26723;

- *In re TKO Sports Group USA Limited*, United States Bankruptcy Court for the Southern District of Texas, Case No. 05-48509;

- *In re Verified Identity Pass, Inc.*, United States Bankruptcy Court for the Southern District of New York, Case No. 09-17086 (SMB);

NYC/528893.1

- *In re WBE, LLC f/k/a Everything But Water, LLC*, United States Bankruptcy Court for the District of Delaware, Case No. 09-10649; and

- *In re WorldSpace, Inc., et al.*, United States Bankruptcy Court for the District of Delaware, Case No. 08-12412.

As part of the review of the dockets in the foregoing bankruptcy proceedings, I, or those supervised by me, reviewed all documents regarding the retention of the professionals for any official committee of unsecured creditors appointed in the respective cases. In preparing the Committee Engagement Chart, I, or those supervised by me, reviewed such filings and, pursuant to Federal Rules of Evidence 901(b)(7) and 1006, a true and accurate copy of the Committee Engagement Chart is attached to this declaration as **Exhibit B**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of October 2010.

_____
Jeffrey N. Rothleder

# EXHIBIT A
# TO DECLARATION OF J. ROTHLEDER

Chart Detailing Dr. Liu's Participation in Bankruptcy Cases[1]
Prepared by Arent Fox LLP

| Tab | Debtor Name | Court/Case No. | Committee Counsel | Dr. Liu's Role/Description in Retention Application | Fee Application |
|---|---|---|---|---|---|
| | | | | Cases In Which Dr. Liu Was Retained As Committee Interpreter | |
| 1 | Global Home Products | Dist. of Delaware 06-10340-KG | Lowenstein Sandler P.C. | Paragraph 16 of the retention application [Docket No. 288] provides that:[2]<br><br>16. The Committee also intends to use the services of Chinese language translators because several Committee members are Chinese corporations whose representatives speak little or no English. Thus, the services of a Chinese translator will be essential to effective communications by and among the Committee professionals and the Committee members.<br><br>No mention of Dr. Liu Chinese translator in disclosure declaration.<br><br>Supplemental disclosure regarding use of Dr. Liu as translator was filed [Docket No. 828] providing that Dr. Liu is a disinterested person as defined in Section 101(14) of the Bankruptcy Code.<br><br>No separate retention application or order for Dr. Liu. | Final application for compensation seeks allowance of expenses for Dr. Liu in the amount of $4,780.00 [Docket No. 1960]. The application also discloses that Dr. Liu received a payment in the amount of $18,000 from the Debtors on Nov. 28, 2007. |
| 2 | Rehrig International Inc. | Dist. of Delaware 08-12064-KJC | Lowenstein Sandler PC | Paragraph 16 of the Retention Application [Docket No. 104] provides that:<br><br>16. The Committee also intends to use the services of Chinese language translators because several Committee members are Chinese corporations whose representatives speak little or no English. Thus, the services of a Chinese translator will be essential to effective communications by and among the Committee professionals and the Committee members. | Final application for reimbursement of expenses incurred by Dr. Liu [Docket No. 363] sought allowance of a total of $3,150.00. Court entered order approving total amount sought [Docket No. 402]. |

---

[1] This chart does not include information regarding Universal Building Products.
[2] To the extent feasible, relevant sections of the documents are quoted in this summary; more lengthy provisions are paraphrased.
NYC/528871.1

| Tab | Debtor Name | Court/ Case No. | Committee Counsel | Dr. Liu's Role/Description in Retention Application | Fee Application |
|---|---|---|---|---|---|
| | | | | **Paragraph 12 of the disclosure declaration provides that:** <br><br> 12. As forth in paragraph 16 of the Application, the Committee intends to utilize the services of a Chinese language translator to ensure effective communication among its members and professionals. The Committee may utilize the services of Dr. Haishan Liu, who is fluent in the Mandarin dialect of the Chinese language. Dr. Liu is not an attorney and is a "disinterested person" as the term is defined in 11 U.S.C. § 101(14). Moreover, Dr. Liu does not hold or represent any interest adverse to the Committee. Dr. Liu's address is as follows: 33-65 55th Street, Woodside, New York 11377 based on information Dr. Liu has provided to Lowenstein Sandler. <br><br> No further disclosures are made. <br><br> No separate retention application or order for Dr. Liu. | |
| 3 | NPPI Holdings, Inc., et al. | Dist. of Delaware 09-11547-PJW | Arent Fox LLP | **Paragraph 13 of the Retention Application [Docket No. 237] provides that:** <br><br> 13. The Committee also intends to use the services of Chinese language translators because two Committee members are Chinese corporations whose representatives speak little or no English. Thus, the services of a Chinese translator will be essential to effective communications by and among the Committee professionals and the Committee members. To that end, the Committee has chosen to utilize the services of Dr. Haishan Liu, who is fluent in the Mandarin dialect of the Chinese language. <br><br> Paragraph 13 of the disclosure declaration has detailed disclosures regarding Dr. Liu and Arent Fox's connections including representations that Dr. Liu does not hold any interest adverse to the Committee and that the Committee has selected | Dr. Liu's fee requests included within counsel's fee applications [Docket Nos. 414 and 600]. Fees requested in the amounts of $17,491.50 and $4,212.00. Final application seeks reimbursement of Committee member expenses in the total amount of $21,703.50, which is the total amount sought in the interim applications [Docket Nos. 603]. The Court approved the fee request [Docket 661]. |

| Tab | Debtor Name | Court/ Case No. | Committee Counsel | Dr. Liu's Role/Description in Retention Application | Fee Application |
|---|---|---|---|---|---|
| 4 | Proliance International, Inc., et al. | Dist. of Delaware 09-12278 | Lowenstein Sandler PC | Dr. Liu as a translator.<br><br>No separate retention application or order for Dr. Liu.<br><br>Paragraph 9 of the Retention Application [Docket No. 297] provides that:<br><br>effect on the date the services are rendered. Certain members of the Committee are based in China. In order to facilitate Committee discussion and enable all Committee members to participate fully, Lowenstein Sandler intends to use the services of Dr. Huishan Liu as a translator and will seek reimbursement for the costs of Dr. Liu's services at a rate of $100 per hour in connection with other applications in this case.<br><br>No mention of Dr. Liu or a Chinese translator in the disclosure declaration. There is a certificate of counsel correcting the amount to be paid to Dr. Liu from $100 per hour to $150 per hour [Docket No. 490].<br><br>No separate retention application or order for Dr. Liu. | No reimbursement for expenses sought in final fee application [Docket No. 815]. |
| 5 | Jazz Products, LLC | Dist. of New Jersey 09-33687-RTL | Arent Fox LLP | Paragraph 11 of the Retention Application [Docket No. 78] provides that:<br><br>i.   The Committee also intends to use the services of Chinese language translators because two Committee members are Chinese corporations whose representatives speak little or no English. Thus, the services of a Chinese translator will be essential to effective communications by and among the Committee professionals and the Committee members. To this end, the Committee has chosen to utilize the services of Dr. Huishan Liu, who is fluent in the Mandarin dialect of the Chinese language.<br><br>Paragraph 11 of the disclosure declaration has detailed disclosures regarding Dr. Liu, his service as a proxy holder for a | Final application was amended to seek an award of $2,106.00 in compensation to Dr. Liu as well as to provide him a proration of the $20,000 retainer, in the amount of $315.54; Court entered order awarding the sought compensation and proration [Docket Nos. 143, 149, 150 and 151]. |

| Tab | Debtor Name | Court/ Case No. | Committee Counsel | Dr. Liu's Role/Description in Retention Application | Fee Application |
|---|---|---|---|---|---|
| | | | | Committee member and Arent Fox's connections including representations that Dr. Liu does not hold any interest adverse to the Committee and that the Committee has selected Dr. Liu as a translator. | |
| 6 | Electric Scooter Wind Down Corp. f/k/a Vetrix Corp. | Dist. of Delaware 09-13347-KG | Klehr Harrison Harvey Branzburg LLP | No mention of retention of Chinese translator in counsel's retention application or disclosure declaration [Docket No. 58].<br><br>No separate retention application or order for Dr. Liu. | Fee applications do not appear to seek reimbursement of any expenses for translation services. |
| 7 | Designer License Holding Company, LLC | Southern District of New York 09-17661-JMP | Arent Fox LLP | Paragraph 14 of the retention application [Docket No. 22] provides that:<br><br>14. The Committee also intends to use the services of Chinese language translators because two Committee members are Chinese corporations whose representatives speak little or no English. Thus, the services of a Chinese translator will be essential to effective communications by and among the Committee professionals and the Committee members. To this end, the Committee has chosen to utilize the services of Dr. Haishan Liu, who is fluent in the Mandarin dialect of the Chinese language. The Committee will seek approval of any fees due to Dr. Liu in the future fee applications filed by Arent Fox.<br><br>Paragraph 12 of the disclosure declaration has detailed disclosures regarding Dr. Liu and Arent Fox's connections including representations that Dr. Liu does not hold any interest adverse to the Committee and that the Committee has selected Dr. Liu as a translator.<br><br>No separate retention application or order; retention order for Arent Fox contains authorization to employ Dr. Liu [Docket No. 35]. | No fee application filed in case. |
| 8 | Innatech, LLC | Eastern Dist. of Michigan | Jaffe, Raitt, Heuer & | No mention of Chinese translator in counsel's retention application or disclosure declaration [Docket No. 75] | Application for Chinese committee member for |

NYC/528871.1

| Tab | Debtor Name | Court/ Case No. | Committee Counsel | Dr. Liu's Role/Description in Retention Application | Fee Application |
|---|---|---|---|---|---|
| | | 10-49380-TJT | Weiss P.C | No separate retention application or order for Dr. Liu. | administrative expenses incurred by Dr. Liu for translation services seeking allowance of $3,987.75 [Docket No. 379]. |
| | | | | | No order entered yet. |
| 9 | Ronson Aviation | Dist. of New Jersey 10-35315-MBK | Lowenstein Sandler P.C. | No retention application filed as of yet. | |
| 10 | Lane Punch Corp. | Western Dist. of North Carolina 10-32146 | Butler Rubin Saltarelli & Boyd LLP | No mention of Chinese translator in counsel's retention application or disclosure declaration [Docket Nos. 47 and 48]. Retention applications have not yet been considered by the Court. | |
| | | | | No separate retention application or order for Dr. Liu. | |
| | | | | **Other Cases Involving Dr. Liu** | |
| 11 | Shapes/Arch Holding, L.L.C | Dist. of New Jersey 08-14631 | Halperin Battaglia Raicht, LLP | No mention of retention of Chinese translator in either counsel's retention application or disclosure declaration [Docket Nos. 103 and 104]. | No reimbursement for expenses sought in final fee applications [Docket Nos. 627 and 628] |
| | | | | No separate retention application or order for Dr. Liu. | |
| 12 | Steve & Barry's Manhattan LLC, et al. | Southern Dist. of New York 08-12579-ALG | Cooley Godward Kronish LLP | No mention of retention of Chinese translator in counsel's retention application or disclosure declaration [Docket No. 461]. | No reimbursement for expenses sought in final fee application [Docket No. 2032] |
| | | | | No separate retention application or order for Dr. Liu. | |
| 13 | Sababa Group, Inc. | Southern Dist. of New York 08-13174-JMP | Arent Fox LLP | No mention of retention of Chinese translator in retention application; however, there is detailed disclosure regarding Dr. Liu as proxy and agent for creditor in disclosure declaration [Docket No. 66]. | No reimbursement for expenses sought in final fee application [Docket No. 110]; however, case was converted early in |

| Tab | Debtor Name | Court/ Case No. | Committee Counsel | Dr. Liu's Role/Description in Retention Application | Fee Application |
|---|---|---|---|---|---|
| | | | | No separate retention application or order for Dr. Liu. | proceedings. |
| 14 | International Home Fashions, Inc. | Western Dist. of North Carolina 08-10434 | Arent Fox LLP | No mention of retention of Chinese translator in counsel's retention application or disclosure declaration [Docket No. 38]. <br><br> No separate retention application or order for Dr. Liu. | No reimbursement for expenses sought in final fee application [Docket No. 116]. |
| 15 | Bachrach Acquisition, LLC | Southern Dist. of New York 09-12918-SMB | Kelley Drye & Warren LLP | No mention of retention of Chinese translator in counsel's retention application or disclosure declaration [Docket No. 128]. <br><br> No separate retention application or order for Dr. Liu. | No reimbursement for expenses sought in fee applications [Docket Nos. 240 and 443]; Dr. Liu noted as a committee member in fee applications. |
| 16 | eToys Direct I, LLC | Dist. of Delaware 08-13412-BLS | Arent Fox LLP | No mention of retention of Chinese translator in counsel's retention application; however, there is detailed disclosure with respect to Arent Fox's relationship with Dr. Liu in the disclosure declaration [Docket No. 279]. <br><br> No supplemental disclosure contains any further information regarding Dr. Liu. <br><br> No separate retention application or order for Dr. Liu. | Fee applications do not appear to seek reimbursement of any expenses for translation services. |
| 17 | Barcalounger Corp. | Dist. of Delaware 10-11637-BLS | Lowenstein Sandler P.C. | No mention of Chinese translator in counsel's retention application or disclosure declaration [Docket No. 70] <br><br> No separate retention application or order for Dr. Liu. <br><br> *Note: The First Supplemental Declaration of James M. Sullivan in Support of Application for an Order Authorizing Employment and Retention of Arent Fox LLP as Attorneys for the Official Committee of Unsecured Creditors Nunc Pro Tunc to August 13, 2010* [UBP Docket No. 237] discloses that Arent Fox represents Moonart International, Inc., a creditor in this chapter 11 case and Dr. Liu is the U.S. representative of Moonart Intentional, Inc. | No reimbursement sought there in first interim fee application [Docket No. 253]; no separate application for allowance of administrative expense. |

# EXHIBIT B
# TO DECLARATION OF J. ROTHLEDER

## ARENT FOX COMMITTEE ENGAGEMENTS

| Debtor | Case No. | District | Case Filed | Committee Appointed | Committee's Financial Advisor/ Other Retained Professional | Local Counsel/ Special Purpose Counsel to Committee | Participation of Dr. Liu |
|---|---|---|---|---|---|---|---|
| Accredited Home Lenders Holding Co. | 09-11516 (MFW) | DE | 05/01/09 | 06/16/09 | Weiser LLC | Elliott Greenleaf | |
| Action Redi-Mix Corp. | 03-22994 (ASH) | SDNY | 06/04/03 | 07/08/03 | MJ Renick | None | |
| Airway Industries, Inc. | 06-20224 (JAD) | WDPA | 01/20/06 | 02/03/06 | Alpern Rosenthal | None | |
| AMS Health Sciences, Inc. | 07-14678 (RLB) | WDOK | 12/27/07 | 02/05/08 | Executive Sounding Board Associates | Holbrook & Toffoli | |
| Apple Capitol Group, LLC and Berkeley WVA Group, LLC | 02-25275 (RBR) | SDFL | 07/16/02 | 07/29/02 | Howard L. Konicov, CPA | Adorno & Yoss PA | |
| AppliedTheory Corp. | 02-11868 (REG) | SDNY | 04/17/02 | 04/29/02 | None | None | |
| Asyst Technologies, Inc. | 09-43246 (RJN) | NDCA | 04/20/09 | 04/28/09 | BDO Seidman, LLP | None | |
| Auto Life Acquisition Corp. | 07-02952 (JH) | SDCA | 06/06/07 | 07/17/07 | None | None | |
| BH S&B Holdings LLC | 08-14604 (MG) | SDNY | 11/19/08 | 11/26/08 | Mahoney Cohen & Company, CPA, P.C. | None | |
| Blackwood, Inc. | 02-12093 (REG) | SDNY | 04/30/02 | 05/21/02 | C. W. England & Company, LLC | None | |
| Building Materials Holding Corporation | 09-12074 (KJC) | DE | 06/16/09 | 06/26/09 | Executive Sounding Board Associates, | Benesch Friedlander Coplan & Aronoff, | |

Page 1

NYC/528883.1

| Debtor | Case No. | District | Case Filed | Committee Appointed | Committee's Financial Advisor/ Other Retained Professional | Local Counsel/ Special Purpose Counsel to Committee | Participation of Dr. Liu |
|---|---|---|---|---|---|---|---|
| | | | | | Inc. | LLP | |
| Ceres Capital Partners, LLC | 08-11390 (ALG) | SDNY | 04/17/08 | 05/05/08 | Mahoney Cohen & Company, CPA, P.C. | None | |
| Clift Holdings, LLC | 03-41984 (BRL) | SDNY | 08/15/03 | 09/22/03 | Triax Capital Advisors, LLC | None | |
| Creative Group, Inc. | 08-10975 (RDD) | SDNY | 03/21/08 | 04/04/08 | Amper, Politziner & Mattia, P.C. | None | |
| Crew Creative Advertising, LLC | 09-22988 (VK) | CDCA | 05/26/09 | 06/15/09 | None | None | |
| Cross Media Marketing Corporation | 03-13901 (BRL) | SDNY | 06/16/03 | 06/23/03 | Mahoney Cohen & Co., CPA, P.C. | None | |
| CSI Incorporated, dba Choice Seat | 01-12923 (REG) | SDNY | 05/18/01 | 06/11/01 | Wells Fargo Bank, N.A. | None | |
| Designer License Holding Company, LLC | 09-17661 (JMP) | SDNY | 12/31/09 | 01/20/10 | Executive Sounding Board Associates Inc. | None | Yes |
| Dexterity Surgical, Inc. | 04-35817 (MI) | SDTX | 04/19/04 | 06/04/04 | BDO Seidman LLP | Barnet B. Skelton, Jr. | |
| DHP Holdings II Corporation | 08-13422 (MFW) | DE | 12/29/08 | 01/09/09 | CBIZ Accounting, Tax & Advisory of New York, LLC and CBIZ, Inc. | Elliott Greenleaf | |
| Distributed Energy Systems Corp. | 08-11101 (KG) | DE | 06/04/08 | 06/16/08 | J.H. Cohn LLP | Archer & Greiner PC | |

NYC/528883.1

| Debtor | Case No. | District | Case Filed | Committee Appointed | Committee's Financial Advisor/ Other Retained Professional | Local Counsel/ Special Purpose Counsel to Committee | Participation of Dr. Liu |
|---|---|---|---|---|---|---|---|
| Dream Machine, Inc. | 03-13305 (PJW) | DE | 10/28/03 | 12/02/03 | Weiser, LLP | Jaspan Schlesinger Hoffman LLP | |
| Earthshell Corporation | 07-10086 (KG) | DE | 01/19/07 | 02/01/07 | NachmanHaysBrownstein, Inc. | Klehr Harrison Harvey Branzburg & Ellers LLP; Womble Caryle Sandridge & Rice PLLC | |
| EliteAgents Mortgage Services, Inc. and Milestone Capital, Inc. | 03-41805 (NLW) 03-41806 (NLW) | NJ | 09/26/03 | 10/10/03 | None | None | |
| eToys Direct 1, LLC | 08-13412 (BLS) | DE | 12/28/08 | 01/09/09 | CBIZ Accounting, Tax & Advisory of New York, LLC and CBIZ, Inc. | Elliott Greenleaf | Yes |
| Europadisk, LLC | 02-17446 (DEM) | EDNY | 06/11/02 | 06/28/02 | None | None | |
| Fieldstone Mortgage Company | 07-21814 (JFS) | MD | 11/23/07 | 02/12/08 | Weiser LLP | None | |
| Fortunoff Holdings, LLC | 09-10497 (RDD) | SDNY | 02/05/09 | 02/11/09 | CBIZ Accounting, Tax & Advisory of New York, LLC and CBIZ, Inc. | None | |
| FutureLink Madison Corporation | 01-14543 (BRL) | SDNY | 08/14/01 | 08/22/01 | J.H. Cohn LLP | None | |

Page 3

| Debtor | Case No. | District | Case Filed | Committee Appointed | Committee's Financial Advisor/ Other Retained Professional | Local Counsel/ Special Purpose Counsel to Committee | Participation of Dr. Liu |
|---|---|---|---|---|---|---|---|
| GCO Services, LLC and GFinancial, LLC | 02-15360 (ALG) 02-15361 (ALG) | SDNY | 10/29/02 | 11/19/02 | None | None | |
| Hudson Research, Inc. | 07-22046 (ASH) | SDNY | 01/17/07 | 02/16/07 | None | None | |
| Humanitees, Inc. | 04-23284 (ASH) | SDNY | 08/17/04 | 09/01/04 | None | None | |
| HydroGen, L.L.C. | 08-14139 (AJG) | SDNY | 10/22/08 | 11/10/08 | The Receivable Management Services Corporation | None | |
| Impath Inc., et al. | 03-16113 (PCB) | SDNY | 09/28/03 | 10/06/03 | Ernst & Young Corporate Finance, LLC and Ernst & Young, LLP | Duane Morris LLP | |
| Insilco Technologies, Inc. | 02-13672 (KJC) | DE | 12/16/02 | 01/06/03 | Traxi LLC | Drinker, Biddle & Reath, LLP | |
| International Home Fashions, Inc. | 08-10434 (GRH) | WDNC | 06/04/08 | 07/02/08 | Middlesworth, Bowers & Co., LLP | Nelson Mullins Riley & Scarborough LLP | Yes |
| Jazz Products, LLC | 09-33687 (RTL) | NJ | 09/08/09 | 09/30/09 | Executive Sounding Board Associates Inc. | None | Yes |
| Luminent Mortgage Capital, Inc. | 08-21389 (DK) | MD | 09/05/08 | 09/16/08 | Mahoney Cohen & Company, CPA, P.C. | None | |

Page 4

NYC/528883.1

| Debtor | Case No. | District | Case Filed | Committee Appointed | Committee's Financial Advisor/ Other Retained Professional | Local Counsel/ Special Purpose Counsel to Committee | Participation of Dr. Liu |
|---|---|---|---|---|---|---|---|
| ManagedStorage International, Inc. | 09-10368 (MFW) | DE | 02/04/09 | 02/17/09 | Weiser, LLC | Elliott Greenleaf | |
| Manhattan Imaging Associates P.C. | 02-10646 (REG) | SDNY | 02/13/02 | 04/24/02 | Parente Randolph, LLC | Gary I. Fields, Esq. | |
| MAXjet Airways, Inc. | 07-11912 (PJW) | DE | 12/24/07 | 01/04/08 | NachmanHaysBrownstein, Inc. | Morris James LLP | |
| MCE Television Networks Inc. | 07-10599 (TTG) | WDWA | 02/14/07 | 04/19/07 | | Bush Strout & Kornfeld; Bucknell Stehlik Sato & Stubner, LLP | |
| Men's Suits on Fifth Avenue, Ltd. | 02-10347 (CB) | SDNY | 01/25/02 | 04/18/02 | None | None | |
| Metiom, Inc. | 01-12840 (RDD) | SDNY | 05/15/01 | 05/18/01 | J.H. Cohn LLP | None | |
| Mohawk Valley Nursing Home, Inc. | 09-30389 (MCR) | NDNY | 02/15/08 | 03/07/08 | None | None | |
| Mooney Aerospace Group, Ltd. | 04-11733 (MFW) | DE | 06/10/04 | 07/05/04 | None | Duane Morris LLP | |
| Norman J. Salter and Kerri A. Salter | 09-11653 (KT) | CDCA | 02/17/09 | 03/26/09 | Brandlin & Associates | None | |
| North Bay General Hospital, Inc. | 05-32121 (JB) | SDTX | 02/09/05 | 04/21/05 | None | Barnet B. Skelton, Jr. | |

NYC/528883.1

| Debtor | Case No. | District | Case Filed | Committee Appointed | Committee's Financial Advisor/ Other Retained Professional | Local Counsel/ Special Purpose Counsel to Committee | Participation of Dr. Liu |
|---|---|---|---|---|---|---|---|
| NPPI Holdings, Inc., et al. | 09-11547 (PJW) | DE | 05/05/09 | 05/14/09 | CBIZ Accounting, Tax & Advisory of New York, LLC and CBIZ, Inc. | Elliott Greenleaf | Yes |
| Ocean Power Corporation | 02-15989 (Gropper) | SDNY | 12/01/02 | 12/16/02 | None | None | |
| Planet Hollywood International Inc. | 01-10428 (ABB) | MDFL | 10/19/01 | 11/08/01 | BDO Seidman, LLP | Akerman, Senterfitt & Eidson, P.A. | |
| Point Blank Solutions, Inc., et al. | 10-11255 (PJW) | DE | 04/14/10 | 04/26/10 | CBIZ Accounting, Tax & Advisory of New York, LLC and CBIZ, Inc. | Rosner Law Group LLC | |
| Professional Golf Management MICC LLC | 06-70402 (DE) | EDNY | 03/02/06 | 09/14/06 | None | None | |
| Protective Products of America, Inc. and PPOA Holding, Inc. | 10-10711 (JKO) | SDFL | 01/13/10 | 01/27/10 | None | Genovese, Joblove & Battista, P.A. | |
| Right Start Acquisition Company and Babystyle, Inc. | 09-11132 (MT) 09-11141 (MT) | CDCA | 02/03/09 | 02/17/09 | None | None | |
| Rock & Republic Enterprises, Inc. | 10-11728 (AJG) | SDNY | 04/01/10 | 04/13/10 | FTI Consulting, Inc. | None | |
| Sababa Group Inc. | 08-13174 (JMP) | SDNY | 08/13/08 | 08/22/08 | None | None | Yes |
| Scient, Inc., et al. | 02-13455 (AJG) | SDNY | 07/16/02 | 07/30/02 | None | None | |

NYC/528883.1

| Debtor | Case No. | District | Case Filed | Committee Appointed | Committee's Financial Advisor/ Other Retained Professional | Local Counsel/ Special Purpose Counsel to Committee | Participation of Dr. Liu |
|---|---|---|---|---|---|---|---|
| Simpson Brick Sales, Inc. | 08-20274 (REB) | NDGA | 02/04/08 | 03/04/08 | None | Scott B. Riddle, Esq. | |
| Sitnal, Inc., f/k/a Lantis Eyewear Corporation | 04-13589 (ALG) | SDNY | 05/25/04 | 06/04/04 | Mahoney Cohen & Company, CPA P.C. | Martin W. Chow | |
| Solstice, LLC | 09-11010 (REG) | SDNY | 03/05/09 | 03/16/09 | None | None | |
| Sound Imaging Corporation | 06-10050 (MS) | NJ | 01/04/06 | 02/24/06 | Weiser LLP | None | |
| Tackley Mill, L.L.C. | 06-00820 (PMF) | NDWV | 09/13/06 | 10/18/06 | None | Phillips, Gardill, Kaiser & Altmeyer, PLLC | |
| Tactica International, Inc. | 04-16805 (BRL) | SDNY | 10/21/04 | 11/08/04 | Mahoney Cohen & Company, CPA, P.C. | None | |
| The Albert Lindley Lee Memorial Hospital | 09-30845 (MCR) | NDNY | 04/03/09 | 04/14/09 | None | None | |
| The Muralo Company, Inc. and Norton & Son of California, Inc. | 03-26723 (MS) | NJ | 05/20/03 | 06/13/03 | Stetz, Belgiovine and Manwarren | Porzio, Bromberg & Newman, P.C. | |
| TKO Sports Group USA Limited | 05-48509 (JB) | SDTX | 10/11/05 | 11/23/05 | Mahoney Cohen & Company, CPA, P.C. | Barnet B. Skelton, Jr. | |
| Verified Identity Pass, Inc. | 09-17086 (SMB) | SDNY | 12/01/09 | 12/21/09 | Corporate Recovery Associates | None | |

Page 7

NYC/528883.1

| Debtor | Case No. | District | Case Filed | Committee Appointed | Committee's Financial Advisor/ Other Retained Professional | Local Counsel/ Special Purpose Counsel to Committee | Participation of Dr. Liu |
|---|---|---|---|---|---|---|---|
| WBE, LLC f/k/a Everything But Water, LLC | 09-10649 (MFW) | DE | 02/25/09 | 03/09/09 | CBIZ Accounting, Tax & Advisory of New York, LLC and CBIZ, Inc. | Elliott Greenleaf; Pepper Hamilton LLP | |
| WorldSpace, Inc., et al. | 08-12412 (PJW) | DE | 10/17/08 | 10/29/08 | Executive Sounding Board Associates Inc. | Elliott Greenleaf | |

Page 8

NYC/528883.1