# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| UNIVERSAL BUILDING PRODUCTS, INC., *et al.*,[1] | Case No. 10-12453 (MFW) |
| Debtors. | Jointly Administrated |
| | Re: Docket No. 268, 273 and 296 |

## MOTION TO SHORTEN TIME FOR NOTICE AND THE HEARING OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION TO STRIKE DEBTORS' EXTRANEOUS REFERENCES TO UNRELATED CASES

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned cases, by their undersigned proposed counsel, hereby moves this Court for an order pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and Section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), shortening notice and the time for a hearing ("Motion to Shorten") regarding the *Official Committee of Unsecured Creditors' Motion to Strike Debtors' Extraneous References to Unrelated Cases* (the "Motion to Strike"), which is being filed concurrently with the Motion to Shorten. In the alternative, the Committee requests, pursuant to Fed. R. Bankr. P. 9006(b)(1), that the Court, without further notice and a hearing, at the Court's discretion, strike the unrelated cases referenced in the Motion to Strike and to continue the hearing thereon. In support thereof, the Committee respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Universal Building Products, Inc. (7884); (ii) Accubrace, Inc. (3418); (iii) Don De Cristo Concrete Accessories, Inc. (7547); (iv) Form-Co, Inc. (0079); and (v) Universal Form Clamp, Inc. (3003). The address of the Debtors' corporate headquarters is 15172 Goldenwest Circle, Westminster, California 92683.

# I. Introduction

1. The Debtors filed *Debtors' Combined Objection to Applications for Orders Authorizing Employment and Retention of Arent Fox LLP and Elliott Greenleaf as Counsel for the Official Committee of Unsecured Creditors Nunc Pro Tunc to August 13, 2010* (the "Combined Objection") [Docket No. 268] and the *Debtors' Objection to Emergency Motion of the Official Committee of Unsecured Creditors for Entry of an Order (i) Appointing a Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 105(a) and 1104(a) and Bankruptcy Rules 2007.1 and 9014; or in the Alternative, (ii) Terminating the Debtors' Exclusivity Periods Pursuant to 11 U.S.C. § 105(a) and 1121(d)* ("Objection to Trustee Motion") [Docket No. 273] (collectively, the "Objections"). The Objections contain certain statements and exhibits that should be stricken for the reasons set forth in the Motion to Strike. Indeed, in the Objections, Debtors resort to grossly improper and prejudicial tactics by going into great detail concerning two extraneous and unrelated bankruptcy matters from another jurisdiction to demonstrate a purported *modus operandi* on the part of Arent Fox in its retention as counsel for the Committee. In doing so, half of Debtors' fourteen exhibits are from these two unrelated, immaterial, and irrelevant cases. They are presented to the Court devoid of any context, omit distinct facts, and simply have no bearing on the merits of the matter before the Court.

2. Debtors resort to similar confusion and prejudice by referring to the same two unrelated, immaterial, and irrelevant matters in their Objection to Trustee Motion. Rather than confining their efforts and resources to the issues raised in the Trustee Motion, Debtors seek to distract the Court's attention by proffering unsubstantiated allegations about resolved issues in other cases in which neither Debtors nor their counsel participated. Moreover, Debtors violate Federal Rule of Evidence 408 by referencing and including settlement agreements from these

two unrelated cases in an effort to attempt to prove the validity of the claims in these cases. Such pleading is improper, and not admissible under the Federal Rules of Civil Procedure, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Evidence. The offending paragraphs and exhibits should be stricken in their entirety.

## II. Argument and Relief Requested

3. The Committee requests that the Court shorten the time for notice of the Motion to Strike required under the Bankruptcy Rules and/or the Local Rules and set the deadline for filing a response for October 6, 2010 at 4:00 p.m.

4. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of a Court, the Court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). Local Rule 9006-1(e) provides that "[n]o motion will be scheduled on less time than required by these rules or the Fed. R. Bankr. P. except by Order of the Court on written motion (served on all interested parties) specifying the exigencies justifying shortened notice. The court will rule on such motion promptly without need for hearing." Del. Bankr. L.R. 9006-1(e).

5. The circumstances of these cases, as set forth in the Motion to Strike, justify the Committee's request for shortened notice. The relief requested in the Motion to Strike is necessary due to, among things, the unfortunate current impasse involving the Debtors and the Committee which has created a hotly contested and very short schedule to adjudicate several ongoing disputes on October 7, 2010. The timing of the contested evidentiary hearing set for the underlying retention applications to be heard on Thursday, October 7, 2010 at 3:00 p.m. also

necessitates that the Motion to Strike be heard at the same time in order to resolve the evidentiary issues related to the retention applications at the same hearing.

WHEREFORE, the Committee respectfully requests that the Court enter an order (i) shortening notice with regard to the Committee's Motion to Strike; (ii) setting a response deadline to the Motion for October 6, 2010 at 4:00 p.m.; and (iii) granting such other and further relief as is just and appropriate under the circumstances.

Dated: October 5, 2010

ELLIOTT GREENLEAF

Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Shelley A. Kinsella (DE Bar No. 4023)
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com

-and-

Henry F. Siedzikowski (*admitted pro hac vice*)
925 Harvest Drive
P.O. Box 3010
Blue Bell, PA 19422
Phone: (215) 977-1000
Fax: (215) 977-1099
Email: hfs@elliottgreenleaf.com

-and-

Arent Fox LLP
Andrew I. Silfen
David Kozlowski
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: silfen.andrew@arentfox.com
Email: kozlowski.david@arentfox.com

-and-

Carol Connor Cohen
Caroline Turner English
Jeffrey N. Rothleder
1050 Connecticut Avenue, NW

Washington, DC 20036
Telephone: 202-828-3472
Facsimile: 202-857-6395
Email: cohen.carol@arentfox.com
Email: english.caroline@arentfox.com
Email: rothleder.jeffrey@arentfox.com

*Proposed Counsel for the Official
Committee of Unsecured Creditors*