# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | )  Chapter 11 |
| | ) |
| UNIVERSAL BUILDING PRODUCTS, | )  Case No. 10-12453 (MFW) |
| INC., et al.,[1] | ) |
| | )  Jointly Administered |
| Debtors. | ) |
| | )  **Related to Docket No. 296** |

## RESPONSE TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION TO STRIKE DEBTORS' REFERENCES TO UNRELATED CASES

The above-captioned debtors and debtors in possession (collectively, the *"Debtors"*) hereby submit this response (the *"Response"*) to *The Official Committee of Unsecured Creditors' Motion to Strike Debtors' Extraneous References to Unrelated Cases* [Docket No. 296] (the *"Motion to Strike"*). The Debtors respectfully state as follows:[2]

1.      Not only are the Texas cases cited in the *Debtors' Combined Objection to Applications for Orders Authorizing Employment and Retention of Arent Fox LLP and Elliott Greenleaf as Counsel for the Official Committee of Unsecured Creditors Nunc Pro Tunc to August 13, 2010* (the "Objection") relevant to demonstrating Arent Fox's course of dealing in the solicitation of creditor committee engagements, these cases also bear upon the distinction under the case law concerning an innocent omission under a retention affidavit versus an intentional one. *See, e.g., Kravit, Gass & Weber, S.C. v. Michel (In re Crivello)*, 134 F.3d 831, 839 (7th Cir. 1998) (if "any evidence exists to support an inference of intent, then the court should not fall

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Universal Building Products, Inc. (7884), (ii) Accubrace, Inc. (3418); (iii) Don De Cristo Concrete Accessories, Inc. (7547); (iv) Form-Co, Inc. (0079); and (v) Universal Form Clamp, Inc. (3003). The address of the Debtors' corporate headquarters is 15172 Goldenwest Circle, Westminster, California 92683.

[2]    Given the short time frame before the hearing and the Debtors' desire to address the legal issues rather than the Committee's *ad hominem* attack on the Debtors' counsel (and other factual inaccuracies), the Debtors do not address the bulk of the rhetoric in the Motion.

prey to the professional's story of confusion, miscommunication, or negligence. We believe that a bankruptcy court should punish a willful failure to disclose the connections required by Fed. R. Bank. P. 2014 as severely as an attempt to put forth a 'fraud upon the court"); *In re Balco Equities Ltd., Inc.*, 345 B.R. 87, 112 (Bankr. S.D.N.Y. 2006) (quoting *In re Granite Partners*, 219 B.R. 22, 41 (Bankr. S.D.N.Y. 1998)) ("[a]t a minimum, failure to disclose is an exacerbating factor warranting the reduction or denial of fees for lack of disinterestedness. . . . Regardless of the precise application, wilful [sic] or intentional failure to disclose merits the harshest sanctions.").

2.      Here, the issue of contested omitted disclosures in these prior cases demonstrates that Arent Fox was all the more aware of the need for disclosure of its connections and pre-committee formation activities in this case.

Dated:  October 6, 2010

K&L GATES LLP
Harley J. Goldstein
Sven T. Nylen
70 West Madison Street, Suite 3100
Chicago, IL  60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000

-and-

SAUL EWING LLP

Mark Minuti (DE Bar No. 2659)
Teresa K.D. Currier (DE Bar No. 3080)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873

*Co-Counsel for the Debtors and Debtors in Possession*

2