# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| UNIVERSAL BUILDING PRODUCTS, INC. *et al* | : | Case No. 10-12453-MFW |
| | : | |
| Debtors | : | |
| | : | |
| | : | |
| | : | |

**SECOND SUPPLEMENTAL DECLARATION OF EDWARD T. GAVIN, CTP IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF NHB ADVISORS, INC.** *NUNC PRO TUNC* **TO AUGUST 13, 2010 AS FINANCIAL ADVISOR THE <u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

I, Edward T. Gavin, CTP[1] hereby declare under penalty of perjury:

1. I am a Principal of the firm of NHB Advisors, Inc.[2] ("NHB"), with offices at 919 N. Market Street, Suite 1410; Wilmington, DE 19801 and other locations, and I am duly authorized to make this statement on behalf of NHB. This Declaration is given in support of the Application of the Official Committee of Unsecured Creditors for an Order Under Bankruptcy Code Sections 328 and 1103 and Bankruptcy Rule 2014(a) Approving the Employment and Retention of NHB Advisors, Inc. *Nunc Pro Tunc* to August 13, 2010, as Financial Advisor to the Official Committee of Unsecured Creditors, in part on personal knowledge and in part on information and belief based on discussions with individuals at

---

[1] The suffix "CTP" refers to "Certified Turnaround Professional", a credential awarded by the Association of Certified Turnaround Professionals based upon, *inter alia,* at least five years experience as a turnaround professional, passage of a rigorous examination, an extensive background check, and maintenance of continuing professional education.

[2] Prior to January 1, 2010, NHB Advisors, Inc. was known as NachmanHaysBrownstein, Inc.

NHB whom I consider reliable for the purposes of the matters discussed, and in part on reviewing records provided to me by NHB colleagues and employees.

2. I previously executed the *DECLARATION OF EDWARD T. GAVIN, CTP IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF NHB ADVISORS, INC. NUNC PRO TUNC TO **AUGUST 13, 2010** AS FINANCIAL ADVISOR THEOFFICIAL COMMITTEE OF UNSECURED CREDITORS* [D.I 182] and the *SUPPLEMENTAL DECLARATION OF EDWARD T. GAVIN, CTP IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF NHB ADVISORS, INC. NUNC PRO TUNC TO **AUGUST 13, 2010** AS FINANCIAL ADVISOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS* [D.I. 248] (the "Previous Declarations"), which are incorporated herein by reference. I hereby supplement those Declarations as follows.

3. On November 4, 2010, the Court issued its Memorandum Opinion Denying the Applications of the Official Committee of Unsecured Creditors to retain counsel (the "Memorandum Opinion") [D.I. 365]. In the Memorandum Opinion, the Court clarified the scope of Bankruptcy Rule 2014 as it applies to non-attorney professionals, articulating that all professionals, including financial advisors and other non-attorney professionals, are heretofore be duty-bound to disclose "*any direct calls they made (or others made on their behalf) to creditors (who were not their respective clients) in an effort to be employed in a bankruptcy case*" (Memorandum Opinion, footnote 16).

4. In an effort to comply with the Court's guidance with respect to this new scope of disclosures and the means by which these disclosures are best managed, NHB has implemented a series of steps to be followed by all Associates when employed in a case by an Official Committee (the "Creditor Contact Disclosure Protocol"[3]). In accordance with the Court's guidance and this Protocol, NHB Advisors hereby discloses the following communications with unsecured creditors prior to the commencement of the organizational meeting held by the Office of the United States Trustee at 10:00 AM on August 13, 2010.

5. NHB trifurcates the members of the creditors body into distinct groups for purposes of this disclosure, based on the degree of contact NHB had with the respective creditors prior to the organizational meeting of the Committee: Creditor Discussions; Creditor Contacts, and; Creditor No-Contacts.

    a. <u>Creditor Discussions</u> are those instances where NHB contacted a member of the largest creditors list as filed by the Debtor with their bankruptcy petition and where the creditor invited NHB to send along overview information about NHB via email and where the creditor may have initiated contact with NHB.

    b. <u>Creditor Contacts</u> are those instances where NHB made telephonic or email contact with a creditor but, either due to lack of interest in serving on the committee on the creditors' part or because the creditor did not wish to receive any information from NHB (for any reason), no information about NHB was sent and no further contact occurred.

    c. <u>No-Contact Creditors</u> are those instances where, for any reason, no contact was made with a creditor.

---

[3] I gratefully acknowledge the assistance of Prof. Nancy B. Rapoport of the UNLV Law School for her advice related to the structure and nature of these disclosures.

6. NHB hereby discloses that <u>Creditor Discussions</u> in this case occurred with Arkansas Bolt Co.; Sugar Steel Corporation; Precision Industries; Atlas Employment Services; Clark Cubed; Millennium Metals, LLC; Soudan Metals, Co.; Mid-State Industries, and; RayTrans Trucking, LLC (or its other entities, RayTrans Distribution Services, Inc. and RayTrans Management, LLC).

7. Due to the retroactive application of the Creditor Contact Disclosure Protocol in this case, the necessary records do not exist and, therefore, I am unable to disclose the names of the Creditor Contacts and No-Contact Creditors. I have spoken with the associate who made the calls to creditors, he has reviewed his email records and I have reviewed my email records and, as a result of this search, I can state with reasonable certainty that no parties received information from NHB who have not already been disclosed as a Creditor Discussion.

8. In addition, approximately one day prior to the organizational meeting, I received an email inquiry encouraging NHB's attendance at the organizational meeting from Dr. Liu Haishan, who subsequently attended the Committee organizational meeting on behalf of one or more creditors and who later served as translator and/or representative for one member of the Committee. NHB had not previously been in contact with, and had not attempted to contact, Dr. Liu regarding this case. As mentioned in the Previous Declarations, at the time this case was filed, NHB was also employed by the Official Committee of Unsecured Creditors in the Barcalounger Corp. Chapter 11 case also pending in this district, in which case Dr. Liu occasionally participates in Committee business on behalf of his client, Moonart, Ltd, a member of the Barcalounger Committee.

9. To comply with the Court's directive with respect to future cases, NHB has implemented policies and procedures to ensure complete visibility and tracking of **all** contacts with creditors in future cases so as to be able to adequately disclose all Creditor Contacts and Creditor No-Contacts, as well as Creditor Discussions.

10. By reason of the foregoing, I believe that NHB is eligible for employment and retention by the Committee pursuant to Sections 328, and 1103 of the Bankruptcy Code and applicable rules of bankruptcy procedure.

Dated: November 15, 2010     By:     */s/ Edward T. Gavin*
                                     Edward T. Gavin, CTP