## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| UNIVERSAL BUILDING PRODUCTS, | ) | Case No. 10-12453 (MFW) |
| | ) | |
| Debtor. | ) | Jointly Administered |
| | ) | |
| | ) | **Hearing Date: Dec. 20, 2010 @ 2:00 p.m. (ET)** |
| | ) | **Objection Deadline: Dec. 10, 2010 at 4:00 p.m.** |
| | ) | |
| | ) | |

## APPLICATION TO RETAIN AND EMPLOY BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO NOVEMBER 8, 2010

The Official Committee of Unsecured Creditors (the "Committee") of Universal Building Products (the "Debtor") hereby submits this application to retain counsel pursuant to section 1103 of chapter 11, title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2014 and respectfully represents as follows:

### BACKGROUND

1.      On August 4, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and properties as a debtor-in-possession. No trustee or examiner has been appointed in this case.

2.      On August 13, 2010, the Committee was appointed in this case by the Office of the United States Trustee (the "US Trustee"), consisting of the following five members: (i) Raytrans Distribution Services, Inc., (ii) King Steel Corporation, (iii) Eastern Accessories Corp., (iv) Millennium Metals, LLC, and (v) Jade-Sterling Steel Co., Inc. At that time, the Committee selected Arent Fox LLP ("AF") and Elliot Greenleaf & Siedzikowski, P.C. ("EG") as counsel.

3.     On November 4, 2010 the Court denied AF's and EG's retention applications.  On November 8, 2010 the Committee contacted Benesch, Friedlander, Coplan & Aronoff LLP ("Benesch") about becoming its counsel.  Subsequently, on November 16, 2010, the Committee, at a duly called meeting, selected Benesch to be its counsel.

## REQUESTED RELIEF AND REASONS THEREFOR

4.     The Committee believes that it would be cost effective for the Committee to retain Benesch as its counsel, and believes that Benesch is well qualified to represent it in this proceeding.  The attorneys in the bankruptcy group at Benesch have significant experience representing creditors' committees in Chapter 11 cases throughout the country and have represented numerous creditors' committees in chapter 11 cases in Delaware, and accordingly their expertise is well established and known and should enable fees to be minimized in this proceeding.  Furthermore, time is of the essence in this case and Benesch is aware of the major matters in this case, including without limitation, the Committee's need to obtain counsel.

5.     The professional services Benesch will render consist of the following:

     (a)     Attend the meetings of the Committee;

     (b)     Review financial information furnished by the Debtor to the Committee;

     (c)     Negotiate a budget and the use of cash collateral and/or availability provided by DIP financing;

     (d)     Review and investigate the liens of purported secured parties;

     (e)     Confer with the Debtor's management and counsel;

     (f)     Coordinate efforts to sell or reorganize assets of the Debtor in a manner that maximizes the value for unsecured creditors;

     (g)     Review the Debtor's schedules and statement of financial affairs and business plan;

     (h)     Advise the Committee as to the ramifications regarding all of the Debtor's activities and motions before this Court;

(i)     File appropriate pleadings on behalf of the Committee;

(j)     Review and analyze the Debtor's financial advisor's work product and reports to the Committee;

(k)     Provide the Committee with legal advice in relation to this case;

(l)     Prepare various applications and memoranda of law submitted to the Court for consideration and handle all other matters relating to the representation of the Committee that may arise;

(m)     Assist the Committee in negotiations with the Debtor and other parties in interest on an exit strategy for this case; and

(n)     Perform such other legal services for the Committee as may be necessary or proper in these proceedings.

6.      The Committee is of the opinion that it is necessary to employ Benesch and that such employment is in the best interest of the Debtor's estate.

7.      Benesch has advised the Committee that its fees will be commensurate with fees charged to its other clients and fees charged in cases of this size. Benesch has also advised the Committee that it intends to make application to the Court for allowance of its fees. The compensation of Benesch for services rendered on behalf of the Committee shall be fixed by this Court after due application herein pursuant to the rules of this Court.

8.      Based upon the affidavit of Raymond H. Lemisch, filed contemporaneously herewith, the Committee is satisfied that (i) Benesch represents no interest adverse to the Committee, the Debtor, or its estate, in the matters upon which it is to be engaged and that its employment is in the best interest of the estate, (ii) Benesch has no connection with the US Trustee or any other person employed in the office of the US Trustee, and (iii) Benesch has not been paid any retainer against which to bill fees and expenses.

9.      Benesch intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of

Bankruptcy Procedure, the Local Bankruptcy Rules and the terms of any administrative order establishing procedures for interim compensation and reimbursement of expenses for professionals and official committee members entered in this case.

10.     For professional services, fees are based on Benesch's standard hourly rates. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the attorneys, legal assistants and staff who provide services to the Committee. The current hourly rates are set forth on Exhibit "A" which is attached hereto. The hourly rates are subject to periodic adjustment.

11.     Consistent with the firm's policy with respect to its other clients, Benesch will continue to charge the Committee for all other services provided and for other charges and disbursements incurred in rendering services to the Committee. The Committee understands that, to the extent allowed, any such expenses shall be charged to the Debtor's estate. These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings. Internal costs or overhead cost and document production services (including regular secretarial and word processing time), will not be charged for separately.

## NOTICE, PRIOR APPLICATION AND WAIVER OF BRIEF

12.     Notice of the instant Application is being given to the (i) US Trustee; (ii) counsel for the Debtor; (iii) counsel to UBP Acquisition Corp.; and (iv) any party having filed with the Court a request for notice. Because of the nature of the relief requested, the Committee respectfully submits that no further notice of the relief requested is necessary or required under the circumstances.

13.     No prior application has been made in this or any other Court.

14.     Benesch submits that the Application does not present novel issues of law requiring the citation to any authority, other than the statutes and rules cited above and, accordingly, submits that no brief is necessary.

15.     To the best of the Committee's knowledge, Benesch has no connection with the creditors or any other adverse party or its attorneys except as otherwise noted in the attached Affidavit of Raymond H. Lemisch.

**WHEREFORE**, the Official Committee of Unsecured Creditors hereby prays that it be authorized to retain and employ Benesch, Friedlander, Coplan & Aronoff LLP as its counsel and that said firm be paid such compensation as may be allowed by this Court.

Dated: November 22, 2010

Respectfully submitted,

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
UNIVERSAL BUILDING PRODUCTS

By: _____
         H Eugene Laster, Chair