# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| UNIVERSAL BUILDING PRODUCTS, INC., et al.,[1] | ) Case No. 10-12453 (MFW) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Related to Docket No. 463** |
| | ) |

## PLAN SUPPLEMENT

Pursuant to the *Third Modified Joint Liquidating Plan of Universal Building Products, Inc. and Certain of its Subsidiaries Pursuant to Chapter 11 of the United States Bankruptcy Code* dated January 31, 2011 (Docket No. 463) (the "*Plan*"),[2] attached hereto is the executed Liquidation Trust Agreement which identifies the Liquidating Trustee, Myron Bloom. The Liquidating Trust Agreement was negotiated by the Debtors and the Official Committee of Unsecured Creditors, and has previously been provided to UBP Acquisition Corp.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Universal Building Products, Inc. (7884); (ii) Accubrace, Inc. (3418); (iii) Don De Cristo Concrete Accessories, Inc. (7547); (iv) Form-Co, Inc. (0079); and (v) Universal Form Clamp, Inc. (3003). The address of the Debtors' corporate headquarters is 15172 Goldenwest Circle, Westminster, California 92683.

[2] Capitalized terms not otherwise defined herein shall have the meaning provided in the Plan.

E-491910 v1

# LIQUIDATING TRUST AGREEMENT[1]

dated as of

March 8, 2011

by and among

UNIVERSAL BUILDING PRODUCTS, INC., ACCUBRACE, INC., DON DE CRISTO CONCRETE ACCESSORIES, INC., FORM-CO, INC., AND UNIVERSAL FORM CLAMP, INC., on one hand,

and

MYRON A. BLOOM,

as Liquidating Trustee

---

[1] This form of Liquidation Trust Agreement is subject to non-material modification prior to the Effective Date.

# LIQUIDATING TRUST AGREEMENT

This **LIQUIDATING TRUST AGREEMENT**, dated as of March 8, 2011 (this "Agreement"), is made by and between Myron A. Bloom, as initial trustee under this Agreement (the "Liquidating Trustee"), on one hand, and each of Universal Building Products, Inc., Accubrace, Inc., Don De Cristo Concrete Accessories, Inc., Form-Co, Inc., and Universal Form Clamp, Inc. (collectively, the "Debtors"), on the other hand. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Debtors' *Third Modified Joint Liquidating Plan of Universal Building Products, Inc. and Certain of Its Subsidiaries Pursuant to Chapter 11 of the United States Bankruptcy Code* dated as of January 31, 2011 (as the same may be amended or modified and confirmed by the Bankruptcy Court, the "Plan").

## RECITALS

A. Each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on August 4, 2010. Their Chapter 11 Cases are pending before the Bankruptcy Court as Case No. 10-12453 (MFW), jointly administered.

B. On March 8, 2011, the Bankruptcy Court entered an order confirming the Plan.

C. The trust established hereby (the "Liquidating Trust") is created pursuant to Article IV of the Plan to carry out all purposes of the Liquidating Trust as provided in the Plan.

D. The Liquidating Trustee has been selected to serve as the initial Liquidating Trustee in accordance with the Plan.

E. The Liquidating Trust is intended to be treated for federal income tax purposes as a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d), for the benefit of Holders of Allowed Claims, whether Allowed on or after the Effective Date.

F. Under the Plan, the Bankruptcy Court retains jurisdiction over the Liquidating Trust.

## AGREEMENT

**NOW, THEREFORE**, in consideration of the premises and the mutual covenants contained herein, the Debtors and the Liquidating Trustee agree as follows:

# ARTICLE I

## DEFINITIONS AND INTERPRETATION

*Section 1.1* **Definitions**. Capitalized terms used but not otherwise defined in this Agreement will have the meanings ascribed to them in the Plan. The following capitalized terms will have the respective meanings ascribed to them in herein:

(a) "**Agreement**" has the meaning set forth in the introductory paragraph to this Agreement.

(b) "**Annual Receipts/Disbursements Report**" means an unaudited report Filed with the Bankruptcy Court by the Liquidating Trustee, on behalf of the Liquidating Trust, within 90 days after the end of each calendar year reflecting (i) all Liquidating Trust Assets received by the Liquidating Trust during such calendar year, (ii) all Liquidating Trust Assets held by the Liquidating Trust at the end of such calendar year, and (iii) all Liquidating Trust Assets disbursed during such calendar year, in each case itemized for the Trust Accounts.

(c) "**Beneficial Interest**" means each Beneficiary's Pro Rata Share of the Liquidating Trust Property to which such Beneficiary has an interest relative to the interests of all other Beneficiaries with respect to the Liquidating Trust Property as established under the Plan.

(d) "**Beneficiaries**" means the holders of Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Claims in Classes 1, 2, 3, and 4.

(e) "**Disbursing Agent**" means the Liquidating Trustee, in its capacity as a disbursing agent pursuant to this Agreement, or any third party acting as disbursing agent at the direction of the Liquidating Trustee.

(f) "**Internal Revenue Code**" means the Internal Revenue Code of 1986, as amended from time to time.

(g) "**Liquidating Trust**" has the meaning set forth in Recital C to this Agreement.

(h) "**Permitted Investments**" means the following investments so long as they have maturities of 90 days or less: (i) obligations issued or guaranteed by the United States or by any person controlled or supervised by or acting as an instrumentality of the United States pursuant to authority granted by the United States Congress; (ii) obligations issued or guaranteed by any state or political subdivision thereof rated either AA or higher, or MIG 1 or higher, by Moody's Investors Service, Inc. or its successor or AA or higher, or an equivalent, by Standard & Poor's Ratings Services or its successor; (iii) commercial or finance paper which is rated either P-1 or higher or an equivalent by Moody's Investors Service, Inc. or its successor or A-1 or higher or an equivalent by Standard & Poor's Ratings Services or its successor; (iv) certificates of deposit or time deposits of banks or trust companies, organized under the laws of the United States, and

(v) money market funds registered under the Investment Company Act of 1940, as amended, whose shares are registered under the Securities Act of 1933, as amended, which invests in securities of the type described in subsection (i) above.

  **(i)**  "**Plan**" has the meaning set forth in the introductory paragraph to this Agreement.

  **(j)**  "**Professional Fee Escrow**" means the escrow account to be created for the benefit of Professional Fee Claims to be established pursuant to Article II.A(b) of the Plan.

  **(k)**  "**Quarterly Receipts/Disbursements Report**" means an unaudited report Filed with the Bankruptcy Court by the Liquidating Trustee, on behalf of the Liquidating Trust, within 30 days after the end of each calendar quarter reflecting (i) all Liquidating Trust Assets received by the Liquidating Trust during such calendar quarter, (ii) all Liquidating Trust Assets held by the Liquidating Trust at the end of such calendar quarter, and (iii) all Liquidating Trust Assets disbursed during such calendar quarter, in each case itemized for the Trust Accounts.

  **(l)**  "**Trust Accounts**" means, the interest-bearing trust accounts, including the Professional Fee Escrow, to be established and maintained by the Liquidating Trustee to hold Liquidating Trust Assets, such as the Plan Fund and the Disputed Claim Reserve, and the proceeds thereof.

*Section 1.2*  **Interpretation**.

  **(a)**  **Certain References**. Unless the context otherwise requires, (a) all references in this Agreement to Sections, Articles or Schedules are to Sections, Articles or Schedules of or to this Agreement, (b) words in the singular include the plural and vice versa, and (c) the verb "will" will have a mandatory connotation, indicating the parties' respective obligations hereunder. Whenever the words "include," "includes" or "including" are used in this Agreement, they will be deemed to be followed by the words "without limitation." All references to "$" or dollar amounts are to lawful currency of the United States.

  **(b)**  **Titles and Headings**. Titles and headings to Sections, Articles and Schedules in or to this Agreement are inserted for convenience of reference only, and are not intended to be a part of or to affect the meaning or interpretation of this Agreement.

  **(c)**  **Inconsistencies with the Plan**. In the event of any inconsistency between any provision of this Agreement, on the one hand, and any provision of the Plan, on the other hand, the provisions of the Plan will govern and control.

# ARTICLE II

## ESTABLISHMENT OF THE LIQUIDATING TRUST

*Section 2.1* **Creation and Purposes of the Liquidating Trust.**

The Debtors and the Liquidating Trustee, pursuant to the Plan and in accordance with the Bankruptcy Code, hereby create this Liquidating Trust as contemplated by the Plan. The Debtors hereby irrevocably transfer the Liquidating Trust Assets to the Liquidating Trust for and on behalf of the Beneficiaries. The Liquidating Trust is established for the following purposes and no other: (a) to fund expenses of the Liquidating Trust incurred in accordance with the Plan and this Agreement and in connection with performing the duties of the Liquidating Trustee hereunder and under the Plan, subject to the limitation set forth in Section 8.8 herein, after payment of Allowed Professional Fee Claims; (b) to make distributions to Holders of Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Claims in Classes 1, 2, 3, and 4, in accordance with the Plan; (c) to review and object to Claims asserted as Claims in any of the foregoing Classes; (d) to reduce to Cash or otherwise liquidate, transfer or dispose of the Liquidating Trust Assets or any part thereof or any interest therein upon such terms as the Liquidating Trustee determines to be necessary, appropriate or desirable (including, without limitation, filing, prosecuting, and settling the Causes of Action); (e) to terminate this Liquidating Trust in accordance with the terms of the Plan and this Agreement; (f) to provide the Beneficiaries, annually, with unaudited financial statements; (g) to sell, liquidate, dispose of or abandon the Liquidating Trust Assets; and (h) to otherwise carry out its duties under the Plan and complete distributions, all in accordance with the Plan and this Agreement. The Liquidating Trust has no objective to, and will not, engage in the conduct of a trade or business and, subject to the terms of the Plan and this Agreement, will terminate upon the completion of its liquidation and distribution duties. The Liquidating Trustee will be a "representative of the estate" under section 1123(b)(3)(B) of the Bankruptcy Code and shall be vested with the rights, powers and benefits afforded to a "trustee" under sections 704 and 1106 of the Bankruptcy Code.

*Section 2.2* **Tax Treatment.**

(a)  The Liquidating Trust is intended to be treated as a liquidating trust pursuant to Treasury Regulation section 301.7701-4(d) and a "grantor trust" under Subpart E of Part 1, Subchapter J of the Internal Revenue Code (Internal Revenue Code section 671 and following) and any analogous provisions of state law with each Beneficiary treated as having received and then contributed, as a grantor of the Liquidating Trust, the Liquidating Trust Assets. The Debtors, the Liquidating Trustee, and the Beneficiaries agree (in the absence of an administrative pronouncement or judicial ruling to the contrary) that each taxable year all taxable income recognized by the Liquidating Trust (excluding any taxable income with respect to assets held in the Disputed Claim Reserve) will be allocated to Holders of Allowed Claims in Class 4 until such Holders receive all of their distributions in accordance with and to the extent provided in the Plan. Each Beneficiary will be required each taxable year to recognize its Pro Rata share of all taxable income recognized by the Liquidating Trust (excluding any taxable income with respect to assets held in the Disputed Claim Reserve).

4

**(b)** Any net taxable income of the Trust Accounts will be reported to and treated as income received by the Beneficiaries in accordance with Section 2.2(a) of this Agreement. Any net taxable income with respect to the Disputed Claim Reserve assets will be subject to tax at the Trust level as if it were a C corporation for federal income tax purposes. For the avoidance of doubt, the Liquidating Trust will not constitute a "business entity."

**(c)** For all federal income tax purposes, the Debtors, the Liquidating Trustee, and the Beneficiaries will treat the transfer of Liquidating Trust Assets to the Trust Account pursuant to Section 2.2 of this Agreement as (A) a transfer of such assets by the Debtors directly to the holders of Allowed Administrative Claims, Allowed Priority Tax Claims, or Allowed Claims in Classes 1, 2, 3, and 4, followed by (B) the transfer of such assets by such persons to the Liquidating Trust in exchange for interests in the Liquidating Trust. For federal income tax purposes and to the extent permitted by applicable law, for state and local income tax purposes, the Disputed Claim Reserve will be treated as the owner of assets held in the Disputed Claim Reserve.

**(d)** Accordingly, for federal income tax purposes, it is intended that the Beneficiaries be treated as if they had received a distribution of an undivided interest in the Liquidating Trust Assets in which they have an interest under the Plan and then contributed such interests to the Liquidating Trust (excluding any assets held by the Disputed Claim Reserve) and the Beneficiaries shall be allocated taxable income for federal income tax purposes (excluding any taxable income with respect to assets held by the Disputed Claim Reserve) in accordance with Section 2.2(a) of this Agreement.

*Section 2.3* **Beneficiaries**. The initial Beneficial Interest of each Holder of an (a) Allowed Administrative Expense Claim, (b) Allowed Priority Tax Claim, and (c) Allowed Claim in Classes 1, 2, 3, and 4 as a Beneficiary hereof shall be determined by the Liquidating Trustee as of the Effective Date.

*Section 2.4* **Liquidating Trustee's Acceptance**. The Liquidating Trustee hereby accepts the duties as trustee imposed on it by this Agreement and the Plan and agrees to observe and perform such duties, on and subject to the terms and conditions set forth in this Agreement and the Plan. The Liquidating Trustee hereby further expressly agrees to establish and maintain the Trust Accounts and to distribute the Liquidating Trust Assets in accordance with the Plan and this Agreement.

## ARTICLE III

## TRUST ACCOUNTS

*Section 3.1* **Creation of the Trust Accounts**. On or prior to the transfer of the Plan Fund to the Liquidating Trust under the Plan, the Liquidating Trustee will establish with federally insured United States banks the Trust Accounts. On the Effective Date, title to the Trust Accounts, and the contents thereof, will be transferred to and irrevocably vest in the Liquidating Trust.

(a) **Initial Funding**. The Trust Accounts will be initially funded by the Plan Fund.

(b) **Use of Cash and Other Property**. The Trust Accounts shall be maintained for the benefit of the Beneficiaries. The Liquidating Trustee shall serve as the Disbursing Agent for the Trust Accounts.

*Section 3.2* **Payment of Liquidating Trust Expenses**. Subsequent to payment of all Allowed Administrative Expenses, the Liquidating Trustee, in its capacity as Disbursing Agent, will pay, in its reasonable discretion, reasonable Liquidating Trust expenses (including fees of the Liquidating Trustee and the Liquidating Trustee Professionals, subject to the limitation set forth in Section 8.8 herein) from the Liquidating Trust Assets as provided in the Plan and this Agreement, without the need for further Bankruptcy Court approval. Pending allowance of any Administrative Expenses, the Liquidation Trustee shall maintain a reserve adequate to pay all Administrative Expenses which have not yet been allowed.

## ARTICLE IV

## ADMINISTRATION OF THE LIQUIDATING TRUST

*Section 4.1* **Rights, Powers and Privileges**. The Liquidating Trustee will have only the rights, powers and privileges to act on behalf of the Liquidating Trust expressly provided in the Plan and this Agreement and as provided by law in the event that the Plan or this Agreement does not reference any such right, power or privilege. Unless otherwise expressly limited or restricted by the Plan or this Agreement, so long as such actions are, in the Liquidating Trustee's best judgment, necessary to manage the affairs of the Liquidating Trust and safeguard the interest of the Beneficiaries, the Liquidating Trustee will have the right, power and privilege, and obligation, to:

(a) execute all agreements, instruments and other documents and effect all other actions necessary to implement the Plan;

(b) establish, maintain and administer the Trust Accounts;

(c) accept, preserve, receive, collect, manage, invest, supervise and protect the Liquidating Trust Assets (directly or through one or more third-party Disbursing Agents), each in accordance with the Plan and this Agreement;

(d) liquidate, transfer, or otherwise abandon or dispose of the Liquidating Trust Assets or any part thereof or any interest therein upon such terms as the Liquidating Trustee determines to be necessary, appropriate or desirable, pursuant to the procedures for allowing Claims and making distributions prescribed in the Plan and this Agreement;

(e) investigate, file, prosecute, and settle all Causes of Action for the benefit of the Beneficiaries, subject to the rights of the Oversight Committee set forth herein;

(f) calculate and make distributions of the Liquidating Trust Assets to holders Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Claims

6

in Classes 1, 2, 3, and 4 pursuant to the procedures for allowing Claims and making distributions prescribed in the Plan and this Agreement;

**(g)** comply with the Plan and exercise its rights and fulfill its obligations thereunder;

**(h)** file appropriate tax returns on behalf of the Liquidating Trust and pay Taxes or other obligations owed by the Liquidating Trust;

**(i)** determine the manner of ascertainment of income and principal of the assets in the Liquidating Trust, and the apportionment of income and principal among such assets;

**(j)** appear and participate in any proceeding before the Bankruptcy Court with respect to any matter regarding or relating to this Agreement, the Liquidating Trust or the Liquidating Trust Assets;

**(k)** defend and participate, as a party or otherwise, in any judicial, administrative, arbitrative or other proceeding relating to this Agreement, the Liquidating Trust or the Liquidating Trust Assets;

**(l)** execute, deliver and perform such other agreements and documents or exercise such other powers and duties as the Liquidating Trustee determines, in its reasonable discretion, to be necessary, appropriate or desirable, to accomplish and implement the purposes and provisions of the Liquidating Trust as set forth in the Plan and this Agreement; and

**(m)** terminate this Liquidating Trust and seek entry of a Final Decree closing the Chapter 11 Cases in accordance with the terms of the Plan.

*Section 4.2* **Oversight Committee**. An "Oversight Committee" shall consist of Gene Laster (Millennium Metals), Bill Lieberman (Jade Sterling), and Don Johnson (King Steel). The Liquidating Trustee shall consult with the Oversight Committee with respect to the Liquidating Trustee's duties, rights, and powers hereunder and under the Plan. The institution of any Cause of Action shall be subject to the approval of the Oversight Committee, which approval shall require a majority vote of the members of the Oversight Committee. To the extent any member of the oversight committee resigns, any successor members shall be agreed upon by the remaining members and a representative of the Debtors. If such an agreement cannot be reached, the Bankruptcy Court shall resolve any dispute as to successor membership.

*Section 4.3* **No Personal Liability**. None of the provisions in the Plan or this Agreement will be construed to require the Liquidating Trustee to expend or risk its own funds or otherwise incur personal liability in the performance of its duties or in the reasonable exercise of its rights, powers and privileges hereunder if there are reasonable grounds for the Liquidating Trustee to believe that the repayment of any such validly expended funds is not reasonably assured. Notwithstanding the foregoing, nothing in this Section 4.3 will relieve the Liquidating Trustee of any liability for any action or omission resulting from bad faith, fraud, willful misconduct, gross negligence or breach of its fiduciary duties.

*Section 4.4* **Agents and Professionals.** Except as otherwise provided in the Plan or this Agreement: (a) the Liquidating Trustee may consult with independent legal counsel to be selected by it and the advice or opinion of such counsel will be full and complete personal protection to the Liquidating Trustee and the agents of the Liquidating Trustee in respect of any action taken or suffered by it or them in good faith and in reliance on, or in accordance with, such advice or opinion; and (b) persons (including any professionals retained by the Liquidating Trustee) dealing with the Liquidating Trustee will look only to the Liquidating Trust Assets to satisfy any liability incurred by the Liquidating Trustee to such person in carrying out the terms of the Plan or this Agreement, and (subject to Section 7.2 of this Agreement with respect to liabilities resulting from the Liquidating Trustee's bad faith, fraud, willful misconduct, gross negligence or breach of its fiduciary duties) the Liquidating Trustee will have no personal or individual obligation to satisfy any such liability.

*Section 4.5* **Retention of Professionals**. The Liquidating Trustee may retain and reasonably compensate the Liquidating Trustee Professionals to assist in its duties as Liquidating Trustee on such terms as the Liquidating Trustee deems appropriate and without further Bankruptcy Court approval, subject to the limitations set forth in Sections 3.2 and 8.9 herein. The Liquidating Trustee may retain any professional who represented parties in interest in the Bankruptcy Case; provided, however, that in no event shall Dr. Haishan Liu or any Entity affiliated with Dr. Liu act as a Liquidating Trustee Professional.

*Section 4.6* **Authentication of Documents**. The Liquidating Trustee will not be responsible for the title, validity or genuineness of any property or evidence of title thereto received by it or delivered by it pursuant to this Agreement in acting upon any document believed by it to be genuine and delivered by the proper party or parties.

*Section 4.7* **Investment Guidelines**.

(a) The Liquidating Trustee will invest the Liquidating Trust Assets only in Permitted Investments; provided, however, that, notwithstanding anything to the contrary in this Agreement, the scope of any such Permitted Investments will be limited to include only those investments that a liquidating trust, within the meaning of Treasury Regulations Section 301.7701-4(d) and Internal Revenue Service Revenue Procedure 94-45, 1994-2 C.B. 684 may be permitted to hold, pursuant to any amendment or addition to the Internal Revenue Code or to the Treasury Regulations, or any modification in Internal Revenue Service guidelines whether set forth in Internal Revenue Service rulings, other Internal Revenue Service pronouncements or otherwise. Such investments will mature in such amounts and at such times as, in the reasonable discretion of the Liquidating Trustee at the times such investments are made, are necessary, appropriate or desirable with a view to providing funds when needed to make payments from the Liquidating Trust Assets. Notwithstanding the foregoing, if the Liquidating Trustee determines, in its reasonable discretion, that the administrative costs associated with such investment will exceed the return on such investment, it may direct that such Cash not be invested.

(b) The Beneficiaries will be responsible for reporting their share of the income on investments of the assets in the Trust Account in accordance with Section 2.2(a) of this Agreement and paying the applicable Taxes thereon. The Liquidating

Trustee will be under no liability to accrue interest or produce income on any monies received by it hereunder or under the Plan and held for distribution or payment to the Beneficiaries, except as such interest is actually received by the Liquidating Trustee.

(c) **No Trade or Business**. The Liquidating Trustee will not at any time, on behalf of the Liquidating Trust or the Beneficiaries, operate as a business entity within the meaning of Treasury Regulation section 301.7701-2, or engage in any trade or business as proscribed by Treasury Regulation section 301.7701-4(d), and the Liquidating Trustee will not use or dispose of any part of the Liquidating Trust Assets in furtherance of any trade or business. Notwithstanding the foregoing, the Liquidating Trustee will not be prohibited from engaging in any trade or business for its own account, provided that such activity does not interfere with the Liquidating Trustee's administration of the Liquidating Trust. In no event shall the Liquidating Trustee take any action which would jeopardize the status of the Liquidating Trust as a "liquidating trust" for federal income tax purposes within the meaning of Treasury Regulation section 301.7701-4(d). This limitation shall apply regardless of whether the conduct of any such trade or business is deemed by the Liquidating Trustee to be necessary or proper for the conservation and protection of the Liquidating Trust Assets.

*Section 4.8* **Court Approval of Liquidating Trustee Actions**. Except as otherwise provided in the Plan or this Agreement, the Liquidating Trustee will not be required to obtain the order or approval of the Bankruptcy Court or any other court of competent jurisdiction in, or account to the Bankruptcy Court or any other court of competent jurisdiction for, the exercise of any right, power or privilege conferred hereunder.

*Section 4.9* **Restriction on Liquidating Trust Assets**. The Liquidating Trust will not receive transfers of any assets prohibited by Internal Revenue Service Revenue Procedure 82-58, 1982-2 C.B. 847, amplified, Revenue Procedure 91-15, 1991-1 C.B. 484, modified, amplified in part, and Revenue Procedure 94-45, 1994-2 C.B. 684, as the same may be amended, supplemented or modified including, but not limited to, any listed stocks or securities, any readily- marketable assets, any operating assets of a going business, any unlisted stock of a single issuer that represents 80 percent or more of the stock of such issuer or any general or limited partnership interests, except any stock or securities received in a transaction contemplated by the Plan.

## ARTICLE V

## DISTRIBUTIONS FROM THE LIQUIDATING TRUST

The Liquidating Trustee is required to distribute to the holders of Allowed Claims on account of their interests in the Liquidating Trust, on a quarterly basis, all unrestricted Cash on hand (including any Cash received from the applicable Debtors on the Effective Date, and treating any permissible investment as Cash for purposes of this provision), except such amounts (i) necessary to maintain the Disputed Claim Reserve, (ii) as are reasonably necessary to maintain the value of the Liquidating Trust Assets during liquidation, (iii) as are necessary to pay reasonable incurred or anticipated expenses (including, but not limited to, any taxes imposed on or payable by the Debtors or the Liquidating Trust or in respect of the Liquidating Trust Assets),

9

or (iv) as are necessary to satisfy other liabilities incurred or anticipated by the Liquidating Trust in accordance with the Plan or the Liquidating Trust Agreement; provided, however, that the Liquidating Trustee shall not be required to make a distribution pursuant hereto if the aggregate, net amount of unrestricted Cash available for distribution (taking into account the above listed exclusions) is such as would make the distribution impracticable as reasonably determined by the Liquidating Trustee, in accordance with applicable law, but only so long as such aggregate amount is less than ten thousand dollars and zero cents ($10,000.00); and provided, further, that the Liquidating Trustee may decide to forego the first periodic distribution with respect to which the Liquidating Trustee, in its reasonable judgment, is not administratively prepared to make such distribution, in which case, such distribution shall be made as soon as practicable after the Liquidating Trustee is administratively prepared to do so.

All distributions of cash and property shall be made in accordance with Article VI of the Plan.

## ARTICLE VI

## NO TRANSFER OF BENEFICIAL INTERESTS

Ownership of a beneficial interest in the Liquidating Trust will not be evidenced by any certificate, security or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Liquidating Trust by the Liquidating Trustee. No claimant will have a beneficial interest in the Liquidating Trust Assets until such time as the claimant's Administrative Expense Claim, Priority Tax Claim, or Claim in Classes 1, 2, 3, and 4 becomes an Allowed Claim pursuant to the mechanism for determining Allowed Claims prescribed in the Plan. Except as expressly provided in Section 11.1, payments under this Agreement may not be assigned, alienated, pledged, encumbered or subjected to attachment, garnishment, levy, execution or other legal or equitable process.

## ARTICLE VII

## THIRD PARTIES DEALING WITH THE LIQUIDATING TRUSTEE

In the absence of actual knowledge to the contrary, any person dealing with the Liquidating Trust or the Liquidating Trustee will be entitled to rely on the authority of the Liquidating Trustee or any of its agents to act in connection with the Liquidating Trust Assets. There is no obligation on any person dealing with the Liquidating Trustee to inquire into the validity or propriety of any transaction by the Liquidating Trustee or any agent of the Liquidating Trustee.

## ARTICLE VIII

## SELECTION, REMOVAL AND COMPENSATION OF THE LIQUIDATING TRUSTEE

*Section 8.1* **Initial Liquidating Trustee**. The initial Liquidating Trustee will be Myron A. Bloom.

*Section 8.2* **Term of Service**. The Liquidating Trustee will serve until (a) termination of the Liquidating Trust in accordance with this Agreement or (b) the Liquidating Trustee's resignation or removal.

*Section 8.3* **Removal of the Liquidating Trustee**. Any person serving as the Liquidating Trustee may be removed for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the Liquidating Trust, or similar cause.

*Section 8.4* **Resignation of the Liquidating Trustee**. The Liquidating Trustee may resign at any time by giving the Bankruptcy Court at least 30 days' written notice of its intention to do so. In the event of a resignation, the resigning Liquidating Trustee (or the successor Liquidating Trustee) will render to the Bankruptcy Court a full and complete accounting of monies and assets received, disbursed and held during the term of office of the resigning Liquidating Trustee. The resignation will be effective on the latest of (a) the date specified in the notice; (b) the date that is 30 days after the date the notice is delivered; (c) the date the accounting described in the preceding sentence is delivered; and (d) the date the successor Liquidating Trustee accepts its appointment as such.

*Section 8.5* **Appointment of Successor Liquidating Trustee**. In the event the Liquidating Trustee is removed or resigns, the Bankruptcy Court shall appoint a successor Liquidating Trustee upon the motion of either the Oversight Committee or a representative of the Debtors. The Oversight Committee and a representative of the Debtors shall have standing to be heard by the Bankruptcy Court on the appointment of a successor Liquidating Trustee.

*Section 8.6* **Powers and Duties of Successor Liquidating Trustee**. A successor Liquidating Trustee will have all the rights, powers, privileges and duties of its predecessor.

*Section 8.7* **Trust Continuance**. The resignation or removal of the Liquidating Trustee will not terminate the Liquidating Trust or revoke any existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Liquidating Trustee.

*Section 8.8* **Trustee and Professional Compensation**. Notwithstanding anything herein, the aggregate compensation and expenses of the Liquidating Trustee (including any successor) and any Liquidating Trustee Professionals, including without limitation any third-party Disbursement Agents, (for all services other than those related to the Preserved Collateral which may be reimbursed or otherwise paid solely from the proceeds of the Preserved Collateral as set forth in the Plan) shall be limited to $150,000; provided, however, that to the extent that the Liquidating Trustee pursues any Cause of Action or Avoidance Action, the Liquidating Trustee may engage counsel to be compensated on a contingency basis to the extent such counsel is not compensated from the $150,000 amount referred to herein; provided, further, such that the proceeds of each individual Cause of Action or Avoidance Action (each referred to as an "Individual Action") may only be distributed as follows:

> (i) not more than (a) thirty-three percent (33%) of the proceeds of each Individual Action may be used for payment of the professionals fees on account of the prosecution of such Individual Action by the individual contingency counsel handling such prosecution, *plus* (b) an amount necessary to

11

reimburse expenses incurred in connection with the prosecution of such Individual Action; and

    (ii) the remaining proceeds of each Individual Action shall be distributed solely to Holders of Claims against the Estates which arose prior to the Effective Date in accordance with the priorities established under the Plan.

Accordingly, no proceeds of any Individual Action may be in any way distributed to, used as funding by, or treated as compensation for either the Liquidating Trustee or Liquidating Trustee Professionals; other than payment of amounts described in subparagraph (i) above to the specific contingency counsel prosecuting the particular Individual Action which generated such proceeds and no proceeds of any particular Individual Action may be used or paid in conjunction with any different Individual Action.

Compensation and expenses of the Liquidating Trustee and any Liquidating Trustee Professionals for work solely relating to the Preserved Collateral shall be paid from the proceeds of the Preserved Collateral prior to the payment of such proceeds to the Holders of Senior Creditor Claims. The Liquidating Trustee and the Liquidating Trustee Professionals shall maintain separate time-keeping records for (i) all work performed with respect to the Preserved Collateral, and (ii) all other work.

## ARTICLE IX

## MAINTENANCE OF RECORDS; REPORTING

  *Section 9.1* **Books and Records**. The Liquidating Trustee will maintain books and records containing a description of all property from time to time held by the Liquidating Trust (which assets will be valued consistently for all federal income Tax purposes) and an accounting of all receipts and disbursements. Such books and records shall include information relating to the Liquidating Trust Assets held, the income of the Trust received, and the payment of expenses of, and liabilities against the Liquidating Trust. The books and records shall be maintained as reasonably necessary to facilitate compliance with the tax reporting requirements of the Liquidating Trust and the Beneficiaries in their capacity as such. Such books and records will be open to inspection by any Beneficiary at any reasonable time during normal business hours. The fiscal year of the Liquidating Trust will be the calendar year.

  *Section 9.2* **Accounting**. With the exception of the Professional Fee Escrow, any and all reserves maintained by the Liquidating Trustee in connection with distributions may be maintained by bookkeeping entries alone; the Liquidating Trustee need not (but may) establish separate Trust Accounts for such purposes.

  *Section 9.3* **Reports to be Filed with the Bankruptcy Court**.

    (a) **Annual Reports**. Within ninety (90) days after the end of each calendar year, the Liquidating Trustee, on behalf of the Liquidating Trust, will File an Annual Receipts/Disbursements Report with the Bankruptcy Court.

**(b) Quarterly Reports.** No later than the thirtieth (30th) day after the end of each calendar quarter following the Effective Date of the Plan, the Liquidating Trustee, on behalf of the Liquidating Trust, will File a Quarterly Receipts/Disbursements Report with the Bankruptcy Court.

**(c) Compliance with Federal Securities Laws.** If the Liquidating Trustee determines, based on the advice of counsel, that the Liquidating Trust is required to comply with the registration and reporting requirements of the Securities Exchange Act of 1934, as amended, or the Investment Company Act of 1940, as amended, then the Liquidating Trustee will take any and all actions to comply with such requirements.

*Section 9.4* **Tax Returns and Statements.**

**(a) Tax Years.** The taxable years of the Liquidating Trust shall end on December 31 unless the Liquidating Trustee deems it advisable to establish some other date as the date on which the taxable year of each shall end.

**(b) Tax Returns.**

(i) The Liquidating Trustee will timely file (or cause to be filed) federal income tax returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a) by the 15th day of the 4th month following the close of the taxable year of the Liquidating Trust.

(ii) The Trustee will file (or cause to be filed) all other statements, returns or disclosures relating to the Liquidating Trust that are required by any law, regulation, rule, ruling, directive or other governmental requirement or at the behest of any governmental unit, including state, and local tax returns, as appropriate for the Liquidating Trust.

**(c) Reports to Beneficiaries.** As soon as practicable after the close of each taxable year, the Liquidating Trustee will mail to each Person who was a Beneficiary at the close of the year, a separate statement regarding the receipts and expenditures of the Liquidating Trust as relevant for U.S. federal income tax purposes and will instruct all Beneficiaries to use such information in preparing their U.S. federal income tax returns or to forward the information to any underlying Beneficiary as appropriate with instructions to utilize such information in preparing their U.S. federal income tax returns. The Beneficiaries shall be treated as the owners of their respective share of the Liquidating Trust pursuant to Sections 671 through 679 of the Code and any analogous provision of state or local law and shall be taxed on their respective share of the Trust's taxable income (including both ordinary income and capital gains) pursuant to Section 671 of the Code and any analogous provision of state or local law.

## ARTICLE X

### DURATION OF THE LIQUIDATING TRUST

*Section 10.1* **Duration.** The Liquidating Trust will become effective upon the Effective Date. The Liquidating Trust and its provisions herein shall only remain and continue in full force and effect until the date that represents the fifth year anniversary of the Effective Date, which termination date may be extended for one or more finite terms subject to the approval of the Bankruptcy Court upon a finding that the extension is necessary to its liquidating purpose. Each such extension must be approved by the Bankruptcy Court within six (6) months before the beginning of the extended term. As provided in Article IV.E of the Plan, upon entry of the Final Decree, the Liquidating Trust shall be dissolved without further action by the Liquidating Trustee.

## ARTICLE XI

### MISCELLANEOUS

*Section 11.1* **Limitation on Transferability**.

    **(a)** **No Transfer of Beneficial Interests**. Except as otherwise expressly provided in the Plan, it is understood and agreed that the beneficial interests in the Liquidating Trust will be non-transferable during the term of this Agreement except with respect to a transfer by will or under the laws of descent and distribution; provided, however, that such transfers under the laws of descent and distribution will not be effective until appropriate written notification and proof thereof is submitted to the Liquidating Trustee, and the Liquidating Trustee may continue to pay all amounts to or for the benefit of the Beneficiaries until receipt of proper written notification and proof of any such transfer. The Liquidating Trustee may rely upon such written proof without the requirement of any further investigation.

    **(b)** **No Assignment**. Neither the Debtors nor the Liquidating Trustee may assign this Agreement without the prior written consent of the other.

*Section 11.2* **Notices.** All notices to be given to Beneficiaries may be given by regular mail, electronic transmission, or delivered personally, to the holders at the addresses appearing on the books kept by the Liquidating Trustee. Other notices or other communication will be in writing and will be sent by registered or certified mail, return receipt requested (postage prepaid), transmitted electronically, sent by hand delivery or sent by facsimile (if receipt is confirmed), addressed as follows (with such address as may from time to time be provided in a written notice by each party):

| **Co-Counsel to the Debtors** | **Co-Counsel to the Debtors** |
|---|---|
| K&L Gates LLP | Saul Ewing LLP |
| 70 West Madison Street, Suite 3100 | 222 Delaware Avenue, Suite 1200 |
| Chicago, Illinois 60602 | P.O. Box 1266 |
| Telephone: (312) 372-1121 | Wilmington, DE 19899 |
| Facsimile: (312) 827-8000 | Telephone: (302) 421-6800 |
| **Attn: Sven T. Nylen** | Facsimile: (302) 421-6813 |
| | **Attn: Mark Minuti** |
| **United States Trustee** | **Counsel to the Liquidating Trustee** |
| Office of the United States Trustee | Benesch, Friedlander, Coplan & Aronoff LLP |
| 844 King Street, Suite 2207 | PNC Bank Center |
| Wilmington, DE 19801 | 222 Delaware Avenue, Suite 801 |
| **Attn: Richard Schepacarter, Esq.** | Wilmington, DE 19801 |
| | Telephone: (302) 442-7005 |
| | Facsimile: (302) 442-7012 |
| | **Attn: Raymond H. Lemisch** |

*Section 11.3* **No Bond**. Notwithstanding any state law to the contrary, the Liquidating Trustee (including any successor) and the Disbursing Agent will be exempt from giving any bond or other security in any jurisdiction.

*Section 11.4* **Governing Law; Submission to Jurisdiction; Service of Process**. This Agreement will be construed in accordance with and governed by the internal substantive law of the State of Delaware, regardless of the laws that might otherwise govern under principles of conflict of laws applicable thereto. The Bankruptcy Court will have exclusive jurisdiction over any dispute arising out of or in connection with the transactions contemplated by this Agreement. The parties to this Agreement consent to the exclusive jurisdiction of the Bankruptcy Court (and of the appropriate appellate courts therefrom) in any such dispute and irrevocably waive, to the fullest extent permitted by law, any objection that they may now or hereafter have to the laying of the venue of any such dispute in the Bankruptcy Court or that any such dispute brought in the Bankruptcy Court has been brought in an inconvenient forum. This Agreement is subject to any order or act of the Bankruptcy Court applicable hereto. Process may be served on any party anywhere in the world, whether within or without the jurisdiction of any court to which the parties have submitted herein.

*Section 11.5* **Successors and Assigns**. This Agreement will inure to the benefit of and will be binding upon the parties hereto and their respective successors and permitted assigns.

*Section 11.6* **No Execution**. All funds in the Liquidating Trust will be deemed in custodia legis until such times as the funds have actually been paid to or for the benefit of a Beneficiary, and no Beneficiary or any other person can execute upon, garnish or attach the Liquidating Trust Assets or the Liquidating Trust in any manner or compel payment from the Liquidating Trust except by order of the Bankruptcy Court. Payment will be solely governed by the Plan and this Agreement.

*Section 11.7*  **Amendment**. This Agreement may be amended only by order of the Bankruptcy Court.

*Section 11.8*  **Severability**. If any term, provision, covenant or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable or against its regulatory policy, the remainder of the terms, provisions, covenants and restrictions contained in this Agreement will remain in full force and effect and will in no way be affected, impaired or invalidated.

*Section 11.9*  **Effectiveness**. Notwithstanding prior execution, this Agreement shall not be effective until the Effective Date.

*[Signature page follows.]*

IN WITNESS WHEREOF, the parties have executed this Agreement (or are deemed to have so executed this Agreement) on the date first written above and effective as of the Effective Date of the Plan.

Universal Building Products, Inc.
Accubrace, Inc.
Don De Cristo Concrete Accessories, Inc.
Form-Co, Inc.
Universal Form Clamp, Inc.

By: _____
Name: Gregory Waller
Title: Authorized Officer Signatory of the Debtors


LIQUIDATING TRUSTEE

By:_____
    Myron A. Bloom

17

IN WITNESS WHEREOF, the parties have executed this Agreement (or are deemed to have so executed this Agreement) on the date first written above and effective as of the Effective Date of the Plan.

Universal Building Products, Inc.
Accubrace, Inc.
Don De Cristo Concrete Accessories, Inc.
Form-Co, Inc.
Universal Form Clamp, Inc.

By: _____
Name: Gregory Waller
Title: Authorized Officer Signatory of the Debtors


LIQUIDATING TRUSTEE
By: */s/ Myron A. Bloom*
Myron A. Bloom

17