IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNIVERSAL BUILDING PRODUCTS, INC., et al.,[1] | ) ) ) | Case No. 10-12453 (MFW) |
| | ) | Jointly Administered |
| Debtors. | ) ) | Related to Docket No. 463 |
| | ) | |

## ~~PROPOSED~~ ORDER CONFIRMING THIRD MODIFIED JOINT LIQUIDATING PLAN OF UNIVERSAL BUILDING PRODUCTS, INC. AND CERTAIN OF ITS SUBSIDIARIES PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

This matter comes before the Court on the request of the above-captioned debtors to confirm the *Third Modified Joint Liquidating Plan of Universal Building Products, Inc. and Certain of its Subsidiaries Pursuant to Chapter 11 of the United States Bankruptcy Code* dated January 31, 2011 (Docket No. 463) (the "*Plan*").[2] The Court has reviewed the pleadings and other materials submitted in support of confirmation of the Plan, listened to oral arguments of interested parties at the Confirmation Hearing or their counsel, reviewed the testimony of witnesses and other evidence admitted at the Confirmation Hearing, and taken notice of the pleadings, orders, and proceedings in these Chapter 11 Cases.

The Court has also reviewed: (a) the *Declaration of Jeffrey S. Stein of The Garden City Group, Inc. Certifying the Methodology for the Tabulation of Votes and Results of Voting with Respect to the Debtors' Third Modified Joint Liquidating Plan* dated March 6, 2011, on file with the Court reflecting (i) service of the Debtors' solicitation package to creditors entitled to vote on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Universal Building Products, Inc. (7884); (ii) Accubrace, Inc. (3418); (iii) Don De Cristo Concrete Accessories, Inc. (7547); (iv) Form-Co, Inc. (0079); and (v) Universal Form Clamp, Inc. (3003). The address of the Debtors' corporate headquarters is 15172 Goldenwest Circle, Westminster, California 92683.

[2] Capitalized terms not otherwise defined herein shall have the meaning provided in the Plan.

E-491723 v5

the Plan; (ii) service of notice of the Confirmation Hearing on potential parties in interest that are not entitled to vote on the Plan; and (iii) certifying voting and tabulation of ballots accepting and rejecting the Plan.

After due deliberation and sufficient cause appearing therefore, IT IS HEREBY ORDERED THAT:

A.  **General Decrees and Implementation**

1. The Debtors' solicitation of acceptances or rejections of the Plan was in compliance with all applicable requirements of section 1126(b)(1) and (2) of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018.

2. Subject to the terms of this Confirmation Order, the Plan is hereby confirmed and each and every provision contained therein is approved in its entirety. All objections to confirmation of the Plan that have not previously been withdrawn or otherwise resolved are hereby overruled.

3. The holders of Claims in impaired Classes 1, 2, and 4 have voted to accept the Plan in the numbers and amounts required by section 1126(b) of the Bankruptcy Code.

4. The holders of Claims in impaired Class 3 have voted to reject the Plan. The holders of Intercompany Claims in impaired Class 5 are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. The Equity Interests in impaired Class 6 are also deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Notwithstanding the foregoing, the Debtors have demonstrated that that the Plan does not discriminate unfairly, and is fair and equitable, with respect to each Class of Claims or Equity Interests that is impaired under, and has not accepted, the Plan in accordance with section 1129(b) of the Bankruptcy Code.

5. The Liquidating Trust Agreement, together with any and all amendments, modifications, and supplements thereto, and all annexes, exhibits, and schedules thereto, and all terms and conditions thereof, is hereby approved.

6. Myron Bloom is approved and is authorized to act as the Liquidating Trustee.

7. There were no objections to: (a) the solicitation procedures used by the Debtors in connection with acceptances or rejections of the Plan or (b) confirmation of the Plan other than the objection filed by Harris County and the informal comments provided by R&R Contracting and Chartis Inc., each which has been resolved as set forth in this Confirmation Order or overruled for the reasons set forth on the record of the confirmation hearing. The Debtors have informed counsel to Harris County that the Debtors consider the Claim of Harris County, including its statutory interest of 1% per month, to be a potential Priority Tax Claim, and will be treated as such under the Plan if Allowed; provided, however, that the rights of the Debtors and the Liquidating Trustee to object to the Claim of Harris County on appropriate grounds shall be reserved.

8. Notwithstanding the terms of the Plan, the Effective Date shall not occur until the Debtors and the Committee file a notice of Effective Date. If the Debtors ultimately determine that the Effective Date will not occur, the Debtors shall file a notice that the Effective Date has not occurred, and the terms of this Confirmation Order shall be vacated and be null and void, and the Debtors and holders of Claims and Equity Interests shall stand in the same position in which each such Person would have stood if this Confirmation Order had not been entered. Notwithstanding this provision, this Court finds that it is more likely than not that the Effective Date will occur and that section 1129(a)(11) of the Bankruptcy Code is satisfied.

**B.  Certain Matters Relating to Implementation of the Plan**

## Certain Corporate Matters

9. The Debtors shall be authorized to execute any agreements or documents and to take or direct such actions as may be necessary or appropriate on behalf of the Debtors to effectuate and further evidence the terms and conditions of the Plan.

10. All matters provided for under the Plan involving any corporate action to be taken by, or required of, the Debtors, shall be deemed to have occurred and be effective as provided in the Plan, and shall be authorized and approved in all respects without any requirement for further action by the stockholders or directors of any such entities.

11. This Confirmation Order constitutes all authority, if any, required by the General Corporation Law of the State of Delaware or the General Corporation Law of the State of California, as applicable, and any other applicable business corporation, trust, and other laws, rules or regulations of the applicable Governmental Units with respect to the implementation and consummation of the Plan.

## Institution and Maintenance of Legal and Other Proceedings

12. The Liquidating Trustee shall be a party in interest in all further proceedings relating to the Chapter 11 Cases of the Debtors. Upon the occurrence of the Effective Date, the Liquidating Trustee shall be considered officially appointed and substituted for the Debtors or Debtor with respect to pending objections to Claims and with respect to each other pending matter in which either the Debtor or Debtors are then parties.

13. No judicial, administrative, arbitration, or other action or proceeding shall be commenced against the Liquidating Trustee in its official capacity, with respect to its status, duties, powers, acts, or omissions as Liquidating Trustee in any forum other than this Court without the prior permission of this Court.

**No Transfer Taxes**

14. Pursuant to 11 U.S.C. § 1146, any instrument of transfer under the Plan (including transfers from the Debtors to the Liquidating Trust or Liquidating Trustee) shall not be taxed under any law imposing a stamp or similar tax, and any state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and shall accept for filing and recordation any of the instruments or other documents without the payment of any such tax or governmental assessment.

C. **Discharge, Releases, Injunctions, and Exculpation**

15. The discharge, release, injunction, and exculpation provisions set forth in Article X of the Plan are approved. All Entities are hereby permanently enjoined from enforcing or attempting to enforce any such contractual, legal, and equitable subordination rights satisfied, compromised, and settled pursuant to Article X.B of the Plan. All Entities are permanently enjoined from the commencement or prosecution, whether directly, derivatively, or otherwise, of any Claims, Equity Interests, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities released pursuant to the Plan. Notwithstanding the foregoing, the releases and injunctions set forth in Article X of the Plan are subject to the *Agreed Order Granting the Motion of R&R Contracting, L.L.C. for Relief from the Automatic Stay* dated as of March 8, 2011.

D. **Executory Contracts**

16. Any executory contracts and unexpired leases not previously rejected by the Debtors pursuant to section 365 of the Bankruptcy Code shall be deemed to have been rejected by the Debtors on the Effective Date. Notwithstanding the foregoing or the terms of the Plan, the Liquidating Trustee may file a motion to assume any insurance policies provided by Chartis

Inc. and all of its subsidiaries (collectively, "*Chartis*") by no later than ten (10) business days after the Effective Date. The rights of the Liquidating Trustee and Chartis are reserved with respect to (i) such motion to assume, including as to the issue of the amount of as well as the curing any defaults thereunder, and (ii) whether or not any of the Chartis policies constitute executory contracts. If the Liquidating Trustee does not file a motion to assume a Chartis policy within ten days after the Effective Date, such policy not so assumed will be deemed rejected as of the Effective Date, to the extent such policies are executory contracts.

17. With respect to executory contracts and unexpired leases that are deemed rejected as a result of the Plan and this Confirmation Order, the Effective Date of such rejection shall be deemed to be the Effective Date and any Claim for rejection damages shall be filed no later than thirty (30) days after the Effective Date, and such deadline shall be set forth specifically in the notice of Effective Date.

E. **Administrative Claims Bar Date**

18. As of the Effective Date, the Liquidating Trustee is authorized to pay non-Professional Administrative Claims incurred in the ordinary course in his business judgment. As set forth in the Plan, any holders of non-Professional Administrative Claims whose claims are not paid in the ordinary course (such as asserted section 503(b)(9) claims) shall file an application for payment of such asserted Administrative Claim by no later than thirty (30) days after the Effective Date, and such deadline shall be set forth specifically in the notice of Effective Date.

19. Professionals shall file final applications for payment of Professional Fee Claims by no later than forty-five (45) days after the Effective Date, and such deadline shall be set forth specifically in the Notice of Effective Date.

F. **Retention of Jurisdiction**

20. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, this Court shall retain and shall have jurisdiction in accordance with the Plan.

21. The Liquidating Trust shall be subject to the continuing jurisdiction of this Court in accordance with the requirements of section 468B of the Internal Revenue Code and the regulations issued pursuant thereto.

G. **Miscellaneous**

22. On and after the Confirmation Date, the Debtors shall be empowered and authorized to take or cause to be taken, prior to the Effective Date, all actions necessary to enable them to implement effectively the provisions of the Plan. Notwithstanding the occurrence of the Effective Date, representatives of the Debtors, including the Debtors' Professionals, may take action necessary to implement the Plan as agreed by the Liquidating Trustee.

23. As of the Effective Date, all fees payable pursuant to 28 U.S.C. § 1930(a)(6) will be paid by the Liquidating Trustee. All fees payable pursuant to 28 U.S.C. § 1930(a)(6) will thereafter be paid by the Liquidating Trustee in accordance with applicable law until the issuance of a final decree pursuant to section 350 of the Bankruptcy Code. In addition, the Liquidating Trustee Representative shall file any and all post-confirmation reports required by Bankruptcy Rule 2015 and the guidelines issued by the Office of the United States Trustee.

24. Except as otherwise expressly provided in the Plan or otherwise Allowed by Final Order of this Court, no interest, penalty, or late charge arising after the Petition Date shall be Allowed on any Claim, including any Disputed Claim, or portion thereof, which becomes an Allowed Claim.

25. The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect, and enforceability of such provision and each such provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan.

26. The performance of all obligations which shall be due and owing on the Effective Date pursuant to the terms of the Plan shall constitute substantial consummation of the Plan within the meaning of section 1101(2) of the Bankruptcy Code. Notwithstanding any closing of the Chapter 11 Cases, the Liquidating Trustee or the Debtor representative (as referred to in Article IV.F of the Plan) may move to reopen the Chapter 11 Cases for the purpose of seeking relief pursuant to the retained jurisdiction of the Bankruptcy Court provided herein, in the Plan or under applicable law.

27. Notwithstanding Article XI.K of the Plan, in the event of any inconsistency between and/or among the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern. Article XI.K shall be considered amended in accordance herewith.

28. The stay under Bankruptcy Rule 3020(e) is hereby waived and this Confirmation Order shall be effective immediately. Unless this Confirmation Order is stayed pending appeal, its reversal or modification shall not affect the validity of the Plan or any other agreement, document, instrument, or action authorized by this Confirmation Order or under the Plan as to the Debtors or any other Entity acting in good faith, whether or not that Entity knows of the appeal.

29. If the Effective Date occurs within ten (10) days of the date hereof, the Debtors or Liquidating Trustee may file and serve a combined notice of confirmation and Effective Date. If

the Effective Date does not occur by such time, the Debtors shall then file and serve a notice of confirmation in accordance with Bankruptcy Rule 3020.

Dated: Wilmington, Delaware
        March 8, 2011

                                                                                 United States Bankruptcy Judge